IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
MICHAEL L. BUESGENS                      )
3112 Windsor Road                        )
#A 322                                   )
Austin, TX 78703                         )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )   Case No. 1:06-CV-1558
                                         )   Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al.         )
                                         )
    and                                  )
                                         )
COLLEEN M. KELLEY,                       )
NATIONAL PRESIDENT,                      )
NATIONAL TREASURY EMPLOYEES UNION        )
1750 H Street, NW                        )
Washington, DC 20006                     )
                                         )
        Defendants.                      )
_____)
```

**DEFENDANT KELLEY'S MOTION TO DISMISS
ON THE BASIS OF COLLATERAL ESTOPPEL**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant Colleen Kelley (Kelley) hereby moves this Court to dismiss the claims filed against her in this civil action.

As shown in the accompanying memorandum, plaintiff Buesgens raises the same claims in his September 1, 2006 complaint that he raised in his December 5, 2005 complaint. This Court dismissed the prior claims for lack of subject matter jurisdiction. Buesgens is thus precluded from now pursuing

those same claims in his current complaint.  Accordingly, the Court should dismiss Buesgens's current complaint on the basis of collateral estoppel.

WHEREFORE, defendant Kelley respectfully requests that this Court dismiss all of Buesgens's claims against her.

Respectfully submitted,

/s/ Gregory O'Duden
_____
GREGORY O'DUDEN
General Counsel
Bar No. 254862


/s/ L. Pat Wynns
_____
L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


/s/ Julie M. Wilson
_____
JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL L. BUESGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-1558 |
| ) | Judge: Royce C. Lamberth |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| and ) | |
| ) | |
| COLLEEN M. KELLEY, ) | |
| NATIONAL PRESIDENT, ) | |
| NATIONAL TREASURY EMPLOYEES UNION ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS
ON THE BASIS OF COLLATERAL ESTOPPEL**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant Colleen M. Kelley (Kelley) hereby submits this memorandum in support of her motion to dismiss the complaint in this action, filed pro se by plaintiff Michael L. Buesgens (Buesgens) on September 1, 2006. Because plaintiff Buesgens raises the same claims in the current complaint that he raised in his December 5, 2005 complaint, and this Court dismissed the prior claims for lack of subject matter jurisdiction, Buesgens is precluded from pursuing the claims in his September 1, 2006 complaint. Accordingly, the Court should dismiss Buesgens's current complaint on the basis of collateral estoppel.

**Background**

On December 5, 2005, plaintiff Buesgens filed a complaint in this Court against multiple agency defendants and Colleen M. Kelley, President of the National Treasury Employees Union (NTEU or Union), alleging, among other things, that defendant Kelley and NTEU "failed to represent [him] fairly under Title VII retaliation provisions." Pl. Compl. (dated 12/5/05) at 36.[1] Buesgens further asserted that NTEU engaged in "discriminatory representation" by purportedly 1) negotiating collective bargaining agreements that have the effect of denying him equal opportunities for employment; 2) failing to act affirmatively to prevent IRS from discriminating against EEO complainants generally; 3) failing to process EEO grievances like other grievances; and 4) failing to effectively represent EEO complainants by permitting the EEO director to discriminate against them. Pl. Compl. (dated 12/5/05) at 36-37.

On January 13, 2006, defendant Kelley filed a timely motion to dismiss the complaint. Kelley argued that the Court lacked jurisdiction over Buesgens's claims against her because the allegations were nothing more than a charge that defendant Kelley and NTEU breached a duty of fair representation, over

---

[1] Courts routinely take judicial notice of prior proceedings in a pending matter. Clay v. Equifax, Inc., 762 F.2d 952, 956 (11th Cir. 1985) (citing 6 Moore Federal Practice § 56.15[7]).

which the Federal Labor Relations Authority had exclusive jurisdiction.

In a May 9, 2006 decision, the Court agreed that Buesgens's claims amounted only to a claim that NTEU breached its duty of fair representation, and, thus, were claims over which the Court lacked subject matter jurisdiction. Therefore, the Court dismissed the complaint against defendant Kelley in its entirety. Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006).

Plaintiff Buesgens has now filed a second complaint in this Court against defendant Kelley and NTEU. In the second complaint, dated September 1, 2006, Buesgens again asserts that NTEU failed to represent him and discriminated against him. Pl. Compl. (dated 9/1/06) at 17. Buesgens, however, did not provide in his September 1, 2006 complaint a background section or other factual context outlining how these alleged failures occurred. Rather, on page 48 of that complaint, Buesgens states: "the factual allegations did occur and are documented in court filings and other records." The only other court filing against defendant Kelley and NTEU is the December 5, 2005 complaint. The allegations of which are described above.

**Issue**

Whether Buesgens is precluded from relitigating the asserted claims against defendant Kelley because the Court previously determined that it lacked subject matter jurisdiction over those same claims.

**Argument**

I.  **Standard of Review**

In reviewing a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations."  Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004); see also Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged").  A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Because the plaintiff in this action is proceeding pro se, the Court must liberally construe all arguments set forth in his complaint.  See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

Nevertheless, it is the plaintiff's burden of persuasion to establish the existence of subject matter jurisdiction.

6

Reynolds v. U.S. Capitol Police Board, 357 F. Supp. 2d 2, 8 (D.D.C. 2004).  While it is recognized that pro se pleadings shall be construed liberally by the court, the pleader must allege a claim that falls within the court's jurisdiction.  Logan v. Dep't of Veterans Affairs, 357 F. Supp. 2d 149, 153 (D.D.C. 2004).

**II. Buesgens's Claims Against Defendant Kelley Are Barred by the Doctrine of Collateral Estoppel.**

    **A. The standards for establishing the application of collateral estoppel**

The objective of the doctrine of collateral estoppel (or issue preclusion) is judicial finality.  Yamaha Corp. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992).  The Supreme Court has thus emphasized the importance of collateral estoppel: it fulfills "the purpose for which civil courts had been established, the conclusive resolution of disputes within their jurisdiction."  Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n.6 (1982).

Under collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the same parties.  Montana v. United States, 440 U.S. 147, 153 (1979).  The D.C. Circuit's three standards for establishing the preclusive effect of a prior holding are: "First, the same issue now being raised must have been contested

by the parties and submitted for judicial determination in the prior case. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination." <u>Yamaha Corp.</u>, 961 F.2d at 254 (internal citations omitted). With regard to the third prong, the D.C. Circuit has found that such unfairness would occur "when the losing party clearly lacked incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude." <u>Id.</u>

More specifically to this case, the D.C. Circuit has held that a "party alleging jurisdiction in a second action will be precluded from relitigating any issue of fact or law determined against it in the first action which it had the full opportunity to litigate." <u>GAF Corp. v. United States</u>, 818 F.2d 901, 913 (D.C. Cir. 1987). Although Rule 41 of the Federal Rules of Civil Procedure provides that a dismissal for lack of jurisdiction will not operate as "an adjudication on the merits," it will preclude relitigation of the precise issues of jurisdiction leading to the dismissal in the first case. <u>Reynolds</u>, 357 F. Supp. 2d at 10 (citing <u>GAF Corp.</u>, 818 F.2d at 913). Thus, where the jurisdictional issues were "'actually litigated,' i.e., contested by the parties and submitted for

8

determination by the court, and then 'actually and necessarily determined by a court of competent jurisdiction,'" the plaintiff's claims may be barred by collateral estoppel. Id.; McLaughlin v. Bradlee, 803 F.2d 1197, 1201-02 (D.C. Cir. 1986).

> **B. The doctrine of collateral estoppel precludes relitigation of the same jurisdictional issues that formed the basis for a previous dismissal**

In his prior complaint, Buesgens made two principal assertions against defendant Kelley and NTEU. First, he claimed that NTEU failed to represent him. Pl. Comp. (dated 12/5/05) at 36. Second, he claimed that NTEU engaged in "discriminatory representation" by purportedly negotiating improper collective bargaining agreements; failing to prevent IRS from discriminating against EEO complainants; failing to process EEO grievances; and failing to effectively represent EEO complainants. Id. 36-37. This Court dismissed all of those claims. It concluded that the Court lacked subject matter jurisdiction over the claims against defendant Kelley and NTEU because such claims constituted a charge that NTEU breached its duty of fair representation, for which the Federal Labor Relations Authority has exclusive jurisdiction. Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006).

Buesgens now attempts to relitigate the claims at issue in his December 5, 2005 complaint. In almost identical language to that in his first complaint, Buesgens lists NTEU's alleged

9

failure to represent him and NTEU's alleged discrimination (presumably against him) as causes of action in his September 1, 2006 complaint.  Buesgens undoubtedly had the opportunity to litigate the asserted claims during the adjudication of his first complaint.  On January 13, 2006, defendant Kelley filed a motion to dismiss Buesgens's December 5, 2005 complaint; Buesgens filed an opposition to that motion--totaling 34 pages--on January 23.  See No. 05-cv-2334, doc. no. 22.[2]  In addition, in the context of his December 2005 complaint against defendant Kelley, plaintiff Buesgens also filed a motion to file a supplemental complaint (dated Feb. 17, 2006); a motion for summary judgment (dated Mar. 23, 2006); and a motion for reconsideration of the Court's May 9, 2006 decision and order (dated May 17, 2006).  Id. at doc. nos. 24, 38 & 56.  Buesgens clearly took advantage of every possible opportunity to litigate the jurisdictional issue.  Thus, because the Court's jurisdiction over Buesgens's claims was actually and necessarily decided in the prior case and Buesgens has provided no evidence that he lacked either the incentive or opportunity to litigate the issue of jurisdiction in that case, this Court lacks jurisdiction on the basis of collateral estoppel over plaintiff Buesgens's current claims.

---

[2] Defendant Kelley requests that the Court take judicial notice of the docket sheet in Buesgens's prior case, No. 05-cv-2334.  See fn 1.

Moreover, Buesgens cannot remedy the jurisdictional defect identified in the original complaint, i.e., the Court's lack of subject matter jurisdiction over Buesgens's claims against defendant Kelley and NTEU.  By asserting that the relevant factual allegations are documented in previous court filings (e.g., his first complaint), Buesgens necessarily concedes that his September 1, 2006 claims against defendant Kelley and NTEU are the same as those in his December 5, 2005 complaint.  Pl. Compl. (dated 9/1/05) at 48.  Because it is well established that the Federal Labor Relations Authority has exclusive jurisdiction over those claims, Buesgens is precluded from bringing the claims before any court.  <u>Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263</u>, 489 U.S. 527, 529-36 (1989).

## Conclusion

In conclusion, Buesgens's current claims against defendant Kelley must be dismissed because plaintiff Buesgens is barred on the basis of collateral estoppel from asserting claims that were dismissed by this Court in a prior action.

Respectfully submitted,

/s/ Gregory O'Duden
_____
GREGORY O'DUDEN
General Counsel
Bar No. 254862

/s/ L. Pat Wynns
_____
L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson
_____
JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL L. BUESGENS          ) | |
|                              ) | |
|     Plaintiff,              ) | |
|                              ) | |
|   v.                         ) | Case No. 1:06-CV-1558 |
|                              ) | Judge: Royce C. Lamberth |
| UNITED STATES OF AMERICA, et al. ) | |
|                              ) | |
|     and                      ) | |
|                              ) | |
| COLLEEN M. KELLEY,           ) | |
| NATIONAL PRESIDENT,          ) | |
| NATIONAL TREASURY EMPLOYEES UNION ) | |
|                              ) | |
|     Defendants.             ) | |
| _____) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served, by first class mail, a copy of DEFENDANT KELLEY'S MOTION TO DISMISS ON THE BASIS OF COLLATERAL ESTOPPEL; the MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS; and the PROPOSED ORDER on the following person:

Michael L. Buesgeus
3112 Windsor Road
#A 322
Austin, TX 78703


10/04/06                                          /s/ Geri Khan
_____                                        _____
Date                                              Geri Khan
                                                  Legal Assistant

13