UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS )<br>RUDOLFO LIZCANO )<br>           )<br>   Plaintiffs, )<br>           )<br>   v.       )<br>           )<br>UNITED STATES OF AMERICA, et al., )<br>           )<br>   Defendants. )<br>_____ ) | Civil Action No: 06-1558 (RCL) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER OF VENUE**[1]

Defendants respectfully move to dismiss this case for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, res judicata or, in the alternative, Defendants move to transfer this case to the Western District of Texas, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a). In support of this Motion, Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and the attached declaration of Michael L. Salyards, Acting Area Counsel for General Legal Services for the Department of Treasury, Internal Revenue Service, in Dallas, Texas, and a proposed order.

Plaintiff should take notice that to the extent that this Motion is treated as one for summary judgment, any factual assertions contained in the attached Memorandum in Support of

---

[1] Although the Federal Defendants have not been served with Plaintiff's Complaint, we are filing the instant motion in light of Plaintiff Buesgens's motion to consolidate, which is pending before the Judicial Panel for Multidistrict Litigation ("Judicial Panel"). An oral argument on Plaintiff's motion to consolidate is scheduled for November 30, 2006. See Exhibit 1 (Notice of Hearing Session). Plaintiff previously filed a motion to consolidate with the Judicial Panel, however, it was deemed moot in light of this Court's Order in Civil Action No. 05cv2334, issued May 9, 2006, wherein the Court granted the Federal Defendants' motion to transfer the case to the Western District of Texas. See Exhibit 2 (Order Deeming Motion Moot).

this Motion and supporting exhibits will be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).[2]

                                                Respectfully submitted,

                                                s/
                                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                United States Attorney

                                                s/
                                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                Assistant United States Attorney

                                                s/
                                                KAREN L. MELNIK, D.C. BAR # 436452
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                Civil Division
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
                                                (202) 307-0338

---

[2] Defendant has attached several exhibit for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over Plaintiff's claims and whether venue is proper in this District. It is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS ) | |
| RUDOLFO LIZCANO ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 06-1558 (RCL) |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER OF VENUE

In Plaintiffs' forty-three page, handwritten complaint, wherein they list fifty-six Defendants, it appears that Plaintiffs are alleging a multitude of misdeeds that can generally be described as "negligence, misfeasance, and non-feasance." See Complaint at 14 ¶ 4. Essentially, Plaintiffs submit a laundry list of one-sentence grievances against the Internal Revenue Service ("IRS"), relating primarily to the denial of their EEO and Federal Tort Claims Act ("FTCA") complaints. See Complaint ¶¶ 15-22, 27-28. These are the same allegations that Plaintiff Buesgens made in his last complaint, Civil Action No. 05cv2334. However, as the Federal Defendants pointed out in their previous motion to dismiss in that case, Plaintiff Buesgens currently lives in the State of Texas. See Complaint at 1. Plaintiff Lizcano's prior lawsuits indicate that he also lives in the State of Texas.[3] In addition, Plaintiff Buesgens has three active

---

[3] According to PACER, in Civil Action Nos. 03mc0044 and 03cv0661, wherein Plaintiff sued, among many others, the IRS, Plaintiff Lizcano listed his address as 1614 Walnut Ave., McAllen, Texas 78501.

civil cases pending in the Western District of Texas.[4]  These cases involve the same parties and make the same or similar allegations as the ones contained in the instant Complaint.

This case should be dismissed because the Court lacks subject matter jurisdiction over Plaintiffs' claims.  Plaintiff Buesgens's claims arise from the same set of facts as his lawsuit pending in the Western District of Texas.  In addition, an alleged failure to process an EEO claim properly is not actionable under Title VII.  Title VII does not create an independent cause of action for the mishandling of an employee's discrimination complaints.

Moreover, this case should be dismissed, or in the alternative transferred to the Western District of Texas, because the claims arose in that district and because the relevant employment records and witnesses are located in that district.[5]  Plaintiffs did not work in the District of Columbia, the action they complain of did not happen in the District of Columbia, and as shown in the attached declaration, Plaintiff Buesgens's employment records are not kept in this district.  Accordingly, the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars Plaintiffs from proceeding with their lawsuit in this District.

Lastly, to the extent that Plaintiff Lizcano makes any claims, they should be barred based on the principles of res judicata, because United States District Court Judge Sparks has already dismissed them.  In sum, this Court should dismiss this action pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), or in the alternative transfer it to the Western District of Texas pursuant to 28 U.S.C. § 1404(a) or 1406(a).

---

[4] Plaintiff Buesgens's active civil cases in the Western District of Texas include Civil Action Nos. 05cv243, 06cv226, and 06cv738.

[5] Plaintiffs admit that Mr. Lizcano's allegations involve "the same cast of characters," the "same time frame," and the "same location."  See Complaint at 21

**BACKGROUND**[6]

Plaintiff Buesgens was employed by the Internal Revenue Service ("IRS"), Wage & Investment Division, as a seasonal GS-0962-08 Contact Representative in Austin, Texas. See Declaration of Michael Salyards ("Salyards Decl.") (attached hereto as Exhibit 3) at ¶ 2. Plaintiff Buesgens began his employment with the IRS on October 22, 1990, and worked in Austin, Texas his entire IRS career. See id. Plaintiff Buesgens retired from the IRS on disability on March 7, 2005. See id. On April 5, 2005, Plaintiff Buesgens filed a Complaint in the United States District Court for the Western District of Texas alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability (depression). See Exhibit 4. Plaintiff Buesgens filed three administrative EEO complaints concerning these issues that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing. See Salyards Decl. at ¶ 5. EEOC Administrative Judge Robert Powell issued a bench decision on January 21, 2004, finding no discrimination. See id. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. See id. Plaintiff Buesgens filed an appeal with the EEOC, which was denied on December 29, 2004. See id. A request for reconsideration was also denied on February 18, 2005. See id.

---

[6] The instant Complaint contains no specific facts relating to Plaintiff Lizcano's employment. However, in Civil Action No. 03cv661, the government filed a motion to dismiss on behalf of the Federal Defendants wherein it lists several undisputed facts, citing Plaintiff Lizcano's Complaint. These facts include the following: (1) Lizcano was employed at the IRS Service Center in Austin, Texas for approximately twenty years; (2) on July 15, 2002, Lizcano resigned from IRS employment; and (3) on May 23, 2003, Lizcano was removed from Federal service. See Exhibit 5 (Motion to Dismiss). On December 14, 2004, the Honorable Sam Sparks, United States District Judge in the Western District of Texas, entered judgment for the Federal Defendants. See Exhibit 6 (Order) and Exhibit 7 (Judgment).

On May 31, 2005, Plaintiff Buesgens filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding administrative hearings before the EEOC judges is not neutral and is biased toward the agency.  See Salyards Decl. at ¶ 7.  On December 6, 2005, Plaintiff Buesgens filed a "Motion to Supplement the Record with Additional Complaint" to assert a claim under the Freedom of Information Act against the Department of Treasury seeking damages for the agency's handling of an alleged FOIA request.  See id.

Plaintiff Buesgens filed Civil Action No. 05cv2334 in this District on December 5, 2005.  See PACER.  In that case as in this one, Plaintiff seemed to be dissatisfied with the EEO process in Texas.  Specifically, Plaintiff complained that "[t]he EEO complaint process 'in house' investigations, administrative hearings, OPM oversight and TIGTA investigations are a farce and a mockery of Congress intent in creating the Civil Rights Act and the Rehabilitation Act."  See Complaint in Civil Action No. 05cv2334 at 26 (emphasis in original).  On May 9, 2006, this Court granted the Federal Defendants' motion to transfer Plaintiff Buesgens's case to the Western District of Texas.  See PACER.

For the reasons that follow, Plaintiffs' lawsuit should be dismissed because (1) the Court lacks subject matter jurisdiction over Plaintiffs' claims, and (2) Plaintiffs fail to state a claim upon which relief can be granted.  Finally, this case should be dismissed for improper venue or, in the alternative, transferred to the Western District of Texas.

**ARGUMENT**

I.     **This Court Lacks Subject Matter Jurisdiction Over This Case.**

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. In connection with this rule, defendants have submitted herewith materials from plaintiff's cases before the Western District of Texas and a declaration concerning venue.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing*

Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). The Court must resolve all factual doubts in favor of the Plaintiff and allow the Plaintiff the benefit of all inferences. *See* EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in Plaintiff's favor. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Kowal, 16 F.3d at 1276. Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts. Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996). Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; *see also* Papasan v. Allain, 478 U.S. 265, 286 (1986).

As an initial matter, Plaintiff Buesgens's claims in this District arise from the same set of facts as the lawsuits he has filed in the Western District of Texas, and contain the same allegations as the lawsuit that this Court has previously transferred to the Western District. As noted above, Plaintiff Buesgens's Texas Amended Complaint alleges that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before the EEOC judges is not neutral and is biased toward the agency. The United States Court of Appeals for the District of Columbia Circuit noted that: "separate parallel proceedings have been long recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d

346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")).  Where two actions involving the same parties and identical issues are pending in different federal district courts, the United States Supreme Court has stated that the "general principle is to avoid duplicative litigation."  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted).

That is exactly the situation here.  The Court should dismiss this case in order to avoid the unnecessary time and expense of litigating the same claim between the same parties in two different districts.  In addition, dismissal would prevent the potential that juries may reach inconsistent results if the claims proceed in two separate cases.  The Court may, in its discretion, dismiss a case that is also raised in another proceeding.  Handy, 325 F.3d at 350-51.[7]

As noted above, and in the Federal Defendants' prior motion to dimiss, the essence of Plaintiff Buesgens's allegations is his dissatisfaction with the EEO process in Texas and/or a reiteration of his substantive discrimination and retaliation claims which are pending in Texas. For example, he cites "violations of EEOC regulations, and O.P.M. regulations by agencies and government employees."  See Complaint at 16 ¶ 10.  He also cites "agency and employees refusing Buesgens reasonable accomodation and reassignment."  See id. at 17 ¶ 13.

---

[7] Handy involved review of the District Court's dismissal of a lawsuit also brought in D.C. Superior Court and noted that federal courts should decline jurisdiction over such cases only in "exceptional circumstances."  Here, however, Plaintiff brought similar claims in parallel federal lawsuits in two different districts.  Consistent with the D.C. Circuit's direction, here the Court should dismiss the claims in this case that currently are pending in earlier-filed actions in the Western District of Texas.

An alleged failure to process an EEO claim properly is not actionable under Title VII. Stewart v. Evans, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling of EEO complaint is not an adverse action); Kilpatrick v. Riley, 98 F. Supp. 2d 9, 24 (D.D.C. 2000) ("untimely decision on Mr. Kilpatrick's 1997 EEO complaint does not constitute an actionable adverse personnel action within the meaning of Title VII"); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for discrimination. It does not create an independent cause of action for the mishandling of an employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992). See also Anthony v. Bowen, 848 F.2d 1278 (D.C. Cir. 1988) (denying claim for attorney's fees under Title VII where fees were incurred to challenge processing of EEO complaint), cert. denied, 489 U.S. 1011 (1989).

Plaintiffs' only available relief relating to their underlying discrimination and retaliation claims is to file a complaint in the Western District of Texas (which they did) seeking a trial de novo, as Title VII does not permit Plaintiffs to challenge the processing of their EEO claims. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint and it fails to state a claim for which relief may be granted. Accordingly, this action should be dismissed.

**II.     This Action Should Be Dismissed Or Transferred For Improper Venue**.

Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3). That provision sets forth the exclusive requirements for venue in Title VII actions. See Stebbins v. State Farm Mut. Ins. Co.,

413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title VII] was limited by the statute which created the right."). Section 2000e-5(f)(3) provides that Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal office" (but only if defendant "is not found" in any of the three preceding districts). The District of Columbia does not meet any of the four conditions for venue.

First, the alleged unlawful employment practice was not committed in this district. Both Plaintiffs were employed by the Internal Revenue Services in Austin, Texas. See Salyards Decl. at ¶ 2; Exhibit 5 at 2. Second, none of Plaintiff Buesgens's employment records (and presumably none of Plaintiff Lizcano's employment records) are maintained and administered in the District of Columbia. See id. at ¶ 4. Plaintiff Buesgens' relevant employment records are located in the Western District of Texas. See id. at ¶ 3. In addition, the relevant management witnesses in this case are located in the Western District of Texas. Id. Third, as noted above, neither Plaintiff would have worked in this District at the time period identified in the Complaint. See Salyards Decl. at ¶ 2; Exhibit 5 at 2. Fourth, Plaintiffs cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because Defendants' principal offices are located in this District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at 1103 ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his

- 9 -

principal office.'"). In the present case, Defendants can be "found" and subject to suit in the Western District of Texas, where both Plaintiffs worked before they retired. Accordingly, pursuant to 28 U.S.C. § 1406(a), this case should either be dismissed or, should this Court determine it to serve the interest of justice, transferred to the Western District of Texas.

### III. To The Extent Plaintiff Lizcano Is Attempting To Relitigate Claims Previously Decided, He Is Barred By Principles of Res Judicata.

Based upon the undersigned Assistant's knowledge of Plaintiff Buesgens's prior lawsuit, it appears that the instant Complaint is his work alone. To the extent that Plaintiff Lizcano is attempting to relitigate the claims he raised in Civil Action No. 03cv661 (Western District of Texas - Austin), he is barred by the principles of res judicata. In that case, he asserted various constitutional and statutory actions based upon his former employment with the IRS in Austin, Texas. See Exhibits 5 and 6. As noted above, United States District Judge Sparks entered judgment on behalf of the Federal Defendants.

Under the related doctrines of res judicata and collateral estoppel, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been finally decided; and once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action. Allen v. McCurry, 449 U.S. 90, 94 (1980); United States v. Mendoza, 464 U.S. 154 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); American Employers Insurance Company v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984); I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company, 723 F.2d 944, 947 (D.C. Cir. 1983).

Res judicata bars a claim where there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979). Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2003); I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-47 (D.C. Cir. 1983). "The doctrines of res judicata and collateral estoppel are designed to 'preclude parties from contesting matters that they have had a full and fair opportunity to litigate.'" Carter v. Rubin, 14 F Supp.2d 22, 33 (D.D.C. 1998) (citing Montana v. United States, 440 U.S. 147, 153-54 (1979)). Res judicata acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981). As explained by the Supreme Court:

> [T]he doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

Nevada v. United States, 463 U.S. 110, 129-30 (1983) (quoting Cromwell v. Sac County, 94 U.S. 351, 352 (1876)). "The final 'judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.'" Id. at 130 (quoting CIR v. Sunnen, 333 U.S. 591, 597 (1948)).

To determine whether the doctrine of res judicata applies, the Court must decide (1) whether the parties are identical or in privity with each other in both suits; (2) whether the

present claim is the same as a claim that was raised or might have been raised in the first proceeding; (3) whether a judgment was issued in the first action by a court of competent jurisdiction; and (4) whether the earlier decision was a final judgment on the merits. See Paley v. Estate of Ogus, 20 F.Supp. 2d 83, 87 (D.D.C.1998) (citing U.S. Indus., Inc. v. Blake Constr. Co., 765 F.2d 195, 205 n. 21 (D.C. Cir.1985)).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. United States v. Mendoza, 104 S. Ct. at 571; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

It is unclear what Plaintiff Lizcano is litigating here, however, it is clear that the same Federal Defendants are involved in this case as in Civil Action No. 03cv661. Plaintiff Lizcano does not allege that he has filed any claims against the Federal Defendants at the adminstrative level since his last one was decided against him. The ruling against him bars Plaintiff from relitigating his claims in this Court.

**IV.    Even If Venue Were Proper In This District, This Case Should Be Transferred For Convenience And In The Interest Of Justice.**

The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C.

§ 1406(a). In the alternative, if the Court were to determine that venue is proper here under the standards set forth in Title VII, this case should nevertheless be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice. See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996). Each of these conditions is satisfied in the present case.

Plaintiffs may properly have brought this action in the Western District of Texas, where Plaintiffs worked at all relevant times, pursuant to the third prong of the Title VII venue statute in § 2000e-5(f)(3). Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Western District of Texas. "Although Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." See Claasen at *6 (holding that where plaintiff lived "in close proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and ordering that case be transferred).

In addition, Plaintiffs' choice of forum is entitled to less weight when, as here, that forum is outside of Plaintiffs' home jurisdiction. Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989). Plaintiffs live in Texas. Many of the witnesses and agency officials with knowledge about Plaintiffs' allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas.

<u>See</u> Salyards Decl. at ¶¶ 2-3, Exhibit 5 at 2. Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer is in the interest of justice.

## CONCLUSION

The Court should either dismiss this action or transfer it to the Western District of Texas.

Respectfully submitted,

   s/                                      
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   s/                                      
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/                                      
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on November ___, 2006, I served a copy of the foregoing Federal Defendants' Motion to Dismiss or for Transfer of Venue, a supporting memorandum, and a proposed Order by first class mail, postage pre-paid, to the following:

> Michael L. Buesgens
> 3112 Windsor Road
> Austin, Texas 78703

_____
KAREN L. MELNIK, D.C. Bar #436451
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338