IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODOLFO LIZCANO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. A-03-CV-661-SS |
| | § | |
| UNITED STATES OF AMERICA; | § | |
| U.S. DEPARTMENT OF THE TREASURY, | § | |
| INTERNAL REVENUE SERVICE; | § | |
| JOHN W. SNOW; MARK W. EVERSON; | § | |
| CHARLES O. ROSSOTTI; NINA E. OLSON; | § | |
| LINDA E. STIFF; JOHN C. DUDER; | § | |
| JOHN M. DALRYMPLE; | § | |
| RICHARD R. AUBY; DANIEL PALACIOS; | § | |
| ROSEMARY GUZMAN; | § | |
| THOMAS R. LEGER; BARRY D. HOWE; | § | |
| CHARLES HERNDON; | § | |
| EDDA A. FAHLUND; SUSAN SERRANO; | § | |
| VERDA L. HENDERSON; and | § | |
| ROBERTA L. SHUMWAY, | § | |
| Defendants. | § | |

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

NOW COME Defendants Auby, Dalrymple, Duder, Everson, Fahlund, Guzman, Henderson, Herndon, Howe, Leger, Olson, Palacios, Rossotti, Serrano, Shumway, Snow, and Stiff (collectively referred to as "the Individual Defendants"), by and through the U.S. Attorney for the Western District of Texas, and submit this Motion to Dismiss. In support thereof, the Individual Defendants respectfully offer the following:

### I. STATEMENT OF THE CASE

On June 13, 2003, Plaintiff Rodolfo Lizcano ("Lizcano"), proceeding *pro se* and *in forma pauperis*, initiated this civil action against nineteen defendants in the Southern District of Texas,

McAllen Division. In general, Lizcano asserts various constitutional and statutory actions based upon his former employment with the Internal Revenue Service ("IRS") in Austin, Texas. As recompense for the alleged violations, Lizcano seeks unspecified damages, declaratory relief, and injunctive relief.

On September 12, 2003, the federal court in McAllen *sua sponte* transferred venue of this action to this Court. (Clerk's Document #1). On September 23, 2003, Magistrate Judge Capelle granted *in forma pauperis* status to Lizcano and ordered service upon all defendants. (Clerk's Document #2). Pursuant to the September 23rd Order, service was effected upon the defendants. Thus, the instant motion is provided on behalf of these Individual Defendants.[1]

## II. UNDISPUTED FACTS

For purposes of this motion alone, the following facts are undisputed:

1. Lizcano was employed at the IRS Service Center in Austin, Texas for approximately twenty years. (Pl's. Compl. at ¶ 4.1).

2. On July 15, 2002, Lizcano resigned from IRS employment (Pl's. Compl. at ¶ 4.1).

3. On May 23, 2003, Lizcano was removed from Federal service. (Pl's. Compl. at ¶ 4.13).

4. On June 13, 2003, Lizcano instituted this civil action.

5. Lizcano fails to allege any appeal of an adverse personnel action to the U.S. Merit Systems Protection Board ("MSPB").

6. Lizcano fails to allege the submission of an administrative claim to an appropriate Federal agency pursuant to the Federal Tort Claims Act.

---

[1] A separate motion to dismiss on behalf of the governmental entities (*i.e.* the United States and the U.S. Department of the Treasury, Internal Revenue Service) has been filed.

7. Lizcano has failed to exhaust his administrative remedies regarding his claim of reprisal discrimination and whistleblower retaliation. (Pl's. Mot. to Stay).

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows the court to dismiss a case for lack of subject matter jurisdiction. A district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as the standard for reviewing dismissals for failure to state a claim under Rule 12(b)(6). *See Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992). That is, the moving party bears the burden of showing that the plaintiff can prove no set of facts consistent with the allegations in the complaint which would entitle it to relief. *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999).

Additionally, the Fifth Circuit has cautioned that a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 246 (5th Cir. 1979). Instead, a court may consider matters outside the pleadings that are attached to a motion to dismiss without first converting the motion into a motion for summary judgment if the attachments are pertinent to the issue of the court's jurisdiction. *Id.*; *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

## IV. GROUNDS FOR MOTION[2]

The Individual Defendants now move for the dismissal of this action pursuant to FED. R. CIV. P. 12(b) because the Court lacks subject matter jurisdiction over Lizcano's claims and because Lizcano has failed to state a claim against these immune defendants.

### A. The Individual Defendants, As Federal Officials, Are Entitled to Sovereign Immunity.

Sovereign immunity bars all lawsuits against the United States in the absence of express Congressional consent. *Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 280 103 S.Ct. 1811 (1983); *Lehman v. Nakshian*, 453 U.S. 156, 160-61, 101 S.Ct. 2698 (1981). "This immunity extends to the government's officers and agencies." *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990); *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002). Thus, Lizcano can only maintain his claims where he can point to a specific waiver of sovereign immunity.

### B. Lizcano Cannot Sue the Individual Defendants for Whistleblowing.

The Whistleblower Protection Act of 1989 ("WPA") amends the Civil Service Reform Act ("CSRA") and protects government employees from retaliation for disclosing potentially embarrassing or damaging information about governmental operations. *See* 5 U.S.C. § 2302(b)(8). Because the CSRA, including the WPA, is a comprehensive remedial scheme, it precludes causes of action relating to the type of employment disputes covered by the statute. "[I]t is clearly established in the Fifth Circuit that FTCA and *Bivens* claims under the First Amendment by employees regarding employment actions covered by the CSRA are precluded." *Grisham v. United*

---

[2] An additional ground for dismissal is Section 1915(e) which allows a court to dismiss an *in forma pauperis* complaint if the claim is frivolous, fails to state a claim, and/or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

*Rodolfo Lizcano Indiv Def's Mot. to Dismiss*                                                                        Page 4

*States*, 103 F.3d 24, 26 (5th Cir. 1997); *see also Burrell v. United States Postal Serv.*, 164 F.Supp.2d 805, 807 (E.D. La. 2001).

Moreover, the CSRA does not allow Lizcano to sue individual defendants. *See Saul v. United States*, 928 F.2d 829 (9th Cir. 1991) (holding that the CSRA bars a federal employee from pursuing claims against other employees in their individual capacities); *Lee v. Hughes*, 145 F.3d 1272 (11th Cir. 1998) (holding that CSRA bars federal employee from suing supervisors in their individual capacities). Therefore, Lizcano's purported whistleblower claim must be dismissed for lack of subject-matter jurisdiction and failure to state a claim.

**C.  Lizcano Cannot Sue the Individual Defendants Under 26 U.S.C. § 7431.**

Lizcano cannot proceed against the Individual Defendants under 26 U.S.C. § 7431. The sole proper defendant under Section 7431 is the United States. Thus, no claim can be stated against individual defendants for alleged violations of 26 U.S.C. § 7431. *Mid-South Music Corp. v. Kolak*, 756 F.2d 23, 25 (6th Cir. 1984); *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999).

**D.  Lizcano Cannot Sue the Individual Defendants Under the Privacy Act.**

A plaintiff may only bring an action against an "agency" under the Privacy Act. 5 U.S.C. § 552a(g) (allowing "civil action against the agency"). Because individual government employees are not proper defendants, Privacy Act actions against them should be dismissed. *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989); *Petrus v. Bowen*, 833 F.2d 581, 582-83 (5th Cir. 1987).

**E.  Lizcano Has Failed to State a Civil RICO Claim Against the Individual Defendants.**

Lizcano fails to state a civil RICO claim against the Individual Defendants. RICO violations under 18 U.S.C. § 1962 entail "(1) a person who engages in (2) a pattern of racketeering activity, (3)

*Rodolfo Lizcano, Indiv. Def's. Mot. to Dismiss*                                                              Page 5

connected to the acquisition, establishment, conduct, or control of an enterprise." *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir.1995) (citing *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir.1988)). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir.2000). The predicate acts can be either state or federal crimes. 18 U.S.C. § 1961(1).

Here, Lizcano fails to allege the necessary RICO elements. First, he fails to allege a RICO person, who must be "one that either poses or has posed a continuous threat of engaging in the acts of racketeering." *Crowe*, 43 F.3d at 204. Second, Lizcano fails to allege any "racketeering activity" as defined by the statute. A failure to plead a necessary RICO element results in dismissal. *See In re Mastercard Int'l*, 313 F.3d 257, 264 (5th Cir. 2002) (affirming dismissal of civil RICO action for failure to plead predicate acts). Additionally, Lizcano lacks standing to sue under RICO. It is well-settled in the Fifth Circuit that individuals who are terminated or have suffered a constructive discharge (as Lizcano alleges) as a result of reporting RICO violations do not have standing to sue their employers under RICO. *Cullom v. Hibernia Nat'l Bank*, 859 F.2d 1211, 1214-15 (5th Cir. 1988).

In sum, Lizcano cannot overcome the motion to dismiss hurdle. "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). This is especially true for RICO claims. *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir.1988). Moreover, a RICO plaintiff must plead the specified facts as to each defendant. The plaintiff cannot avoid Rule 12(b)(6) by "lumping together the defendants." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir.1988). Because

Lizcano's RICO claim falls woefully short of the pleading requirements, the claim should be dismissed for failure to state a claim.

F.  **State Law Torts.**

It is well established that federal officials are not subject to liability for common law torts allegedly committed in the course and scope of their employment. 28 U.S.C. § 2679 (immunizing federal employees from liability for their negligent or wrongful acts or omissions while acting within the scope of office or employment); *Barr v. Mateo*, 360 U.S. 564, 571-75, 79 S.Ct. 1335 (1959). Instead, the FTCA provides the exclusive remedy for tort claims arising from actions taken by federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1).

Lizcano cannot maintain a FTCA claim. First, the FTCA requires a plaintiff, prior to the institution of suit, to submit an administrative claim to the appropriate Federal agency. 28 U.S.C. § 2675(a); *see also Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). It is settled law that the presentation of an administrative claim complying with Section 2675 and the FTCA regulations is a non-waivable jurisdictional requirement. *McNeil v. United States*, 508 U.S. 106, 110-13, 113 S. Ct. 1980, 1983-1984 (1993). Here, Lizcano's failure to submit an administrative claim (see Undisputed Fact #6) requires dismissal. Second, Fifth Circuit precedent clearly establishes that a FTCA claim regarding employment actions which are covered by the CSRA are precluded. *Grisham*, 103 F.3d at 26. Therefore, Lizcano's purported common law torts must be dismissed against these Individual Defendants.

G.  **Lizcano Has Failed to State a Constitititutional Tort Against these Individual Defendants.**

As federal officials, the Individual Defendants are entitled to the defense of qualified immunity for constitutional torts. The qualified immunity defense affords government officials not

just immunity from liability, but immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 525-26, 105 S.Ct. 2806, 2815 (1985). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* Thus, the threshold inquiry is whether the facts alleged show the officer's conduct violated a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991). If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Saucier v. Katz*, 531 U.S. 991, 121 S.Ct. 2151, 2156 (2001).

Additionally, *Bivens* cases require specific pleading and may not consist of mere conclusory allegations unsupported by facts. *Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir. 1996); *see also Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). Thus, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439 (5th Cir. 1999).

Here, Lizcano fails to provide specificity on how each defendant allegedly violated his constitutional rights. Moreover, because there are alternate avenues of redress available to Lizcano (*i.e.* Privacy Act, Title VII, and civil service remedies under the CSRA and the WPA) and because of Lizcano's failure to plead specifically, his constitutional torts must be dismissed. *Saucier*, 121 S.Ct. at 2156 (reasoning that, if the allegations do not establish the violation of a constitutional right, the officer is entitled to immunity); *see also Bush v. Lucas*, 462 U.S. 367, 378-79 n.14, 103 S.Ct. 2404 (1983); *Grisham v. United States*, 103 F.3d at 26 (holding that the CSRA precludes a First Amendment claim by an aggrieved federal employee); *Baddour v. United States*, 802 F.2d 801, 809

(5th Cir. 1986) (holding that no constitutional tort arises from the collection of federal income taxes and IRS official is entitled to qualified immunity). Because Lizcano has no actionable claim under the Constitution against these Individual Defendants, they are entitled to dismissal for failure to state a claim.

H.  **Lizcano Has No Private Right of Action Under FMLA.**

Lizcano has no claim under FMLA Title I (29 U.S.C. § 2617). (Pl's. Compl. at ¶ 1.4). As a 20-year employee (see Undisputed Fact #1), Lizcano is covered by Title II, which does not provide a private right of action. *Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999); *accord Mann v. Haigh*, 120 F.3d 34 (4th Cir. 1997). Therefore, Lizcano's FMLA claim should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

## V. PRAYER

ACCORDINGLY, the Individual Defendants respectfully request that the Court grant the instant motion and dismiss all of Plaintiff's claims against them.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: *Daniel M. Castillo*
DANIEL M. CASTILLO
Assistant United States Attorney
State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, TX 78701
(512) 916-5858 / 916-5854 (fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, DANIEL M. CASTILLO, do hereby certify that a true and correct copy of the above and foregoing **Individual Defendants' Motion to Dismiss** has been served by placing same in the United States mail, Certified Return Receipt Requested postage prepaid, on this the 23rd day of December, 2003, addressed to:

Rodolfo Lizcano, *pro se*
1416 Walnut Ave.
McAllen, TX 78501-4239

*Daniel M. Castillo*
DANIEL M. CASTILLO
Assistant United States Attorney

Charles Tetreault
Office of the General Counsel
Library of Congress
James Madison Memorial Building
Washington, D.C. 20540-1050
Phone: 202-707-1595