IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RUDOLFO LIZCANO,

        Plaintiff,

-vs-

UNITED STATES OF AMERICA, U.S.
DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE, JOHN W.
SNOW, MARK W. EVERSON, CHARLES O.
ROSSOTTI, NINA E. OLSON, LINDA E. STIFF,
JOHN C. DUDER, JOHN M. DALRYMPLE,
RICHARD R. AUBY, DANIEL PALACIOUS,
ROSEMARY GUZMAN, THOMAS R. LEGER,
BARRY D. HOWE, CHARLES HERNDON,
EDDA A. FAHLUND, SUSAN SERRANO,
VERDA L. HENDERSON, and ROBERTA L.
SHUMWAY,

        Defendants.

Case No. A-03-CA-661-SS

### ORDER

BE IT REMEMBERED on the __8th__ day of March 2004 the Court reviewed the file in the above-styled cause, and specifically the United States and Treasury Department's "Partial Motion to Dismiss"[#26] filed December 23, 2003, and the individual defendants' Motion to Dismiss [#28] filed December 23, 2003, and the plaintiff Lizcano's reply filed on February 25, 2004, and thereafter, enters the following:

IT IS ORDERED that the Partial Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. It is clear from the pleadings to date that the plaintiff Lizcano represents that he did not mean to file a cause of action for the termination of his employment and he

admits that he cannot bring a RICO cause of action against the United States. Therefore, the causes of action for termination of employment and RICO liability are DISMISSED. The remainder of the partial motion to dismiss is DENIED without prejudice to the filing of a motion for summary judgment based on an evidentiary record.

The individual defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. First, it is clear that none of the employees can be sued in their official capacities as the doctrine of sovereign immunity precludes the same. In the allegations, there is no specific statute pleaded which would establish any exception to sovereign immunity. Therefore, all causes of action against the defendants in their official capacities are DISMISSED.

In addition, until the circuit authority establishes otherwise, the undersigned continues to hold there is no private cause of action against an employee under the Family Medical Leave Act. *See Seaman v. CSPH, Inc.*, 1997 WL 361652 (N.D.Tex. June 23, 1997), *aff'd*, 197 F.3d 297 (5th Cir. 1999). And, there is no cause of action available against any employee under the Whistleblower Act as applicable to federal employees. Further, Mr. Lizcano's pleadings do not allege any claims under the Federal Torts Claim Act and, therefore, there is no subject matter jurisdiction with regard to any alleged torts against these individual defendants. Hence, no state tort causes of action can be brought against them.

Mr. Lizcano pleads no specific allegation of any constitutional right violation in his attempted *Bivens* pleadings, therefore, these allegations are also defective. And finally, it cannot be ascertained from these preliminary pleadings whether Mr. Lizcano can appropriately allege a 7431 claim or Privacy Act claim and he is, therefore, allowed fifteen

days from the date of this order to file an amended complaint setting out in detail his allegations in this case against any defendant in light of this order.

Regarding the RICO cause of action, there is attached to this order a set of court interrogatories to be completed under oath by Mr. Lizcano within fifteen (15) days of the date of this order. Thereafter, the Court will determine whether a RICO cause of action is pleaded against any or all of the individual defendants.

IT IS THEREFORE ORDERED that all causes of action against the individual defendants and relating to the Family Medical Leave Act, the Federal Torts Claim Act, the Whistleblower Act, *Bivens* doctrine, and state tort claims are DISMISSED.

IT IS FURTHER ORDERED that the plaintiff Lizcano has fifteen (15) days in which to specifically replead in an amended complaint in light of this order. However, Mr. Lizcano is warned that if he pleads further against any individual defendant and it is established that he has no basis whatsoever to file any cause of action against any individual defendant, the Court will impose sanctions, including all costs and attorney's fees incurred in the representation of any individual defendant. The Court urges Mr. Lizcano to carefully consider his pleadings in the new complaint when he his allegations against any defendant.

SIGNED this the 8th day of March 2004.

_____
UNITED STATES DISTRICT JUDGE

-3-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

RUDOLFO LIZCANO,
          Plaintiff,

-vs-                                    Case No. A-03-CA-661-SS

UNITED STATES OF AMERICA, U.S. DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, JOHN W. SNOW, MARK W. EVERSON, CHARLES O. ROSSOTTI, NINA E. OLSON, LINDA E. STIFF, JOHN C. DUDER, JOHN M. DALRYMPLE, RICHARD R. AUBY, DANIEL PALACIOUS, ROSEMARY GUZMAN, THOMAS R. LEGER, BARRY D. HOWE, CHARLES HERNDON, EDDA A. FAHLUND, SUSAN SERRANO, VERDA L. HENDERSON, and ROBERTA L. SHUMWAY,
          Defendants.

## COURT INTERROGATORIES TO PLAINTIFF

1.    State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962 (a), (b), (c), and/or (d).

2    List each defendant and state the alleged misconduct and basis of liability of each defendant.

3.    List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4.    List the alleged victims and state how each victim was allegedly injured.

5.  Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a.  List the alleged predicate acts and the specific statutes that were allegedly violated;

    b.  Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c.  If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place, and contents of the alleged misrepresentations and the identity of the persons to whom and by whom the alleged misrepresentations were made;

    d.  State whether there has been a criminal conviction for violation of the predicate acts;

    e.  State whether civil litigation has resulted in a judgment with regard to the predicate acts;

    f.  Describe how the predicate acts form a "pattern of racketeering activity"; and

    g.  State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.  Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

    a.  State the names of the individuals, partnerships, corporations, associations, or other legal entities that allegedly constitute the enterprise;

    b.  Describe the structure, purpose, function, and course of conduct of the enterprise;

-2-

    c. State whether any defendants are employees, officers, or directors of the alleged enterprise;

    d. State whether any defendants are associated with the alleged enterprise;

    e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b. Describe the use or investment of such income.

-3-

    c.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(a).

12.    If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:

    a.    Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

    b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

13.    If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a.    State who was employed by or associated with the enterprise.

    b.    Describe how the liable defendants participated in the operation or management of the enterprise.

14.    If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.    Describe the alleged injury to plaintiff and/or alleged victim.

16.    Describe the alleged injury to each business or property.

17.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

18.    List the damages sustained by reason of the violation of § 1962, indicating the amount for which each defendant is allegedly liable.

19.    List all other federal causes of action, if any, and provide the relevant statute numbers.

20. List all pendent state claims, if any.

21. Provide any additional information you feel would be helpful to the Court in processing your RICO claim.

SIGNED this the ___8th___ day of March 2004.

                                                      UNITED STATES DISTRICT JUDGE