IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUSTIN DIVISION
2005 MAY 25 PM 4:39
WESTERN ... TEXAS
... OFFICE
BY AF

MICHAEL L. BUESGENS,
        Plaintiff,

-vs-                                      Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
        Defendant.

## ORDER

BE IT REMEMBERED on the 25th day of May 2005 the Court reviewed the file in the above-styled cause, and thereafter, enters the following:

On May 9, 2005, the Court entered its order confirming the recommendations and orders of the United States Magistrate Judge in denying Michael L. Buesgens' right to proceed in this case in forma pauperis and his request for appointment of counsel. On May 16, 2005, rather than paying the filing fee, Mr. Buesgens filed a notice of appeal, apparently intending to appeal the order of May 9, 2005. Subsequently, Mr. Buesgens filed a Notice of Request of Production of Documents for Early Discovery and Inspection [#15] on May 23, 2005. This case is presently on appeal in the United States Court of Appeals for the Fifth Circuit and, therefore, the Notice of Request of Production of Documents for Early Discovery and Inspection [#15] is STAYED pending the return of this case to the district court.

SIGNED this the 25th day of May 2005.

                                                    /s/ Sam Sparks
                                                  UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUN 03 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

MICHAEL L. BUESGENS,
    Plaintiff,

-vs-                                    Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
    Defendant.

## ORDER

Before the Court is Plaintiff's "Motion for Appointment of Counsel" [Document #6]. As explained in the Court's May 9, 2005 Order, the motion is denied.

Plaintiff has appealed the Court's denial of his motion for appointment of counsel. He seeks leave to proceed in forma pauperis on appeal. As explained in the Magistrate Court's April 26, 2005 Order, Plaintiff is not indigent and has the financial ability to pay the filing fee in this case. Accordingly, Plaintiff's request to proceed in forma pauperis on appeal is denied.

Plaintiff also requests the appointment of counsel on appeal. For the reasons specified in the Magistrate Court's April 26, 2005 Order and this Court's May 9, 2005 Order, which are incorporated herein, Plaintiff's request for counsel will be denied.

Finally, before the Court is Plaintiff's request to the Court to reverse its May 25, 2005 Order, staying Plaintiff's "Notice of Request of Production of Documents for Early Discovery and Inspection." As explained by the Court in the May 25, 2005 Order, this case is presently on appeal in the United States Court of Appeals for the Fifth Circuit. Plaintiff's "Notice of Request of

19

Production of Document for Early Discovery and Inspection" is stayed pending the return of this case to the District Court. Accordingly, Plaintiff's request to reverse the May 25, 2005 Order is denied.

It is therefore **ORDERED** that the "Motion for Appointment of Counsel," filed by Plaintiff on May 9, 2005, is **DENIED**.

It is therefore **ORDERED** that the "Request to Proceed In Forma Pauperis," filed by Plaintiff on May 16, 2005, is **DENIED**.

It is therefore **ORDERED** that the "Request [for] Appointment of Counsel," filed by Plaintiff on May 16, 2005, is **DENIED**.

It is therefore **ORDERED** that the request to reverse, filed by Plaintiff on June 1, 2005, is **DENIED**.

SIGNED this the 2nd day of June 2005.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY -3  PM 3:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

MICHAEL L. BUESGENS,
      Plaintiff,

-vs-                                                    Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
      Defendant.

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order:

1.    A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by **June 2, 2006**.

2.    The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **July 3, 2006**, and each opposing party shall respond, in writing, by **July 17, 2006**. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees at the conclusion of trial.

3.    The parties shall file all amended or supplemental pleadings and shall join additional parties by **August 2, 2006**.

4.    All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **July 3, 2006**.

Any opinion or testimony not contained in the summary will not be permitted at trial. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, a summary of testimony of any witness who will present any opinion in trial in an expert report by **July 18, 2006**. Any opinion or testimony not contained in the summary will not be permitted at trial. All designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert. The Fed. R. Civ. P. 26 standard is not applicable to this paragraph; it does not make any difference whether or not the expert witness is a " retained expert," as any opinion or testimony of any expert not contained in the summary will not be permitted at trial.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **eleven (11) days** of receipt of the written report of the expert's proposed testimony or within **eleven (11) days** of the expert's deposition, if a deposition is taken, whichever is later.

6. The parties shall complete all discovery on or before **October 2, 2006**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **October 9, 2006** and shall be limited to **ten (10) pages**. Responses shall be filed within **eleven (11) days** of the service of the motion and shall be limited to **ten (10) pages**. Any replies shall be filed within **eleven (11) days** of

-2-

the service of the response and shall be limited to **five (5) pages**, but the Court need not wait for the reply before ruling on the motion.

8.  This case is set for docket call **December 1, 2006, at 11:00 a.m.** and trial in the month of **December 2006**. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of trial.

SIGNED this the 27th day of May 2006.

*[signature]*
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY -3 PM 3: 07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

MICHAEL L. BUESGENS,
    Plaintiff,

-vs-                                      Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
    Defendant.

## ORDER

On March 6, 2006, the United States Court of Appeals for the Fifth Circuit entered its order affirming this Court's order declining to appoint counsel for the plaintiff Michael L. Buesgens in the above-captioned case. Now the mandate has issued and this case has now returned to the undersigned's docket.

IT IS THEREFORE ORDERED that the parties shall follow the scheduling order entered in this case on this date.

SIGNED this the 3rd day of May 2006.

                                                  _Sam Sparks_
                                                  UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 OCT 25 AM 11: 21
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

MICHAEL L. BUESGENS,
    Plaintiff,

-vs-                                    Case No. A-05-CA-243-SS

JOHN W. SNOW, Secretary of the Treasury,
    Defendant.

## ORDER

BE IT REMEMBERED on the 23rd day of October 2006, the Court held a hearing in the above-styled cause, and all parties appeared either in person or through counsel. Before the Court were the following pending motions, Plaintiff's Motion for Leave to Supplement Amended Complaint [#20], Plaintiff's Motion to Supplement the Record with Cause of Action and Jurisdiction Clarifications [#30], Plaintiff's Motion to Supplement the Record with Additional Complaint [#31], Plaintiff's Motion for Discovery and to Compel [#32], Plaintiff's Motion that the Court not Limit Plaintiff to 10 Pages [#69], Plaintiff's Motion for Relief on U.S. Attorney R. Barry Robinson and Objections to Witness/Exhibit List [#73], the EEOC's Motion to Quash Subpoena of Judge Powell [#90], the EEOC's Motion to Quash and Motion for Protection Regarding Plaintiff's Motion for Discovery and Disclosure [#91], and Plaintiff's Motion to Stay [#93]. Having considered the motions and the responses where present, the arguments at the hearing, the relevant law, and the case file as a whole, the Court now enters the following orders.

    IT IS ORDERED that Plaintiff's Motion for Leave to Supplement Amended Complaint [#20] and Plaintiff's Motion to Supplement the Record with Additional

Complaint [#31] are DENIED. Under Federal Rule of Civil Procedure 15(a) "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Before filing these two motions, Plaintiff had amended his complaint as a matter of course on May 31, 2005 [#17]. The Court denies both of these motions to amend because the Court finds that justice does not require amendment here; the claims Plaintiff seeks to add through these amendments are either duplicative of claims already asserted in this lawsuit or are patently frivolous.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement the Record with Cause of Action and Jurisdiction Clarifications [#30] is GRANTED. The causes of action presently pending before the Court and set for trial in December 2006 consist of Plaintiff's Title VII retaliation claim, Rehabilitation Act Claim, and claims regarding reasonable accommodation, hostile work environment, and retaliation stemming from his EEOC complaints filed on October 18, 2002, April 28, 2003, and July 1, 2003.

IT IS FURTHER ORDERED that Plaintiff's Motion for Discovery and to Compel [#32] is DENIED. This Court cannot compel production of records from outside of this district and Plaintiff seeks records from Federal Occupational Health Services in Bethesda, Maryland as well as two doctors located in Bethesda, Maryland. Plaintiff's motion is also defective under Local Rule CV-7(h) in that it

states "Buesgens made no attempt to contact opposing counsel" before filing the motion.

IT IS FURTHER ORDERED that Plaintiff's Motion that the Court not Limit Plaintiff to 10 Pages [#69] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Relief on U.S. Attorney R. Barry Robinson and Objections to Witness/Exhibit List [#73] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay [#93] is DENIED. Whether or not Donald R. Tawney, Plaintiff's supervisor and manager at the I.R.S. and a potential witness in this case, has filed for bankruptcy has no effect whatsoever on the progress of this case.

IT IS FURTHER ORDERED that Movant EEOC's Motion to Quash Subpoena of Judge Powell [#90] is GRANTED. Judge Powell may not be asked to testify about his rulings. *See Robinson v. Comm'r. of Internal Revenue*, 70 F.3d 34 (5th Cir. 1995) (affirming trial court's quashing of a subpoena seeking testimony from a state court judge regarding "his understanding and knowledge of the final judgment and what went into its determination" where "the whole purpose of the subpoena was to delve into the judge's mental processes." *Id.* at 38. The motion to quash is granted on a number of independent bases: (1) because Plaintiff may not question a judge about his mental processes in reaching a decision; (2) because the information Plaintiff seeks is covered by the deliberative thought process privilege; and (3) because compliance with the subpoena would be unduly burdensome.

-3-

IT IS FURTHER ORDERED that Movant EEOC's Motion to Quash and Motion for Protection Regarding Plaintiff's Motion for Discovery and Disclosure [#91] is GRANTED. Plaintiff is not entitled to receive information from other individuals' case files. The EEOC's motion for a protective order from further requests for information and/or documents is also granted.

IT IS FURTHER ORDERED that the EEOC shall file by **November 3, 2006,** an affidavit from an EEOC Administrator in San Antonio, Texas, certifying that a complete copy of the case record, including all exhibits and transcripts has been provided to Plaintiff, as well as any correspondence between Plaintiff and the EEOC subject to a subpoena.

SIGNED this the 24th day of October 2006.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE

-4-

 

**U.S. Department of Labor**
Office of the Solicitor

www.dol.gov/sol                                                              Search / A-Z Index

Find It!: By Topic | By Audience | By Top 20 Requested Items | By Form | By Organization | By Location

November 3, 2006    DOL Home > SOL > Privacy Act Systems > DOL/OASAM-17

# DOL/OASAM-17

SOL Home

About SOL
  The Solicitor
  Immediate Office
  National Divisions
  Regional Offices

Organization Charts
  Immediate Office
  National Divisions
  Regional Offices

Resources/
Information
  SOL Contacts
  FOIA (SOL)
  Privacy Act Systems

Newsroom
  Important SOL Briefs
  Labor Related
  Supreme Court Briefs
  Memoranda from the
  Office of the Solicitor

Laws/Regulations
  Major Labor Laws
  CFR (SOL sections)

Related Agencies
  DOL Agencies
  Federal Agencies

DOL Job
Opportunities
  Honors Program

Contact SOL

**SYSTEM NAME:**

Equal Employment Opportunity Complaint Files.

**Note:** Records in this system are covered in conjunction with EEOC's government-wide system EEOC/GOVT-1.

**SECURITY CLASSIFICATION:**

None.

**SYSTEM LOCATION:**

Civil Rights Center, OASAM, U.S. Department of Labor, 200 Constitution Avenue, NW, Washington, DC 20210. The Civil Rights Center maintains the primary system of records. However, Regional Civil Rights Offices maintain copies of complete or partial investigative reports and correspondence files, as well as settlement agreements and informal complaint forms. A portion of these complaint files are forwarded to and maintained in the Office of the Administrative Review Board (ARB).

**CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:**

Individuals, classes of individuals, or representatives designated to act on behalf of employees, former employees, or applicants of the Department who have consulted with an EEO Counselor and/or who have filed a formal complaint alleging discrimination on the basis of race, color, religion, sex, national origin, disability, age, and/or any basis covered by Executive Order 11478, as amended, because of a determination, decision, action, or the non-action administered against them by a departmental official, and individuals alleging reprisal for having previously participated in the EEO process.

**CATEGORIES OF RECORDS IN THE SYSTEM:**

Information and/or documents pertaining to pre-complaint processing, informal resolutions, formal allegations of discrimination, and investigations of complaints of discrimination. These records contain complainants' names, addresses, job titles and descriptions, dates of employment; agencies involved; counselor's reports; initial and supplemental allegations; letters and notices to individuals and organizations involved in the processing of the complaint; materials placed into the record to support or refute the alleged decisions; determination or actions taken; statements of witnesses; related correspondence; investigative reports, instructions on actions to be taken in order to comply with the provisions of a decision, opinions, recommendations, settlement agreements, proposed and final decisions.

**AUTHORITY FOR MAINTENANCE OF THE SYSTEM:**

Executive Order 11478, as amended; Secretary's Order 2-81 and 3-96; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e; the Equal Pay Act, as amended, 29 U.S.C. §206(d); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621; Sections 501, 504 and 508 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 791, 794(a) and 794(d); the Civil Service Reform Act of 1978, 5 U.S.C. 1101; and 29 CFR Part 1614.

**PURPOSE(S):**

These records are used to process, investigate and resolve discrimination complaints within the Department.

**ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND THE PURPOSES OF SUCH USES:**

The records in the complaint file are classified in three categories: correspondence, investigative, and transcripts. Records that are relevant and necessary may be disclosed:

1. To the responding official (RO) consistent with the instructions in EEOC's Complaint Processing Manual which provides that during the investigative process the responding official shall have access to documents in the correspondence file and the investigative file in which the official is identified and charged with discrimination or other wrong-doing. Names of and identifying information on persons other than the complainant and the RO should be deleted from copies of the documents shown to the RO. If the Department issues a final decision on the complaint rejecting the complainant's allegations against the RO, the RO does not have access to the entire complaint file. If the Department's decision concludes or implies impropriety on the part of the RO, the entire complaint file, with names and identifying information deleted where appropriate, must be made available to the RO. If the Department takes or proposes adverse action or other disciplinary action against the RO, only the records upon which the decision is based, without deletions, must be made available for his or her review.

2. To Federal agencies with jurisdiction over a complaint, including the Equal Employment Opportunity Commission, the office of Personnel Management, the Merit Systems Protection Board, the Office of Special Counsel, and the Federal Labor Relations Authority, for investigatory, conciliation or enforcement purposes.

3. To a physician or medical official for the purpose of evaluating medical documents in complaints of discrimination on the basis of disability.

**DISCLOSURE TO CONSUMER REPORTING AGENCIES:**

None.

**POLICIES AND PRACTICES FOR STORING, RETRIEVING, ACCESSING, RETAINING, AND DISPOSING OF RECORDS IN THE SYSTEM:**

**STORAGE:**

Records are maintained in manual and automated files.

**RETRIEVABILITY:**

Manual files are indexed by complainant's name and by the office case number. Automated files are retrieved by: office case number; complainant's name; fiscal year; current status of

complaint; region code; issue code; basis code; agency code; class action; relief code; EOS identification; Investigator identification.

**SAFEGUARDS:**

Manual records are maintained in secured file cabinets or in restricted areas, access to which is limited to authorized personnel. Automated files are controlled by means of identification numbers and passwords known only to the employees of the Civil Rights Center who are authorized to have access to such files.

**RETENTION AND DISPOSAL:**

Records are retained for a period of four years after the final disposition of a complaint, and then destroyed. An alphabetical record is kept of open complaints by name of the complainant, giving the basis of the complaint, the matter giving rise to the complaint, and the disposition.

**SYSTEM MANAGER(S) AND ADDRESS:**

Director, Civil Rights Center, OASAM, U.S. Department of Labor, 200 Constitution Avenue, NW, Washington, DC 20210.

**NOTIFICATION PROCEDURE:**

Individuals or organizations designated to act on behalf of individuals may write the system manager indicated above regarding the existence of records pertaining to them pursuant to 29 CFR 71.2. The inquirers should provide, as appropriate, their full name, the name of the employing agency and/or the agency in which the situation arose, if different than the employing agency, approximate date of filing complaint, region of complaint, complaint case number, the kind(s) of action(s) taken against them, and a notarized signature, or a notarized letter of consent when a person requests access on behalf of the individual who is the subject of the file.

**RECORD ACCESS PROCEDURES:**

Individuals or organizations designated to act on behalf of an individual wishing to gain access to records covered by the Privacy Act, shall follow the guidelines prescribed by 29 CFR Part 71, summarized here under "Notification procedures."

**CONTESTING RECORD PROCEDURES:**

Individuals wishing to contest information in their files may, pursuant to 29 CFR 71.9, shall write the system manager at the specified address above, reasonably identifying the record pertaining to them, the information which is being contested in that record, the corrective action(s) being sought, and the reasons for the correction(s).

**RECORD SOURCE CATEGORIES:**

Individual to whom the record pertains; official documents relating to the processing of a complaint, the informal and formal allegations, appeals of departmental decisions; and respondent agency officials, employees, and other witnesses.

**SYSTEMS EXEMPTED FROM CERTAIN PROVISIONS OF THE ACT:**

Under the specific exemption provided by 5 U.S.C. 552a(k) (2), this system of records is exempted from the following provisions of the Privacy Act: (c)(3), (d), (e)(1), (e)(4)(G), (H), and (I) and (f). Information from the complaint file may be denied in anticipation of a civil action or proceeding, in instances where premature release of documents could hamper the decision-making process, where the release of personal information about another employee may result in an invasion of personal privacy, and where release of confidential statements could lead to intimidation or harassment of witnesses and impair future investigations by making it more difficult to collect similar information. Personal information about other employees that are contained in the complainant's file because of its use as

comparative data such as: medical records, place and date of birth, age, martial status, home address and telephone numbers, the substance of promotion recommendations, supervisory assessments of professional conduct and ability, may be denied to the subject when it could cause embarrassment and/or harassment to the other employees.

🔺 Back to Top                                                                 www.dol.gov

**Freedom of Information Act**
Privacy & Security Statement | Disclaimers | E-mail to a Friend

**U.S. Department of Labor**                              **1-866-4-USA-DOL**
Frances Perkins Building                                   TTY: 1-877-889-5627
200 Constitution Avenue, NW                                        **Contact Us**
Washington, DC 20210