# U.S. MERIT SYSTEMS PROTECTION BOARD

## Office of the Clerk of the Board

1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

**October 24, 2006**

Mr. Robert J. Barnhart, Director
Compliance and Control Division
Equal Employment Opportunity
Commission
PO Box 19848
Washington, DC 20036

**EEOC Docket No:**  03A60130
**MSPB Docket No:**  DA-1221-06-0171-W-1

**RE**: Michael L. Buesgens v. Department of the Treasury

Dear Mr. Barnhart:

Because the appellant in the case shown above has filed an appeal with your office, we are enclosing a copy of the Board's administrative record of the appeal. We certify that the record is an accurate copy. This record is under my official custody and control on this date. If you have any questions regarding this record, please contact us.

The Board keeps the record in this appeal in a system of records subject to the Privacy Act, 5 U.S.C. 552a. The record is a part of a system of records entitled "Appeal and Case Records" announced by the Board in 61 FR 33946 dated July 1, 1996 as required by the Privacy Act. An MSPB case file does not constitute a public record because of its coverage under the Privacy Act. Only MSPB initial and final decisions in a case are public records. Access to MSPB case files is controlled in accordance with the law to protect the privacy interests of the subjects and the integrity of the files.

In your request for the record, you also asked the Board to inform you "if, and/or when a civil action or an action for review before the Federal Circuit Court in this case has been filed." We will inform you when we know that an appeal has been filed in the Federal Circuit. However, this office is not routinely informed when a civil action is filed and you may wish to contact the parties to obtain this information.

Sincerely,

*Jacquelyn Wilson*

Bentley M. Roberts, Jr.
Clerk of the Board

Enclosures: 3 Volumes

cc:    Michael L. Buesgens
3112 Windsor Rd., #A322
Austin, TX 78703

Department of the Treasury
Office of EO & Diversity Division
1750 Pennsylvania Avenue, NW
Room 8157D
Washington, DC 20220

# PAGE 1 OF 2

**TO: EEOC**

1. ROBERT BARNHART
2. NAOMI CRAIG
3. JUDGE ROBERT LYNN POWELL
4. JUDGE KATYE ONDERSTADT
5. MICHAEL LYNN SIKYAROS **-IRS.**
   GENERAL LEGAL SERVICES
6. RUSSELL BOKELMAN **- NTEU**
7. RICHARD ZORN **- FLRA**
8. JAMES BOOKER **- OSC**
9. JENNIFER RANDALL - ATTORNEY
10. JUDITH TAYLOR - ATTORNEY
11. ROBERT HARWIN - ATTORNEY

**EEOC DOCKET NO.**

1. 360 - 2003 - 08286X
2. 360 - 2006 - 00307
3. 032 0060130
   **AND**
4. 1:2005 CV 243 SS
5. 1:2005 CV 02334
6. 1:2006 CV 01558
7. M.S.P.B. DA-1221-06-0171-W-1
   **AND**

**EEOC**

8. ROBERT BARNHART, DIRECTOR COMPLIANCE AND CONTROL DIVISION, OFFICE OF FEDERAL OPERATIONS

AND

9. MARCIA H. COATES, DIRECTOR,

AND

10. MARIAN G. HARVEY, DIRECTOR

AND

11. MICHAEL L. BUESGEUS — **2005** CONTINUING VIOLATIONS — **EEO** COMPLAINT — DALLAS, TEXAS — JACKSONVILLE, FLORIDA — WASHINGTON, DC

**TO:** MERIT SYSTEMS PROTECTION BOARD
**M.S.P.B.** DOCKET **DA-1221-06-171-W-1**

OFFICE OF THE CLERK
1615 M STREET NW
WASHINGTON, DC 20419-0002

**2**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**


Michael L. Buesgens,
Petitioner,

v.

Henry M. Paulson, Jr.,
Secretary,
Department of the Treasury,
Agency.

Petition No. 0320060130[1]

MSPB No. DA1221060171W1


## DENIAL OF CONSIDERATION

Petitioner filed a timely petition with the Equal Employment Opportunity Commission asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning his claim of discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*

The record indicates that on January 3, 2006, petitioner filed an appeal with the MSPB. The MSPB issued an initial decision on March 31, 2006, dismissing the matter for lack of jurisdiction. Therein, the MSPB's Administrative Judge (AJ) explained that petitioner did not raise any claims within MSPB's jurisdiction. The AJ noted that petitioner specifically stated that he was not challenging his disability retirement (which he took in March 2005) nor was he raising a claim of constructive discharge. Petitioner sought review by the full Board, but his request was denied. Petitioner was not given appeal right to the Commission. Nonetheless, he filed the instant petition.

EEOC regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 *et seq.* The Commission has no jurisdiction over procedural matters of the Board. The Commission notes that it has, on occasion, "unmixed" claims where the MSPB has dismissed matters for a lack of jurisdiction in order to provide for

---

[1] Due to a new Commission data system, this case has been re-designated with the above-referenced petition number.

2                                                    0320060130

the adjudication of timely raised discrimination claims.   However, at the time of his appeal to the MSPB, petitioner was not an employee of the agency and had not been for over nine months. Petitioner made it clear that he was not appealing his retirement or raising a claim of constructive discharge.  Thus, he does not appear to be raising any matters within the Commission's jurisdiction in a timely manner.  Further, the Commission has adjudicated an earlier appeal from petitioner regarding reasonable accommodation and other claims. *See Buesgens v. Dept. of the Treasury,* Appeal No. 01A44842 (December 29, 2004), *request for reconsideration denied,* 05A50440 (February 18, 2005).  As such, the Commission declines to remand the matter for further processing.   Accordingly, for the reasons stated above, the Commission denies the instant petition for review.

## PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c).  **The grant or denial of the request is within the sole discretion of the Court.**  Filing a request for an attorney does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

OCT 2 6 2006
_____
Date

3                                                      0320060130

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Michael L. Buesgens
3112 Windsor Rd
#A322
Austin, TX  78703

Mariam G. Harvey, Director, EO Programs
Office of Equal Opportunity & Diversity Division
Department of the Treasury
1750 Pennsylvania Ave., NW  Rm: 8157D
Washington, DC  20220

Merit Systems Protection Board
Director, EEO
1615 M St., NW
Washington, DC  20419

OCT **2 6** 2006
Date

Equal Opportunity Assistant

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 10/31/2006 13:31
                                    NAME  : ESD NORTH CENTRAL
                                    FAX   : 5123396099
                                    TEL   : 5123396005
                                    SER.# : BROM4J175473
```

```
DATE,TIME                10/31  13:29
FAX NO./NAME             12026537130
DURATION                 00:01:33
PAGE(S)                  06
RESULT                   OK
MODE                     STANDARD
                         ECM
```

TO M.S.P.B.



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Sep 25, 2006

Michael L Buesgens
3112 Windsor Rd
#A322
Austin, TX  78703

Buesgens v. Treasury, Dept of
MSPB No : DA1221060171W1
Docket No: 03A60130   Recd Date: 092206

Dear Mr. Buesgens:

This will acknowledge receipt of the above referenced correspondence. The action checked below is necessary or has been taken.

/X /  Docketed and assigned the docket number listed above. Please refer to the docket number on all correspondence.

/ /  Please indicate the date you received the final MSPB decision and, if applicable, any reason for a delay in filing your petition.

/ /  ~~BUESGENS V. NTEU 360-2006-00307~~
     ~~9/7/2006    SEE LETTER~~

You are responsible for providing the Commission with any change of address while the case is in process. Failure to do so may result in the dismissal of your case. *MSPB. NO. OA-1221-06-0171-W-1*

You are responsible for informing the Commission if, and/or when, a civil action in this case has been filed. You must provide the name of the court, the civil action number and the present status of the litigation. If a court decision has been rendered, a copy of the court's opinion must be provided. *DISMISSAL AND NOTICE OF RIGHTS - EEOC*

If you have questions regarding the processing of this matter, please call the EEOC, Office of Federal Operations at (202) 663-4599 and ask to speak to the Attorney of the Week. *DATED  9/26/2006*

Sincerely,

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Federal Building
1919 Smith Street, 7ᵗʰ Floor
Houston, TX 77002-8049
(713) 209-3320
TTY (713) 209-3439
FAX (713) 209-3381

September 7, 2006

Michael Buesgens
500 East Stassney Lane, Apt. #1023
Austin, Texas 78745

Re:    Buesgens v. National Treasury Employees Union - 360-2006-00307

Dear Mr. Buesgens:

We have completed a careful review of the charge of employment  you filed against the above referenced Respondent.  Our review included an assessment of all the information offered by the employer and you.

As a result of our  review of the matter,  we have made a preliminary decision to dismiss the charge. Based on our review of the available evidence, we do not believe it can be established that the employer has discriminated against you based on your disability, subjected you to retaliation under the statute, or for any other reason prohibited by the laws we enforce.

The charge of discrimination alleges, "on or about May 15, 2002, and continuing, the NTEU has not made a formal request that I receive "Official Time" when I was in furlough status for my participation in my EEO complaints, reasonable accommodation requests, grievances and EEOC hearings against my employer the IRS. I was not informed that Official Time was available to me in accordance with EEO regulations (29 CFR 1614.605).  Throughout this time period the NTEU has failed to adequately represent me to protect my legal due process rights. I believe that the NTEU treats me differently because of my employee status being that of a seasonal employee. I believe all seasonal employees are not treated fairly by the NTEU."

Respondent contends that it does not believe that seasonal employees on furlough, i.e., non-duty, non-paid status, are entitled to official time.

Respondent contends that Section 1614.605, which addresses entitlement to official time and is cited by you in your complaint, provides that employees of a federal agency shall have a reasonable amount of official time, if otherwise on duty, to prepare and participate in EEO-related activities. The section also states: "The EEO complainant and representative, if employed by the agency and otherwise in pay status, shall be on official time when required to participate in EEO-related investigations or hearings. The language of Section 1614.605 thus makes clear that official

time shall be granted only to employees who are in a paid, duty status. Respondent further contends that seasonal employees on furlough do not satisfy this criterion.

Absent more specific indications of discrimination from you, we decline to take further action on the charge because there are no indications that further investigation will result in sufficient evidence to establish a violation.

If you have additional evidence to offer in support of your allegations, you should submit it in writing to ensure our receipt on or before **September 18, 2006,** and direct it to the attention my attention. I may be reached at 713-209-3410. If your charge is dismissed, the dismissal notice issued to the parties will explain that while we are not certifying that the employer is in compliance with the laws we enforce, our investigation has revealed insufficient evidence to warrant further processing of the charge. The dismissal notice will describe your right to pursue the matter by filing a lawsuit in federal court within 90 days of your receipt of the notice.

We hope this information is helpful to you.

Sincerely,

Marilyn Blackshear
Federal Investigator



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 27, 2006

**Via Federal Express**

Michael L. Buesgens
31 12 Windsor Road, #A322
Austin, Texas 78703

RE:    *Buesgens v. Snow*
Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

Enclosed, please find copies of the EEOC's Advisory to the Court and the Affidavits, which were filed with the court today.

Sincerely,

Jennifer Randall
Trial Attorney

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL L. BUESGENS,             §
                                 §
          *Plaintiff,*           §
                                 §
v.                               §          Civil Action No. 05-CV-00243-SS
                                 §
JOHN W. SNOW,                    §
                                 §
          *Defendant.*           §

## ADVISORY TO THE COURT - AFFIDAVITS

COMES NOW United States Equal Employment Opportunity Commission ("EEOC") and files this Advisory to the Court- Affidavits. The EEOC would show the Court the following:

1.     On October 23, 2006, the Court held a hearing regarding all pending matters in the above-referenced case. One of the issues discussed during the hearing was the EEOC's Motion to Quash Plaintiff's Subpoena of EEOC Administrative Judge Robert Powell.

2.     During the hearing, Plaintiff represented that the EEOC had not provided him with a copy of his EEOC case record. The Court ordered the EEOC to provide an affidavit from its custodian of records, representing that Plaintiff had been provided with a complete copy of his case record, and with copies of any correspondence between Plaintiff and the EEOC subject to a subpoena. The requested affidavits are attached as Exhibits 1, 2 and 3. The EEOC has provided Plaintiff with a complete copy of the case record, including all exhibits and transcripts, as well as any correspondence between Plaintiff and the EEOC subject to a subpoena.

3.    The EEOC notes that, in spite of Plaintiff's assertion that the EEOC has not

provided him with a copy of his case record, Plaintiff has been attaching

documents produced to him by the EEOC, and containing the EEOC Bates Stamp,

as exhibits to his filings.    *See e.g.* Plaintiff's Cross Motion for Summary

Judgment, Docket at 89, First Set of Exhibits, Pages 22-25, 28-35, 37-43.

Respectfully submitted,

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300


    /s/
JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 27th day of October 2006.

Michael L. Buesgens                     □ Hand Delivery

3112 Windsor Rd. #1322                  ☑ Federal Express

Austin, Texas 78703                     □ Certified Mail, Return Receipt Requested


R. Barry Robinson                       □ Hand Delivery

Assistant U.S. Attorney                 □ U.S. First Class Mail, Postage Prepaid

816 Congress Avenue Suite 1000          □ Certified Mail, Return Receipt Requested

Austin, Texas  78701                    ☑ Electronic Filing


_____/s/_____

JENNIFER RANDALL

# EEOC Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 05-CV-00243-SS |
| | § | |
| JOHN W. SNOW, | § | |
| | § | |
| *Defendant* | § | |

## Declaration of Katye Duderstadt

I, KATYE DUDERSTADT, state the following:

1. My name is Katye Duderstadt. I am over eighteen years of age and fully competent and able to testify in this proceeding. I have personal knowledge of the facts set forth below.

2. I am the Lead Administrative Judge for the San Antonio Field Office of the United States Equal Employment Opportunity Commission ("EEOC"). Prior to January 1, 2006, our office was the San Antonio District Office of the EEOC ("SADO") and I was the Supervisory Administrative Judge.

3. I am the official custodian of records for the San Antonio Hearings Unit. Pursuant to the United States Equal Employment Opportunity Commission Handbook for Administrative Judges ("Administrative Judge Handbook"), the San Antonio Hearings Unit ("Hearings Unit") "must retain a copy of all documents issued to the parties for a minimum of two years from the date the Office closes the case, but does not need to retain the hearing transcript or hearing exhibits." *See attached.* The Hearings Unit is not required to retain a copy of the hearing exhibits or the hearing transcript. Instead, these materials are sent to the agency/employer and complainant or complainant's representative when the decision is issued and the case is closed.

4. In the present case, the Hearings Unit retained copies of all documents issued to the parties in the proceeding *Michael L. Buesgens v. Internal Revenue Service*, EEOC Case No. 360-2003-0826X, as required by the Administrative Judge Handbook. In compliance with the Administrative Judge Handbook, these records were destroyed two years after Mr. Buesgens' hearing. The Hearings Unit did not, and was not required to,retain copies of the hearing transcript or hearing exhibits.

5. After Mr. Buesgens' case was closed, Mr. Buesgens sent various documents to the Hearings Unit.

6. The Hearings Unit is not required to maintain a record of materials received from a complainant after a case has been closed. The San Antonio Hearings Unit also does not have a regular practice of storing or compiling such information. However, I personally maintained copies of the documents received from Mr. Buesgens, as well as copies of my replies to his correspondence. I turned all of these materials over to EEOC Trial Attorney Jennifer Randall after Plaintiff subpoenaed EEOC Administrative Judge Robert Powell in September 2006.

I swear under penalty of perjury that the foregoing testimony is true and correct.

Dated October 23, 2006

KATYE DUDERSTADT

# Attachment A

# U.S. Equal Employment Opportunity Commission Handbook for Administrative Judges July 1, 2002

## CONTENTS

PREFACE

**CHAPTERS:**

1. Initial Processing

2. Official Documents Issued by an Administrative Judge

3. Settlement and Alternative Dispute Resolution

4. Discovery

5. Summary Judgment

6. Sanctions

7. Hearing Process

8. Decisions

9. Attorney's Fees and Compensatory Damages

10. Class Complaints

**APPENDICES:**

A. Order Directing Agency To Produce Complaint File

B. Acknowledgment and Order

C. Designation of Representative Form

D. Consolidation Order

E. Notice of Intent to Issue Decision Without A Hearing

F. Order of Dismissal

G. Order Entering Judgment

H. Notice To The Parties

I. Acknowledgment and Order for Class Certification

J. Notice To The Agency

2. **Bifurcating the Hearing**

An Administrative Judge may choose to bifurcate the hearing between the liability phase and the relief phase. If the Administrative Judge bifurcates the hearing, the Administrative Judge should inform the parties as early as possible and ensure that they understand the process. Factors to be considered when deciding whether to bifurcate the hearing include: expected length and complexity of a bifurcated hearing; the interests of the parties in minimizing expenses prior to a decision on liability; and docket management considerations of the Administrative Judge and the District Office. The same procedures described above should be followed for the hearing on relief.

3. **Determining Relief Based on a Written Record**

If the circumstances warrant, the Administrative Judge may determine relief based on written submissions. The Administrative Judge should not make this determination on a written record if the credibility of the complainant or key witnesses is material to the determination of relief.

H. **The Hearing Record**

The Administrative Judge is responsible for returning the complete hearing record to the agency's designated point of contact at the conclusion of the hearing process. This enables the EEO office to issue a final order based on a review of the complete record. The complete hearing record consists of:

all submissions by the parties to the Administrative Judge, including motions, pre-hearing statements, and briefs;
all decisions, orders and correspondence issued by the Administrative Judge;
the transcript of the hearing, if a hearing was conducted; and
all hearing exhibits, including those not admitted into the record.

The hearing record does not include the report of investigation and complaint file provided by the agency. In situations where the Administrative Judge determines it appropriate, he/she may return his/her copy of the report of investigation to the agency.

The District or Field Office must retain a copy of all documents issued to the parties for a minimum of two years from the date the Office closes the case, but does not need to retain the hearing transcript or hearing exhibits. The report of investigation and complaint file may be returned to the agency if the agency provides postage or makes other arrangements to retrieve them. If the agency does not retrieve the Administrative Judge's copy of the investigative report and complaint file within sixty days, they may be destroyed.

# CHAPTER EIGHT

## Decisions

I. **Decisions that Trigger Appeal Rights**

Decisions which trigger an agency's obligation to take final action and permit parties to file an appeal are decisions concluding all phases of the hearing process, issued pursuant to the following regulations: 29 C.F.R. .. 1614.109(b); 109(g); 109(i) [for complaints from individual employees or applicants for employment] and 29 C.F.R. .. 1614.204(d)(2); 204(d)(7) [for class

EEOC Exhibit 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

MICHAEL L. BUESGENS,

      *Plaintiff,*

v.

JOHN W. SNOW,

      *Defendant.*

§
§
§
§
§
§
§
§
§

Civil Action No. 05-CV-00243-SS

## DECLARATION OF ROBERT BARNHART

I, Robert Barnhart, do hereby declare the following in lieu of an affidavit as permitted under 28 U.S.C. § 1746.

1. I am employed by the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) as Director of the Compliance and Control Division, in Washington, D.C. I have served in this position since September 1999. I have been an employee of the EEOC since August 1987.

2. As Director, I am one of the custodians of records of the OFO EEOC appellate records and files.

3. These files are maintained by the EEOC in the regular course of business. They are composed of documents originated or secured in the course of business by or from individuals with knowledge or from individuals transmitted by persons with knowledge at or near the time of the events recorded. It is the regular practice of the EEOC to create such files, and these files were created as part of that practice and have been and continue to be maintained in the normal course of business.

4. As part of my duties, I responded to a request from Jennifer Randall, Trial Attorney in the EEOC's San Antonio Field Office, to provide a copy of the documents contained in the appeal file developed for Michael Buesgens v. Department of the Treasury, EEOC Appeal No. 01A44842 and EEOC Request No. 05A50440.

5. By email dated October 6, 2006, I forwarded digital copies of part of the appellate record developed for EEOC Appeal No. 01A44842. I informed Ms. Randall that the additional contents of the appellate file needed to be retrieved from the Federal Records Center. By email dated October 16, 2006, I forwarded copies of the additional record developed for EEOC Appeal No. 01A44842 that were retrieved from the Federal Records Center. By separate email dated October 6, 2006, I forwarded a complete digital copy of the record developed in connection with the request for reconsideration filed in EEOC Request No. 05A50440. I declare that the digital records forwarded to Ms. Randall were true and correct copies of the documents contained in the appellate files for EEOC Appeal No. 01A44842 and EEOC Request No. 05A50440. All documents pertaining to EEOC Hearing No. 360-2003-08286 which were forwarded to OFO were contained in EEOC Appeal No. 01A44842 and EEOC Request No. 05A50440.

I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge. Executed on the 26th day of October 2006.

Robert Barnhart
Director, Compliance and Control Division
Equal Employment Opportunity
Commission

# EEOC Exhibit 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL L. BUESGENS,                    §
                                        §
                        *Plaintiff*     §
                                        §
v.                                      §    Civil Action No. 05-CV-00243-SS
                                        §
JOHN W. SNOW,                           §
                                        §
                        *Defendant*     §

## Declaration of Jennifer Randall

I, Jennifer Randall, state the following:

1. My name is Jennifer Randall. I am over eighteen years of age and fully competent and able to testify in this proceeding. I have personal knowledge of the facts set forth below.

2. I am a Trial Attorney in the San Antonio Field Office of the United States Equal Employment Opportunity Commission ("EEOC").

3. I received documents from Robert Barnhart, Director of the Compliance and Control Division of the EEOC's Office of Federal Operations, on October 6, 2006 and October 16, 2006. These documents included copies of the hearing record and the hearing transcript. I produced legible and complete copies of these documents, Bates Stamped EEOC 1 through EEOC 686 and EEOC 1269 through EEOC 3094, to Plaintiff on October 13, 2006 and October 20, 2006, respectively. *See* Attachment A.

4. I also received documents from Katye Duderstadt, Lead Administrative Judge for the EEOC's San Antonio Field Office. I produced legible and complete copies of these documents,

Bates Stamped EEOC 687 through EEOC 1268, to Plaintiff on October 13, 2006.   *See*

Attachment B.

I swear under penalty of perjury that the foregoing testimony is true and correct.

Dated October 27, 2006

*Jennifer Randall*

JENNIFER RANDALL

# Attachment A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 10, 2006

**Via Certified Mail – 7004 2510 0001 5778 3116**

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

RE:    *Buesgens v. Snow*
       Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

Enclosed, please find the documents Bates Stamped EEOC 1 through EEOC 686.

Sincerely,

Jennifer Randall
Trial Attorney

CC:    R. Barry Robinson
       Assistant U.S. Attorney
       816 Congress Avenue, Suite 1000
       Austin, Texas 78701

       **Via Certified Mail – 7004 2510 0001 5778 3123**



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
#### San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 20, 2006

**Via Certified Mail – *7004-2510-0001-5778-2799***

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

       RE:    *Buesgens v. Snow*
              Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

Enclosed, please find the documents Bates Stamped EEOC 1269 through EEOC 3094.

        Sincerely,

        Jennifer Randall
        Trial Attorney

CC:      R. Barry Robinson
        Assistant U.S. Attorney
        816 Congress Avenue, Suite 1000
        Austin, Texas 78701

        **Via Certified Mail – *7004-2510-0001-5778-2805***

# Attachment B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 13, 2006

**Via Certified Mail – 7003 0500 0004 8093 2342**

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas  78703

RE:    *Buesgens v. Snow*
Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

During our phone conversation on October 12, 2006, you informed me that you wanted copies of materials that you sent to the San Antonio Hearings Unit during 2005 and 2006, after Judge Powell issued an order closing your case.  As I informed you, the San Antonio Hearings Unit is not required to maintain a record of materials received from a complainant after a case has been closed.  The San Antonio Hearings Unit also does not have a regular practice of storing or compiling such information.   However, in a good faith effort to comply with your request, I am sending you all such materials that are presently in the San Antonio Hearings Unit's possession, and that were received prior to your subpoena of Judge Powell on September 18, 2006.   These materials are not part of the EEOC's official record for your case.   These documents, which are enclosed, have been Bates Stamped EEOC 687 through EEOC 1268.

Sincerely,

*Jennifer Randall*
Jennifer Randall
Trial Attorney

CC:    R. Barry Robinson
Assistant U.S. Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701

**Via Certified Mail – 7003 0500 0004 8093 2359**



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL L. BUESGENS,        §
                                §
       *Plaintiff,*        §
                                §
v.                              §     Civil Action No. 05-CV-00243-SS
                             §
JOHN W. SNOW,          §
                             §
       *Defendant.*     §

**EEOC'S MOTION TO QUASH AND MOTION FOR PROTECTION
REGARDING PLAINTIFF'S MOTION FOR DISCOVERY AND DISCLOSURE**

COMES NOW United States Equal Employment Opportunity Commission ("EEOC" or

"the Commission") and moves this Court to quash Plaintiff's Motion for Discovery and

Disclosure (Ex. 1), and for a protective order providing that the EEOC need not respond to any

additional requests for information and/or documents by Plaintiff.   In support of its motion,

Movant would respectfully show the Court the following:

### STATEMENT OF FACTS

The EEOC is not a party to this lawsuit.[1]  In pursing an employment discrimination claim

against his former employer, a federal agency, Plaintiff Michael Buesgens requested a hearing

with an EEOC administrative judge.  EEOC Administrative Judge Robert Powell conducted a

telephonic hearing in the case on December 15, 2003, and rendered an oral bench finding of "no

discrimination" at the end of the hearing.  On or about January 21, 2004, Judge Powell finalized

his decision, entered judgment for the agency/employer (Defendant), and closed the case.

---

[1] In his Motion for Discovery and Disclosure, Plaintiff mistakenly identifies the EEOC as a defendant in the present action. (Ex. 1.) However, as the Court's order of October 11, 2006 makes clear, the EEOC is not a party to this lawsuit. (Docket No. 87.) The EEOC has been named as a defendant in at least two other related lawsuits filed by Mr. Buesgens in the United States District Court for the District of Columbia, *Buesgens v. Coates et al*, 05-CV-02334, and *Buesgens v. United States of America et al*, 06-CV-01558.

Plaintiff subsequently filed an appeal with the EEOC Office of Federal Operations. Plaintiff's appeal was denied on December 29, 2004, and his request for reconsideration of that ruling was denied on February 18, 2005.

In response to Plaintiff's subpoena of Judge Powell, the EEOC has provided Plaintiff with more than 3,000 pages of documents, including a complete copy of his case record as well as copies of documents that Plaintiff sent to the San Antonio Hearings Unit after his case was closed. (Exs. 2, 3, 4.) On October 16, 2006, Plaintiff faxed the EEOC a "Motion for Discovery and Disclosure," requesting information from the case file of another individual.[2] (Ex. 1.) The EEOC now moves to quash Plaintiff's additional request for discovery, and for protection from any additional requests for information and/or documents by Plaintiff.

## STANDARD OF REVIEW

### A)    Motion to Quash

Pursuant to Rule 45(c)(3)(a)(iii) and (iv) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." "Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (2d ed. 1995)). "[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source." *Id.*

---

[2]Plaintiff's request was sent after the October 2, 2006 discovery deadline in this case. *See* Local Rule 16(d). However, as the EEOC is not a "party," the EEOC has filed the present motion out of an abundance of caution.

**B)    Motion for Protection**

A movant seeking a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure must establish good cause and a specific need for protection. *See Ferko v. Nt'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 435 (5th Cir. 1990)). "'Good cause' exists when justice requires the protection of a party from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing FED. R. CIV. P. 26(c)). In deciding whether to grant a motion for a protective order, the court has significant discretion. *See id.* (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)).

**ARGUMENT**

As a non-party, the EEOC need not respond to Plaintiff's "discovery motions." *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2209 (observing that discovery against a non-party must be pursued under Federal Rule of Civil Procedure 45). Even if Plaintiff's "Motion for Discovery and Disclosure" is read as a subpoena, federal law prohibits the EEOC from providing Plaintiff with information from other individuals' case records. As the EEOC has already provided Plaintiff with a complete copy of his case record, and with copies of documents that he sent to the San Antonio Hearings Unit after his case was closed, the EEOC respectfully requests that the Court grant the EEOC's Motion for Protection from any additional requests for information and/or documents by Plaintiff.

A.     **Federal Law Prohibits the EEOC from Providing Plaintiff with Information from Other Individuals' Cases**

Plaintiff seeks information from the case record of another individual, Russell Holland.[3]
However, the Privacy Act prohibits the EEOC from disclosing Mr. Holland's records to Plaintiff.
The Privacy Act prohibits the disclosure of "any record which is contained in a system of records
by any means of communication to any person" absent written request by, or the prior written
consent of, the individual to whom the record pertains, unless the disclosure falls within one of
twelve statutory exemptions. 5 U.S.C. § 552a(b).  *See also* 29 C.F.R. § 1611.10 ("The
Commission shall not disclose any record which is contained in a system of records it maintains,
by any means of communication to any person or to another agency, except pursuant to written
request by, or with the prior written consent of the individual to whom the record pertains, unless
the disclosure is authorized by one or more provisions of 5 U.S.C. § 552a(b)").  "[T]he term
'record' means any item, collection or grouping of information about an individual that is
maintained by an agency. . . ." 5 U.S.C. § 552a(a)(4). "[T]he term 'system of records' means a
group of any records under the control of any agency from which information is retrieved by the
name of the individual or by some identifying number, symbol or other identifying particular
assigned to the individual. . . ." 5 U.S.C. § 552a(a)(5).  As the Fifth Circuit Court of Appeals
recently observed, the Privacy Act's prohibition on unauthorized disclosures has been interpreted
broadly, to include oral disclosures, and to include "'*nonconsensual disclosure of any
information that has been retrieved from a protected record*.'" *Jacobs v. Nt'l Drug Intelligence
Center*, 423 F.3d 512, 517, 520-521 n.9 (5th Cir. 2005) (emphasis in original) *quoting Orekoya
v. Mooney*, 330 F.3d 1, 6 (1st Cir. 2003). As Mr. Holland has not authorized the disclosure of his

---

[3] Mr. Holland appears to be an employee of the Social Security Administration who appealed to the EEOC Office of
Federal Operations regarding an employment discrimination claim. (Ex. 1 at 8-9.) In contrast, Plaintiff's case
involves a discrimination claim against the Internal Revenue Service/Department of the Treasury.

*EEOC's Motion to Quash Plaintiff's Motion for Discovery and Disclosure, and Motion for Protection*     4

records to Plaintiff as required by the Privacy Act, and because none of the twelve statutory exemptions set forth in Section 552a(b) of the Privacy Act applies in the present case, the Commission respectfully requests that its Motion to Quash Plaintiff's Motion for Discovery and Disclosure be granted.

**B.     Additional Discovery Requests by Plaintiff Are Unduly Burdensome and Harassing, as the EEOC Has Already Provided Plaintiff With a Complete Copy of His Case Record**

The EEOC has already provided Plaintiff with more than 3,000 pages of documents, including a complete copy of his case record, as well as copies of documents that Plaintiff sent to the San Antonio Hearings Unit after his case was closed.  (Exs. 2, 3, 4.)   In doing so, the Commission expended considerable resources retrieving Plaintiff's record from the Federal Records Center, reviewing the documents for possible privilege objections, and copying and bates stamping the documents.  The EEOC's San Antonio Field Office Legal Unit has also had to divert resources away from its prosecution of private-sector employment discrimination cases in order to respond to Plaintiff's discovery requests.   The EEOC has already provided Plaintiff with a complete copy of his case record, and with copies of documents that he sent to the San Antonio Field Office after his case was closed.  As Plaintiff's additional requests for documents and/or information are unduly burdensome, duplicative and harassing, the Commission respectfully requests that its Motion for Protection be granted.

## CONCLUSION

The EEOC respectfully requests that this Court grant its Motion to Quash regarding Plaintiff's Motion for Discovery and Disclosure, since Plaintiff is not entitled to receive information from other individuals' case files.  As the EEOC has already provided Plaintiff with a complete copy of his case record, and with copies of documents that he sent to the San Antonio Hearings Unit

after his case was closed, the EEOC respectfully requests that the Court grant the EEOC's Motion for Protection from any additional requests for information and/or documents by Plaintiff. The EEOC also requests that the Court grant any other relief to which the Court determines the EEOC is entitled.

Respectfully submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia  Bar No. 076083

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300

 /s/ Jennifer Randall
JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

## CERTIFICATE OF CONFERENCE

I hereby certify that EEOC Trial Attorney Jennifer Randall and EEOC Supervisory Trial
Attorney Judith Taylor conferred with Plaintiff by phone on September 22, 2006.  Plaintiff
indicated that he was opposed to the EEOC's Motion to Quash his subpoena of EEOC
Administrative Judge Robert Powell, and Plaintiff EEOC's motion for continuance, and that he
was opposed to everything that the EEOC will do in this case.  Counsel for Defendant, R. Barry
Robinson, is not opposed to the EEOC's motion.

/s/ Jennifer Randall
JENNIFER RANDALL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 20th day of October 2006.

Michael L. Buesgens
3112 Windsor Rd. #1322
Austin, Texas 78703

☐ Hand Delivery
☒ Federal Express
☐ Certified Mail, Return Receipt Requested

R. Barry Robinson
Assistant U.S. Attorney
816 Congress Avenue Suite 1000
Austin, Texas  78701

☐ Hand Delivery
☐ U.S. First Class Mail, Postage Prepaid
☐ Certified Mail, Return Receipt Requested
☒ Electronic Filing


 /s/ Jennifer Randall
JENNIFER RANDALL