# EEOC Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF
# TEXAS
# AUSTIN DIVISION

MICHAEL L. BUESGENS
        PLAINTIFF

V.

JOHN W. SNOW,
SECRETARY
DEPARTMENT OF TREASURY
        AND
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
E E O C NO. 360-2003-08280X
        MOVANT
EEOC CASE NO
        DEFENDANTS
        ET. AL.

CASE NO
A-05-CA-2_
SS

## PLAINTIFFS MOTION FOR DISCOVERY
## AND DISCLOSURE TO THE EEOC

## PAGE 1 OF 9

PLAINTIFF – PRO SE BUESGENS
NEEDS APPOINTMENT OF COUNSEL
ON CONTINGENCY FEE BASIS.

BUESGENS IS REQUESTING
A SPECIFIC ATTORNEY.

PLAINTIFF BUESGENS HAS
CONTACTED JUDGE ROBERT
LYNN POWELL AND JUDGE
KATY DUDERSTADT MANY
TIMES SINCE 2005 FOR
THE NAME AND ADDRESS

FOR THE ATTORNEY THAT
REPRESENTED

RUSSELL HOLLAND BEFORE THE
EEOC

JUDGE POWELL AND JUDGE
DUDERSTADT, AND ATTORNEY
ROBERT HARWIN – EEOC HAVE
ALWAYS REFUSED TO PROVIDE
THIS INFORMATION.

2

RUSSELL HOLLAND

V.

JO ANNE B. BARNHART COMMISSIONER
SOCIAL SECURITY ADMINISTRATION,
AGENCY

EEOC DOC. 05A50917

EEOC APPEAL NO. 01A51800
MAY 10, 2005

THIS CASE IS RIGHT ON
TARGET FOR BUESGEUS
CASES - CIVIL ACTIONS.

WHOEVER THIS ATTORNEY IS —
ALREADY KNOWS BUESGEUS
CASE.

I WANT THIS ATTORNEY TO
REPRESENT ME IN CIVIL ACTIONS.

3

PLEASE PROVIDE BUESGENS
THE CONTACT INFORMATION
**NOW.**

RUSSELL HOLLAND WENT THROUGH
**13 YEARS** OF ABUSE BY
THE

SOCIAL SECURITY ADMINISTRATION
AND
**E E O C**
AND BY
ASSISTANT U.S. ATTORNEYS
LIKE
1. R. BARRY ROBINSON
2. GERALD CARRUTH
3. STEVEN BASS.
4. KAREN MELNIK
AND
5. MICHAEL SALYARDS

ALL THE SAME BREED OF CAT.

4

U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, NW
WASHINGTON, D.C. 20001

1. CASE NO. 1: 2005-CV-2334
2. CASE NO. 1: 2006-CV-1558

U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
200 W 8TH ST.
AUSTIN, TEXAS 78701

1. CASE NO. 1: 2005-CV-2435S
2. CASE NO. 1: 2006-CV-2602Y
3. CASE NO. 1: 2006-CV-2262Y

U.S. MERIT SYSTEMS PROTECTION BOARD
1615 M. STREET, NW
WASHINGTON, DC 20419
PHONE: 202-653-7200
FAX: 202-653-7130

1. CASE NO. DA-1221-06-0171-W-1

6

ATTACHED AS **EXHIBIT** IS

RUSSELL HOLLAND'S ATTORNEY

**BEGGING** FOR ATTORNEY FEES

**SEE**

2005 WL 2429071

( E. E. O. C. )

**EEOC** DOC 05A50917

Michael L Buesgens

MICHAEL L. BUESGENS

3112 WINDSOR RD

# A 322

AUGTIN, TEXAS 78703

512-339-6005 EXT 7958

MIKEBUESGENS@HOTMAIL.COM

OCTOBER 16, 2006

5



JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION
ONE COLUMBUS CIRCLE, NE
ROOM G-255
WASHINGTON, DC 20002

FAX: 202-502-2888

1. MDL DOCKET NO. 1800
MICHAEL L. BUESGENS LITIGATION

ON 10/16/2006

FAXED TO: JUDITH TAYLOR
JENNIFER RANDALL
EEOC - ADA - ATTORNEYS
FAX # 210-281-7669
AND
KAREN MELNIK ASSISTANT US ATTORNEY
FAX: 202-572-5245
AND
R. BARRY ROBINSON ASSISTANT US ATTORNEY
FAX: 512-916-5854
AND
NTEU FAX # 202-572-5245
FLRA: DA-CO-05-0505    Michael Buesgens

7

2005 WL 2429071 (E.E.O.C.), EEOC DOC 05A50917

E.E.O.C.

**\*1 Office of Federal Operations**

**RUSSELL HOLLAND,** COMPLAINANT,

v.

JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, AGENCY.

Request No. 05A50917

Appeal No. 01A51800

Agency No. 93-0568-**SSA**

September 22, 2005

DENIAL

**Russell Holland** (complainant) timely requested reconsideration of the decision in **Russell Holland** v. Social Security Administration, EEOC Appeal No. 01A51800 (May 10, 2005). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b) (2004).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. In our previous decision, we dismissed complainant's appeal regarding attorney's fees because it was untimely. The final agency decision on the matter had been issued on October 26, 2004, yet complainant filed his appeal two months later on December 29, 2004, well beyond the 30-day time limit for filing appeals. In his request for reconsideration, complainant argues that he is entitled to a waiver of the time limit because complainant's attorney purportedly contacted the EEOC before the deadline and left a voice mail message providing all the information on the formal notice of appeal and asking for an extension of the filing date. This telephone call, complainant maintains, should be construed as a telephone notice of appeal, and as such his appeal was wrongly dismissed. Having considered complainant's argument, we deny the request because he is simply incorrect to insist that a leaving a message on an unidentified EEOC employee's voice mail is an appropriate notice of appeal. We have previously held on a similar request for reconsideration that telephone calls requesting an extension of time to file an appeal is an inadequate notice. See Jenkins v. United States Postal Serv., EEOC Request No. 05A10776 (Sept. 4, 2001). The Commission accepts appeals in any one of three manners: by mail, by courier or by fax. See Equal Employment Opportunity Management Directive for 29. C.F.R. Part 1614, Ch. 9, I (Nov. 9, 1999). Moreover, we require that the complainant furnish a copy of the appeal to the opposing party at the same time it files with the Commission. See id. Clearly, leaving a phone message, albeit with all the information contained in the notice, cannot meet these requirements. [FN1]

**\*2** We reiterate what we said in our prior decision. The telephone call reveals that the attorney was aware of the filing deadline before its expiration, and as there is no proof that complainant or his representative were incapable of filing the notice of appeal by the appropriate date, no excuse warrants a waiver of the time limit. Frankly, we are astounded that counselor even makes this argument knowing full well that no court, federal state or administrative, would accept such an argument. To comply with complainant's request defies logic and practice. In issuing our prior decision, we did not misinterpret material fact or law in a clearly erroneous manner. Furthermore, we do not find that our decision would have a substantial negative impact on the policies, practices, or operations of the agency. On the contrary, allowing complainant's argument to stand would have a such negative impact, not only on the agency as it would be denied proper notice of appeals, but also on the Commission as such permissiveness would indeed wreck havoc on the efficiency of our case management system. The filing requirement is not an onerous one. A complainant need only submit a one-page notice of appeal to perfect a timely appeal. Complainant's counsel has offered no plausible explanation why he, or complainant, or some other person on complainant's behalf could not have timely submitted a notice of appeal.

Thus, we continue to stand behind that decision and find that the argument complainant presents in his request fail to give us reason to reconsider the decision. The decision in EEOC Appeal No. 01A51800 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

For the Commission:

*3 Carlton M. Hadden
Director
Office of Federal Operations

FN1. It may be true that counselor contacted the EEOC, but he fails to identify the employee with whom he left the message, and to show that the message was received by the Office of Federal Operations (OFO) that handles federal appeals. Moreover, we note that counselor knew the proper procedure for requesting a filing extension because previously he had properly asked for and received an extension from OFO to file a brief. He knew the process and should have known that he needed to serve the agency his request and await our written response granting him the extension.

2005 WL 2429071 (E.E.O.C.), EEOC DOC 05A50917
END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

9

# EEOC Exhibit 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 10, 2006

**Via Certified Mail – 7004 2510 0001 5778 3116**

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas  78703

RE:     *Buesgens v. Snow*
          Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

Enclosed, please find the documents Bates Stamped EEOC 1 through EEOC 686.

Sincerely,

Jennifer Randall
Trial Attorney

CC:          R. Barry Robinson
             Assistant U.S. Attorney
             816 Congress Avenue, Suite 1000
             Austin, Texas 78701

             **Via Certified Mail – 7004 2510 0001 5778 3123**

# EEOC Exhibit 3

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 13, 2006

**Via Certified Mail – 7003 0500 0004 8093 2342**

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

RE:     *Buesgens v. Snow*
         Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

During our phone conversation on October 12, 2006, you informed me that you wanted copies of materials that you sent to the San Antonio Hearings Unit during 2005 and 2006, after Judge Powell issued an order closing your case. As I informed you, the San Antonio Hearings Unit is not required to maintain a record of materials received from a complainant after a case has been closed. The San Antonio Hearings Unit also does not have a regular practice of storing or compiling such information. However, in a good faith effort to comply with your request, I am sending you all such materials that are presently in the San Antonio Hearings Unit's possession, and that were received prior to your subpoena of Judge Powell on September 18, 2006. These materials are not part of the EEOC's official record for your case. These documents, which are enclosed, have been Bates Stamped EEOC 687 through EEOC 1268.

Sincerely,

Jennifer Randall
Jennifer Randall
Trial Attorney

CC:     R. Barry Robinson
         Assistant U.S. Attorney
         816 Congress Avenue, Suite 1000
         Austin, Texas 78701

**Via Certified Mail – 7003 0500 0004 8093 2359**

# EEOC Exhibit 4

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 20, 2006

**Via Certified Mail – *7004-2510-0001-5778-2799***

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas 78703

RE:    *Buesgens v. Snow*
       Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

Enclosed, please find the documents Bates Stamped EEOC 1269 through EEOC 3094.

Sincerely,

Jennifer Randall
Trial Attorney

CC:    R. Barry Robinson
       Assistant U.S. Attorney
       816 Congress Avenue, Suite 1000
       Austin, Texas 78701

       **Via Certified Mail – *7004-2510-0001-5778-2805***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

MICHAEL L. BUESGENS,                  §
                                      §
     *Plaintiff,*                  §
                                      §
v.                                    §    **Civil Action No.  05-CV-00243-SS**
                                      §
JOHN W. SNOW,                         §
                                      §
     *Defendant.*                  §

## ORDER

ON THIS DAY, came to be heard the EEOC's Motion to Quash and for Protection Regarding Plaintiff's Motion for Discovery and Disclosure.  The Court, having considered said Motion is of the opinion and finds that said Motion should be in all things **GRANTED**.   The EEOC need not respond to Plaintiff's Motion for Discovery and Disclosure, or to any subsequent requests for information and/or documents made by Plaintiff in this case.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the EEOC's Motion to Quash and for Protection regarding Plaintiff's Motion for Discovery and Disclosure is hereby **GRANTED**.

SIGNED and ENTERED this _____ day of _____, 2006.


_____
UNITED STATES DISTRICT JUDGE



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7690

September 25, 2006

**VIA FEDERAL EXPRESS** – 7922 1168 3429

Mr. William G. Putnicki
United States District Clerk's Office
200 West 8th St., Room 130
Austin, Texas 78701

      Re:   *Michael L. Buesgens v. John W. Snow*
              Civil Action No. 05-CV-00243-SS

Dear Sir:

      The original and two copies of EEOC's Motion for Continuance Regarding Plaintiff's Subpoena of EEOC Administrative Judge Robert L. Powell and proposed Order are enclosed for filing in the above referenced matter. Please return one file-stamped copy in the self-addressed, postage-paid envelope which is also enclosed. Thank you for your assistance.

                        Sincerely,

                        Carol G. Herrera
                        Paralegal Specialist

Enclosures

cc:   Michael L. Buesgens          Via Federal Express – 7928 5470 2449
      3112 Windsor Rd. #1322
      Austin, Texas 78703

      R. Barry Robinson            Via Federal Express – 7995 0862 8925
      Assistant U.S. Attorney       and Facsimile (512) 916-5854
      816 Congress Avenue, Suite 1000
      Austin, Texas 78701

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Michael L. Buesgens Litigation

MDL No. 1800

## FEDER   DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION TO TRANSFER AC  IONS TO THE DISTRICT OF COLUMBIA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

NOW COME Defendants, John W. Snow; Secretary, Department of the Treasury; Marcia H. Coates, Director, Office of Equal Employment Opportunity Program, Department of Treasury; Cari M. Dominguez, Chairman, Equal Employment Opportunity Commission; Kay Coles James, Director, Office of Personnel Management; and J. Russell George, Inspector General, Treasury Inspector General Tax Administration, all in their official capacities, by and through the U.S. Attorney for the Western District of Texas, and file their Objections to Plaintiff's Motion to Transfer. In support thereof, the Defendants respectfully offer the following:

## I. INTRODUCTION

1.      Plaintiff was employed by the Internal Revenue Service ("IRS") for approximately 15 years. Prior to his medical disability retirement in March 2005, he worked in the Wage & Investment Division, as a GS-0962-08 Contact Representative in Austin, Texas. While employed at the agency, Plaintiff was a member of the National Treasury Employees Union ("NTEU"). *See Memorandum Opinion* at Exhibit A.

2.      Plaintiff filed three administrative complaints concerning his separation from the agency that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing.  On January 21, 2004, the EEOC Administrative Judge found that there was no discrimination.  A Final Agency Decision, affirming the determination, was rendered by the Department of Treasury on March 1, 2004.  Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004, and his request for reconsideration was also denied on February 18, 2005.  (Id.).

3.      On January 5, 2005, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint against the IRS claiming that the agency had improperly dismissed his previous EEO complaints as untimely filed.  On April 5, 2005, Plaintiff filed a Complaint in the United States District Court for the Western District of Texas, alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability[1].  (Id.; Exhibit B).

4.      On May 31, 2005, Plaintiff filed an Amended Complaint in the Western District of Texas, alleging that the Department of Treasury's administrative system for processing EEO complaints and holding administrative hearings before the EEOC judges is not neutral and is biased toward the agency.  Then on December 6, 2005, Plaintiff filed a Motion to Supplement the Record with an additional Complaint to assert a claim under the Freedom of Information Act against the Department of Treasury, seeking damages for the agency's handling of an alleged FOIA request. (Exhibit A, p. 2).

5.      On August 11, 2005, Plaintiff filed an unfair labor practice charge against the NTEU and defendant Colleen M. Kelley, National President of the NTEU.  On December 6, 2005, the

---

[1] *Buesgens v. Snow*, A-05-CA-243-SS

*Buesgens: Δ's Obj. Multidistrict Transfer*                                                        Page 2

Federal Labor Relations Authority ("FLRA") Regional Director dismissed most of the allegations as untimely filed and dismissed the remaining allegation that the Union deliberately and unjustifiably treated Plaintiff differently than other unit employees by refusing "to pursue EEO complaints and related legal actions" for lack of evidence. (*Id.* at p. 3).

6.    On December 5, 2005, Plaintiff filed a lawsuit in the U.S. District Court for the District of Columbia[2]. (Exhibit C). In this lawsuit, Plaintiff alleges that the EEO process in Texas is biased and that the EEO defendants have abused the process and their power. (Exhibit A, p. 6). Specifically, Plaintiff states that "the central issue in this case is the continuing and the endemic systemic leadership condoned (defendants) that put the EEO complainants in harms way, and a substantial loss in due process rights. (*Id.*).

7.    On May 9, 2006, the District Court for the District of Columbia, after dismissing the one non-federal employee defendant Colleen M. Kelley, transferred the pending action to the United States District Court for the Western District of Texas because the case did not properly lie in the District of Columbia because it does not satisfy Title VII's specific venue provision set forth in Title 42 U.S.C. § 2000e-5(f)(3). (*Id.*)

8.    According to the latest PACER printout at Exhibit D, the case has been closed, but the file has not been transferred to the Clerk, Western District of Texas.

9.    On July 25, 2006, Plaintiff filed his Notice of Interlocutory Appeal of Courts Final Orders in case no. A-05-CA-243-SS with the United States Court of Appeals - Fifth Circuit. Plaintiff is presumably appealing the Court's Orders denying Plaintiff's Motion to Stay (DKT # 44);

---

[2]*Buesgens v. Coates, et al*, No. 05-2334(RCL).

Plaintiff's Request for Court Order (DKT # 46), and Plaintiff's Motion to Continue (DKT # 51). Plaintiff's appeal has been assigned number 06-50953.

10.    In Plaintiff's Motion to Transfer Proceedings to Multidistrict Litigation Panel, p. 2, he requests that the following civil actions be transferred to the U.S. District Court for the District of Columbia and presumably joined with civil action 1:2005-CV-02334 (which is now closed and Ordered transferred to the Western District of Texas):

a.    1:2005 CV 00243 SS

b.    1:2006 CV 00226

c.    1:2006 CV 00260

11.    On page 3 of Plaintiff's motion to transfer, he asserts and Defendants agree, that civil actions 1:05-CV-02334-RCL and 1:2005-CV-00243-SS are employment discrimination cases based on his alleged disability and retaliation.

12.    Civil actions 1:2006-CV-00226 LY and 1:2006-CV-00260-LY are alleged housing discrimination and wrongful eviction cases against non-federal Defendants who are not represented by the undersigned counsel. Plaintiff's unnumbered paragraphs on pages 4-13 contain allegations regarding civil action numbers  1:2006-CV-00226 LY and 1:2006-CV-00260-LY.

13.    The Federal Defendants respond to Plaintiff's enumerated pages as follows:

Page 14: Defendants admit Civil Action Numbers A:2005-CV-00243 SS and 1:2005-CV-02334 are employment discrimination cases based on his alleged disability and retaliation.

Page 15: Defendants deny Plaintiff's allegations and aver that the Fifth Circuit Court of Appeals affirmed the District Court's denial of appointment of counsel. *See* [05-50730].

Page 16: Defendants deny Plaintiff's allegations of alleged violations of the Freedom of Information Act and the Privacy Act. Defendants admit that Plaintiff filed a claim under the Federal Tort Claims Act, but aver that the claim has no relevance to any of the civil actions at issue before this Court.

Page 17: Defendants admit that Plaintiff has alleged disability discrimination and retaliation in his pending civil actions, but aver that the material issues of fact in his two employment discrimination cases against the federal government differ from his housing discrimination claims against the non-federal Defendants.

Page 18: Defendants deny that Plaintiff has been subjected to discrimination. Defendants also deny that Plaintiff's medical disability retirement from the Internal Revenue Service was involuntary.

Page 19: Defendants deny all of Plaintiff's allegations.

Paragraph 4 on Pages 20-22: Defendant denies that all of Plaintiff's employment records and complaints of discrimination have been filed in Washington D.C. Defendants aver that both of Plaintiff's pending Title VII cases are in the District Court, Western District of Texas. Plaintiff's remaining allegations are too vague to answer.

Page 23: Defendants admit Plaintiff has a complaint pending before the Merit Systems Protection Board. Defendants have no knowledge of the remaining allegations.

## II. LEGAL ARGUMENT

14.    Plaintiff's effort to transfer these cases to a single district court is misplaced and without merit. The purpose of 28 U.S.C. § 1407 is to consolidate civil actions involving one or more common questions of fact that are pending in different districts to allow coordinated or consolidated

pretrial proceedings. Additionally, transfers of the proceedings are made for the convenience of the parties and witnesses in order to promote the just and efficient conduct of the cases. 28 U.S.C. § 1407.

15.    All of Plaintiff's pending cases are within one district, the Western District of Texas. Moreover, as explained by the district court of the District of Columbia, each of the venue provisions found in Title VII show that the District of Columbia is not the proper venue for this case. First, the alleged unlawful employment practice was not committed in the District of Columbia. Plaintiff was employed by the Internal Revenue Service as a seasonal Contact Representative in Austin, Texas. Second, none of Plaintiff's employment records are maintained and administered in the District of Columbia. Plaintiff's relevant employment records are located in the Western District of Texas. Additionally, the relevant management witnesses to this case are located in the Western District of Texas. Third, Plaintiff did not work in the District of Columbia at the time period identified in his discrimination complaints. Fourth, Plaintiff cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue in the District of Columbia merely because Defendants' principal office is located in that District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district"covered by one of the three preceding prongs. The District of Columbia District Court held the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars Plaintiff from proceeding with his lawsuit in the District of Columbia.

16.    Further, the discovery deadline in civil action 1:2005-CV-00243-SS ends on October 2, 2006, and the undersigned counsel anticipates this case will be disposed of by Defendant's dispositive motion which is due no later than October 9, 2006.

17.    Additionally, Plaintiff's claims in civil action 1:05-CV-02334-RCL are subject to summary dismissal for failure to state a claim for which relief can be granted. An alleged failure to process an EEO claim properly is not actionable under Title VII. Title VII does not create an independent cause of action for the mishandling of an employee's discrimination complaints. *See e.g., Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling of EEO complaint is not an adverse action).

## III. CONCLUSION

18.    Considerations of convenience and justice weigh in favor of not transferring this action to the Multidistrict Litigation Panel. All of the reasons stated by the district court judge in Civil Action No. 1:05-CV-02334 for transferring that case to the Western District of Texas equally apply to the instant lawsuit. Plaintiff resides in Texas. Many of the witnesses and agency officials with knowledge relevant to Plaintiff's allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas. Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer would not be in the interest of justice.

Accordingly, the federal Defendants in the above referenced civil actions respectfully request that Plaintiff's motion to transfer be denied.

Respectfully Submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY: _____

R. BARRY ROBINSON
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78216
(512) 916-5858/ Fax (512) 916-5854
Arkansas State Bar No. 85206

*Counsel for Defendants John W. Snow,
Marcia H. Coates, Cari M. Dominguez,
Kay Coles James, and J. Russell George*

## CERTIFICATE OF SERVICE

I, R. BARRY ROBINSON, do hereby certify that a true and correct copy of the above and foregoing **Federal Defendants' Objections to Plaintiff's Motion to Transfer Actions to the District of Columbia for Coordinated or Consolidated pretrial Proceedings Pursuant to 28 U.S.C. § 1407** has been served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on this the _____ day of August 2006, addressed to:

Michael L. Buesgens
3112 Windsor Rd. # A322
Austin, TX 78703
*Pro se Plaintiff*

Shelley Bush Marmon
Crady, Jewett & McCulley, LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019
*Attorney for Defendants Falcon Apartments of Austin I, Inc., Falcon Apartment of Austin, Ltd., Falcon Ridge Apartments, Greystar Property Management, Mandy Rogers, Debi Wehmeier, and Amanda Wilson*

William S. Warren
Warren Law Firm
1011 Westlake Drive
Austin, Texas 78746
*Austin Apartment Association*

R. BARRY ROBINSON
Assistant United States Attorney

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

TO: Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E., Room G-255
Washington, D.C. 20002

**THIS FORM MUST BE RETURNED TO
THE JUDICIAL PANEL NO LATER THAN
(Noon Eastern Time)   August 18, 2006**
Panel Fax No.: (202) 502-2888

MDL DOCKET No. 1800-- In re Michael L. Buesgens Litigation

## SUPPLEMENTAL NOTICE OF APPEARANCE

**PARTIES REPRESENTED (indicate plaintiff or defendant--attach list if necessary):**
   Defendants: John W. Snow, Marcia H. Coates, Cari M. Dominguez,
      J. Russell George, Kay Coles James

**SHORT CASE CAPTION(s) (Include District(s), Civil Action No(s).-- attach list if necessary):**
   Michael L. Buesgens v. John W. Snow; Civil Action No. A-05-CA-243 (W.D.T.X.)
   Michael L. Buesgens v. Marcia H. Coates,                Cari M. Dominguez,
            Kay Coles James, John W. Snow, & J. Russell George;
            Civil Action No. 05-CV-2334 (District of Columbia
                              Washington, DC)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

   In compliance with Rule 5.2(c), R.P.J.P.M.L., 199 F.R.D. 425, 431 (2001), the following designated
attorney is authorized to receive service of all pleadings, notices, orders, and other papers relating to practice
before the Judicial Panel on Multidistrict Litigation on behalf of the plaintiff(s)/ defendant(s) indicated. I am
aware that only one attorney can be designated for each party.

_____                    _____
        Date                               Signature of Attorney or Designee

**Name and Address of Designated Attorney:**

   R. Barry Robinson
   Assistant U.S. Attorney
   816 Congress Avenue, Suite 1000
   Austin, Texas 78701

Telephone No.:  (512) 916-5858            Fax No.:  (512) 916-5854

## ORIGINAL ONLY OF APPEARANCE NEEDED BY US FOR FILING
A CERTIFICATE OF SERVICE WILL BE REQUIRED IF THE APPEARANCE IS RECEIVED AFTER THE DUE DATE PRINTED ABOVE

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 1800 - In re Michael L. Buesgens Litigation
Status: Pending on / /
Transferee District:        Judge:

Printed on 08/18/2006

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Buesgens, Michael L.<br>3112 Windsor Road<br>#A322<br>Austin, TX 78703 | => Phone: (512) 339-6005  Fax: (512) 339-6099  Email: MikeBuesgens@hotmail.com<br>Buesgens, Michael L. |
| Marmon, Shelley Bush<br>Crady, Jewett & McCulley, LLP<br>2727 Allen Parkway<br>Suite 1700<br>Houston, TX 77019 | => Phone: (713) 739-7007  Fax: (713) 739-8403<br>Falcon Apartments of Austin I, Inc.*; Falcon Apartments of Austin. Ltd.*; Falcon Ridge Apartments*;<br>Greystar Property Management*; Rogers, Mandy*; Wehmeier, Debi*; Wilson, Amanda* |
| Melnik, Karen L.<br>U.S. Attorney's Office<br>555 Fourth Street, NW<br>Room E4112<br>Washington, DC 20530 | => Phone: (202) 307-0338<br>Coates, Marcia H.; Dominguez, Cari M.; George, J. Russell; James, Kay Coles |
| Robinson, R. Barry<br>Assistant U.S. Attorney<br>816 Congress Avenue<br>Suite 1000<br>Austin, TX 78701 | => Phone: (512) 916-5858  Fax: (512) 916-5854<br>Snow, John W.* |
| Warren, William S.<br>Warren Law Firm<br>1011 Westlake Drive<br>Austin, TX 78746 | => Phone: (512) 347-8777  Fax: (512) 347-7999<br>Austin Apartment Association* |

Note: Please refer to the report title page for complete report scope and key.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

September 20, 2006

**Via Federal Express - 7995 0583 2420**

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas  78703

RE:    *Buesgens v. Snow*
Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

The EEOC received your subpoena of Administrative Judge Robert E. Powell on September 18, 2006. I write to inform you that the EEOC will not produce Judge Powell to testify absent court order. The EEOC will file a motion to quash your subpoena of Judge Powell. Please let me know by 5 p.m. on Tuesday, September 26, 2006 whether you are opposed to the EEOC's motion to quash your subpoena of Judge Powell. You may reach me at 210-281-7636. In the event that I am out of the office when you call, please leave a voice mail message indicating whether or not you are opposed to the EEOC's motion to quash your subpoena of Judge Powell. In the alternative, you may let me know whether you are opposed to the EEOC's motion to quash your subpoena of Judge Powell by faxing a letter to our office, at 210-281-7669, by 5 p.m. on Tuesday, September 26, 2006.

Sincerely,

Jennifer Randall
Trial Attorney

CC:        R. Barry Robinson
Assistant U.S. Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701

**Via Federal Express - 7911 2674 9625**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7690

September 26, 2006

**VIA FEDERAL EXPRESS** – 7900 7971 3630

Mr. William G. Putnicki
United States District Clerk's Office
200 West 8th St., Room 130
Austin, Texas 78701

Re:     *Michael L. Buesgens v. John W. Snow*
         Civil Action No. 05-CV-00243-SS

Dear Sir:

The original and two copies of EEOC's Motion to Supplement EEOC's Motion for Continuance Regarding Plaintiff's Subpoena of EEOC Administrative Judge Robert L. Powell and proposed Order are enclosed for filing in the above referenced matter. Please return one file-stamped copy in the self-addressed, postage-paid envelope which is also enclosed. Thank you for your assistance.

Sincerely,

Carol G. Herrera
Paralegal Specialist

Enclosures

cc:     Michael L. Buesgens          Via First Class Mail
         3112 Windsor Rd. #A322
         Austin, Texas 78703

         R. Barry Robinson            Via First Class Mail
         Assistant U.S. Attorney
         816 Congress Avenue, Suite 1000
         Austin, Texas 78701