IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL L. BUESGENS, §
§
Plaintiff, §
§
v. § Civil Action No. 05-CV-00243-SS
§
JOHN W. SNOW, §
§
Defendant. §

**EEOC's MOTION FOR CONTINUANCE REGARDING PLAINTIFF'S SUBPOENA OF
EEOC ADMINISTRATIVE JUDGE ROBERT L. POWELL**

COMES NOW United States Equal Employment Opportunity Commission ("EEOC")

and moves this Court for a continuance regarding Plaintiff's subpoena of EEOC Administrative

Judge Robert L. Powell.[1]    In support of its Motion for a Continuance, Movant would

respectfully show the Court the following:

1.    On or about September 18, 2006, Plaintiff served upon the EEOC the subpoena of

Administrative Judge Robert L. Powell for a hearing on October 2, 2006.  (Ex. 1.)

Neither the EEOC[2] nor Judge Powell[3] is a party to this lawsuit.

2.    During 2003, Judge Powell was assigned to EEOC Case No. 360-2003-

08286X/Agency No. 03-2024, *Michael L. Buesgens v. Internal Revenue Service*.

Judge Powell conducted a telephonic hearing in the case in December 2003, and

issued a final decision and closed the case in January 2004.  Plaintiff appears to

---

[1] The subpoena mistakenly identifies Judge Powell as "Robert E. Powell."

[2] The EEOC has been named as a defendant in at least two other related lawsuits filed by Mr. Buesgens in the United States District Court for the District of Columbia, *Buesgens v. Coates et al*, 05-CV-02334, and *Buesgens v. United States of America et al*, 06-01558.

[3] As an administrative judge, Judge Powell is immune from suit for actions taken while presiding over an administrative proceeding.  *Butz v. Economou*, 438 U.S. 478, 513-514 (1978).

seek testimony from Judge Powell regarding his evidentiary rulings and bench decision during the EEOC proceeding, as well as evidence submitted in relation to the EEOC hearing.

3.    The EEOC is in the process of locating and reviewing any documents that it might have that are related to Plaintiff's EEOC proceeding; however, Plaintiff's file has been shipped from EEOC Headquarters in Washington D.C. to the Federal Records Center in Suitland, Maryland for storage. Although the EEOC has asked that the record retrieval be expedited, it will likely take seven to ten business days to retrieve the file. The EEOC must then review the documents in the file and determine whether any of the documents are privileged.

4.    The EEOC also needs seven to ten business days to obtain a declaration from EEOC Chair Naomi Earp, in order to assert the deliberative process privilege with regard to the testimony, and possibly some of the documents, that Plaintiff seeks. The EEOC needs to evaluate whether any of the documents in Plaintiff's EEOC file are privileged before it can begin this process.

5.    The EEOC has been diligent in its effort to timely reply to Plaintiff's subpoena of EEOC Administrative Judge Robert Powell since it received the subpoena on September 18, 2006. Not withstanding its diligence, the EEOC needs additional time to respond.

6.    The EEOC respectfully requests that the Court allow the EEOC and Defendant to have until October 20, 2006 to respond to Plaintiff's subpoena of EEOC Administrative Judge Robert L. Powell.

7.    Counsel for the EEOC represents, by her signature below, that this motion has not

been brought for the purpose of delay, but instead to allow an opportunity for the EEOC to respond to Plaintiff's subpoena.

8.    On Friday, September 21, 2006, Counsel for the EEOC spoke with Plaintiff in order to determine whether he would withdraw his subpoena. Plaintiff indicated that he would oppose both the EEOC's motion for continuance and the EEOC's motion to quash. Defendant is not opposed to the EEOC's motion for continuance. While the discovery deadline in this case is October 2, 2006, Defendant has indicated that, in the event that the Court orders the EEOC to produce Judge Powell to testify, Defendant will not object on the grounds that the discovery deadline has passed.

9.    Good cause exists for the requested relief, and no prejudice will be caused to any party, or the Court, by granting this motion.

Respectfully submitted,

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300


JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

## CERTIFICATE OF CONFERENCE

I hereby certify that EEOC Trial Attorney Jennifer Randall and EEOC Supervisory Trial Attorney Judith Taylor conferred with Plaintiff by phone on September 22, 2006. Plaintiff indicated that he is opposed to the EEOC's motion to quash, and Plaintiff EEOC's motion for continuance, and that he is opposed to everything that the EEOC will do in this case. Counsel for Defendant, R. Barry Robinson, is not opposed to the EEOC's motion.

Jennifer Randall

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 25  day of September 2006.

Michael L. Buesgens          ☐ Hand Delivery
3112 Windsor Rd. #A322        ☐ U.S. First Class Mail, Postage Prepaid
Austin, Texas 78703           ☒ Federal Express

R. Barry Robinson            ☐ Hand Delivery
Assistant U.S. Attorney       ☐ U.S. First Class Mail, Postage Prepaid
816 Congress Avenue Suite 1000  ☒ Federal Express
Austin, Texas  78701          ☒ Fax to 512-916-5854


                             _Jennifer Randall_
                             JENNIFER RANDALL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  05-CV-00243-SS |
| | § | |
| JOHN W. SNOW, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

ON THIS DAY, came to be heard the EEOC's Motion for Continuance.  The Court is of the opinion that the motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that the EEOC's Motion for Continuance is **GRANTED**.

**IT IS FURTHER ORDERD** that the EEOC and Defendant shall have until October 20, 2006 to respond to Plaintiff's subpoena of EEOC Administrative Judge Robert L. Powell.

SIGNED and ENTERED this _____ day of _____, 2006.

_____
U.S. DISTRICT JUDGE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

October 20, 2006

**Via Federal Express**

Michael L. Buesgens
3112 Windsor Road, #A322
Austin, Texas  78703

RE:  *Buesgens v. Snow*
Civil Action No. A-05-00243-SS

Dear Mr. Buesgens:

Enclosed, please find copies of the EEOC's Motion to Quash Subpoena of Judge Powell and Motion to Quash and for Protection Regarding Plaintiff's Motion for Discovery and Disclosure, which were filed with the court today.

Sincerely,

*Jennifer Randall*
Jennifer Randall
Trial Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BUESGENS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  05-CV-00243-SS |
| | § | |
| JOHN W. SNOW, | § | |
| | § | |
| *Defendant.* | § | |

## EEOC'S MOTION TO QUASH PLAINTIFF'S SUBPOENA
## OF EEOC ADMINISTRATIVE JUDGE ROBERT L. POWELL

COMES NOW United States Equal Employment Opportunity Commission ("EEOC") and moves this Court to quash Plaintiff's subpoena of EEOC Administrative Judge Robert L. Powell.[1]  In support of its motion, Movant would respectfully show the Court the following:

### STATEMENT OF FACTS

On or about September 18, 2006, Plaintiff served upon the EEOC the subpoena of Administrative Judge Robert L. Powell.  (Ex. 1.)  Neither the EEOC[2] nor Judge Powell[3] is a party to this lawsuit.

Federal employees who believe that they have been discriminated against on the basis of a disability, in violation of the Rehabilitation Act, must first attempt to resolve their complaints using the administrative remedies within their federal agency.  *See generally* 29 C.F.R. §1614.103 through § 1614.110.  When a federal employee requests a hearing, the EEOC

---

[1] The subpoena mistakenly identifies Judge Powell as "Robert E. Powell."

[2] The EEOC has been named as a defendant in at least two other related lawsuits filed by Mr. Buesgens in the United States District Court for the District of Columbia, *Buesgens v. Coates et al*, 05-CV-02334, and *Buesgens v. United States of America et al*, 06-CV-01558.

[3] As an administrative judge, Judge Powell is immune from suit for actions taken while presiding over an administrative proceeding. *Butz v. Economou*, 438 U.S. 478, 513-514 (1978).

appoints an EEOC administrative judge, such as the Honorable Robert L. Powell, to adjudicate the case. *See* 29 C.F.R. § 1614.108(g). Administrative judges' duties include conducting pre-hearing conferences and ruling on pre-hearing matters (including motions to compel discovery, motions for protective order, motions for sanction and motions for summary judgment), conducting settlement conferences, conducting evidentiary hearings akin to bench trials (including rulings on the admissibility of evidence and other trial objections), and rendering final decisions on the merits of cases, either orally or in writing. (Ex. 2 at ¶ 3.) *See also* 29 C.F.R. § 1614.109.

   In the present case, Plaintiff Michael L. Buesgens requested a hearing regarding his employment discrimination claim in or about April 2003. The case was assigned to Judge Powell. Judge Powell conducted a telephonic hearing in the case on December 15, 2003, and rendered an oral bench finding of "no discrimination" at the end of the hearing. (Ex. 2 at ¶ 4.) When rendering a bench decision, it is Judge Powell's practice to advise the parties that, prior to formal issuance, the bench decision may be edited, amended or supplemented. *See id.* Pursuant to standard office procedure, Judge Powell then consults with Supervisory Administrative Judge Katye Duderstadt regarding his findings. *See id.* On or about January 21, 2004, Judge Powell finalized his decision, entered judgment for the agency/employer (Defendant), and closed the case. (Ex. 3.) Plaintiff's case was one of 300 that Judge Powell has adjudicated since October 2003.

   Pursuant to the United States Equal Employment Opportunity Commission Handbook for Administrative Judges ("Administrative Judge Handbook"), the San Antonio Hearings Unit ("Hearings Unit") "must retain a copy of all documents issued to the parties for a minimum of two years from the date the Office closes the case, but does not need to retain the hearing

transcript or hearing exhibits." (Ex. 4 at p. 28, section H.)  The agency/employer in which the complaint originated may retrieve the report of investigation and complaint file from the EEOC, but if it does not do so within 60 days, they may be destroyed. *See id.*  In the present case, the Hearings Unit maintained the records of Plaintiff's EEOC hearing, as required by the Administrative Judge Handbook.  However, the Hearings Unit did not, and was not required to, retain copies of the hearing transcript or hearing exhibits.

A complainant may appeal an agency's final action following a decision by an administrative judge to the EEOC Office of Federal Operations. *See* 29 C.F.R. § 1614.110, § 1614.401.  In the present case, Mr. Buesguens' appeal was denied on December 29, 2004, and his request for reconsideration of that ruling was denied on February 18, 2005. (Exs. 5, 6.)  The EEOC maintains appeals documentation for four years after a file is closed. *See* EEO MD-110 E(3), attached as Exhibit 7.  The EEOC has provided Plaintiff with a copy of the appellate record, including the hearing transcript and the hearing record.[4]  (Ex. 8.)

Pursuant to federal regulation, an employee of the EEOC may not testify or otherwise disclose any information acquired as a result of the performance of the employee's official duties without the express approval of the EEOC's Office of Legal Counsel ("Legal Counsel"). *See* 29 C.F.R. § 1610.32.  The San Antonio Field Office has contacted Legal Counsel, and has been instructed not to produce Judge Powell or any other EEOC employee to testify in this case.  By letter dated September 20, 2006, the Commission informed Plaintiff that it would not produce Judge Powell to testify absent court order. (Ex. 9.)

---

[4] All documents submitted to, and accepted by, an administrative judge at a hearing shall be made a part of the hearing record. 29 C.F.R. § 1614.109(h).

## STANDARD OF REVIEW

Pursuant to Rule 45(c)(3)(a)(iii) and (iv) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." "Whether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness, which 'requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (2d ed. 1995)). "[T]his balance of the subpoena's benefits and burdens calls upon the court to consider whether the information is necessary and unavailable from any other source." *Id.*

## ARGUMENT

Plaintiff appears to seek testimony from Judge Powell regarding his evidentiary rulings and bench decision during the EEOC hearing, as well as evidence submitted in relation to the EEOC hearing. *See* Ex. 1.

### A.   Judge Powell May Not be Asked to Testify about His Rulings

To the extent that Plaintiff seeks to compel Judge Powell's testimony regarding his rulings, it has long been recognized that a judge may not be asked to testify about his mental process in reaching a decision.[5] *See Fayerweather v. Ritch*, 195 U.S. 276, 307 (1904) (observing that a judge's ruling should never limited by the judge's testimony as to "what he had in mind at the time of the decision"). There are a number of policy reasons for this rule, including concern

---

[5] As the United States Supreme Court has recognized in the related context of judicial immunity, a federal hearing examiner or administrative law judge is "functionally comparable" to a judge. *Butz v. Economou*, 438 U.S. 478, 513 (1978).

that a judge will be unlikely be able to reconstruct his thought processes accurately several years after making a ruling, concern about the integrity of judges' rulings, and concern that allowing a judge to be interrogated about his decision in a subsequent lawsuit will detract from the integrity of the judicial process. *See Washington v. Strickland*, 693 F.2d 1243, 1263 (5th Cir. 1982), *rev'd on other grounds*, 466 U.S. 668 (1984).

In *Robinson v. Comm'r of Internal Revenue*, 70 F.3d 34 (5th Cir. 1995), the Fifth Circuit Court of Appeals held that the United States Tax Court did not err in quashing a subpoena seeking testimony from a state court judge regarding "his understanding and knowledge of the final judgment and what went into its determination." *Id.* at 38. In so ruling, the Fifth Circuit Court of Appeals observed that "the whole purpose of the subpoena was to delve into the judge's mental processes." *Id.* Similarly, in the present case, questions about Judge Powell's evidentiary rulings and final decision on the merits of the case would inappropriately seek information about Judge Powell's mental processes in making his rulings.

**B.      The Information Sought by Plaintiff is Protected by the Deliberative Thought Process Privilege**

Any testimony by Judge Powell regarding his decision-making process, and the basis of his decision, is protected by the deliberative thought process privilege. Naomi Earp, Chair of the Equal Employment Opportunity Commission, is hereby asserting the deliberative thought process privilege on behalf of the Commission with respect to the inquiries that will likely be made of Judge Powell. (Ex. 10.) The deliberative thought process privilege protects "the decision making processes of governmental agencies." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotations omitted). In order to be covered by the deliberative thought process privilege, information must be: (1) pre-decisional, that is, pertaining to the time period prior to the adoption of an agency decision; and (2) deliberative in nature, containing opinions,

recommendations or advice regarding agency processes or decisions. *See Skelton v. United States Postal Service,* 678 F.2d 35, 38 (5th Cir. 1982); *Klein v. Jefferson Parish Sch. Bd.,* No. 00-3401, 2003 WL 1873909 at \*4 (E.D. La. April 10, 2003). Courts have recognized that the decision-making processes of agency officials serving in a judicial or quasi-judicial function are protected by the deliberative thought process privilege. *See United States v. Morgan,* 313 U.S. 409, 422 (1941) (holding that the Secretary of Agriculture's deliberate thought process in a proceeding that had "a quality resembling that of a judicial proceeding" was protected); *Gary W. v. State of Louisiana, Dept. of Health and Human Resources,* 861 F.2d 1366, 1368-1369 (5th Cir. 1988) (holding that the deliberative thought process of a special master in a child abuse and neglect hearing was protected).

Although the deliberative thought process privilege is a qualified privilege, it can only be overcome where the party seeking disclosure demonstrates sufficient need for disclosure. *See FTC v. Warner Comm. Inc.,* 742 F.2d 1156, 1161 (9th Cir. 1984). In determining whether a party has demonstrated sufficient need for disclosure, the Court should consider: 1) the relevance of the evidence to the lawsuit; 2) the availability of other evidence on the same matters; 3) the EEOC's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion within the EEOC regarding contemplated policies and decisions. *Id. See also Cipollone v. Liggett Group, Inc.,* 812 F.2d 1400, 1987 WL 36515 at \*2 (4th Cir. Feb. 13, 1987) (unpublished opinion). In balancing the various factors in the present case, it is clear that Plaintiff cannot establish sufficient need for the compelled testimony.

1.    **Judge Powell's Testimony is Not Relevant to the Present De Novo Proceeding**

Cases brought by federal employees under the Rehabilitation Act are *de novo* proceedings.[6] *Prewitt v. United States Postal Service,* 662 F.2d 292, 303 (5th Cir. 1981). The question before the Court is whether sufficient facts have been presented to demonstrate liability under the Rehabilitation Act, not whether Judge Powell's administrative decision, issued nearly three years before, was reasonable. Judge Powell's testimony regarding his evaluation of the facts underlying Plaintiff's Rehabilitation Act claim may properly be excluded, as the Court's review of the evidence is independent of any evaluation made by the EEOC. *See Dickerson v. Metropolitan Dade County,* 659 F.2d 574, 579 (5th Cir. Unit B 1981) (EEOC's investigator's testimony regarding his evaluation of the facts would not aid in the fact finder's evaluation of the evidence).

2.    **The EEOC Has Provided Plaintiff with All Non-Privileged Information in the EEOC's Records Regarding his Case**

Judge Powell no longer recalls the specific facts of Plaintiff's case. (Ex. 2 at ¶¶ 5, 7.) Furthermore, Judge Powell never had personal knowledge of the events underlying Plaintiff's Rehabilitation Act claims, as required by Federal Rule of Evidence 602. Any knowledge that Judge Powell once had regarding the specific facts of the case was based on evidence submitted by the parties to the administrative hearing, and the hearing testimony. Plaintiff has access to the same evidence, as the EEOC has provided Plaintiff with copies of all non-privileged information in the EEOC's records regarding his case – including the hearing record and a transcript of the hearing.

---

[6]The requirement of trial *de novo* extends not only to the factual findings, but also to issues such as whether the time limit for filing a complaint was equitably tolled. *Teemac v. Henderson,* 298 F.3d 452, 455 (5th Cir. 2002). Thus, the deliberative process privilege applies not only to Judge Powell's decision-making process in ruling on the substance of Plaintiff's case, but also as to Judge Powell's decision-making process in making evidentiary rulings.

### 3.    The EEOC is Not a Party to the Present Lawsuit

The EEOC is not a party in the present lawsuit, and thus stands on even stronger ground

with regard to the present motion. As in *Walker v. NCNB Nat. Bank of Florida*, 810 F. Supp. 11

(D.D.C. 1993), the EEOC, as a non-party, will be unduly burdened by any compelled testimony.

*Id.* at 14.

### 4.    Compelling Judge Powell to Testify Would Harm the EEOC and Hinder Frank and Independent Decision-making by EEOC Administrative Judges

Judge Powell's decision in this case was based upon his analysis of the evidence and the

case law. Judge Powell also consulted with Supervisory Administrative Judge Katye Duderstadt

before finalizing his decision on January 21, 2004. The deliberative thought process privilege

protects the disclosure of these mental impressions, analyses, opinions and recommendations.

*See Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 (5th Cir. 1981). If EEOC

administrative judges were compelled to testify regarding the agency's decision-making process,

the deliberative process would be compromised and the goals of the agency hindered because

"officials would hesitate to offer their candid and conscientious opinions to supervisors or co-

workers if they knew that their opinions of the moment might be made a matter of public record

at some future date." *Id.*

### C.    Plaintiff's Request to Compel the Testimony of Judge Powell is Unduly Burdensome and Harassing

The EEOC's San Antonio Field Office has only 4 administrative judges to handle the

approximately 400 cases filed with the office each year. In light of this fact, a policy requiring

testimony in even a fraction of those cases would hamper the EEOC hearings process - a process

that is fundamental to the EEOC's role as an enforcement agency. Requiring administrative

judges to provide testimony regarding every case in which a complainant later filed suit in

federal court would prevent the EEOC from fulfilling its obligation to the public. *See Lang v. Kohl's Food Stores, Inc.,* 185 F.R.D. 542, 549 (W.D. Wis. 1998). Such a requirement would create an undue burden and defeat the mission of the EEOC. *See Hamm v. New York City Office of the Comptroller,* No. 95-6367, 1996 WL 376930 at *1 (S.D.N.Y. July 3, 1996); *Leyh v. Modicon, Inc.,* 881 F. Supp. 420, 425 (S.D. Ind. 1995).

Judge Powell does not specifically recall the facts of Plaintiff's case, and never had any personal knowledge regarding the facts underlying Plaintiff's claims. (Ex. 2 at ¶¶ 5, 7.) Plaintiff's overreaching request to compel the testimony of Judge Powell will not result in admissible trial testimony, and is unduly burdensome and harassing.

**D.    Plaintiff Already has the Hearing Record and Hearing Transcript**

To the extent that Plaintiff seeks copies of exhibits submitted in relation to the EEOC hearing, the EEOC has already provided Plaintiff with a copy of the hearing record and hearing transcript, along with all non-privileged information in the EEOC's records regarding his case. (Ex. 8.) At Plaintiff's request, the EEOC has also provided him with copies of all of materials in the possession of the San Antonio Hearings Unit that were received from Plaintiff between the date his case was closed by Judge Powell and the date the San Antonio Hearings Unit was served with his subpoena.[7] (Ex. 11.)

**CONCLUSION**

The EEOC respectfully requests that this Court grant its Motion to Quash Plaintiff's Subpoena of EEOC Administrative Judge Robert Powell because it is improper to question a judge about his mental processes in reaching a decision, because the information that Plaintiff seeks is protected by the deliberative thought process privilege, and because compliance with the subpoena would

---

[7] As the EEOC informed Plaintiff, the San Antonio Hearings Unit is not required to maintain a record of materials received from a complainant after a case has been closed, and does not have a regular practice of storing or compiling such information. Thus, these materials are not a part of the EEOC's official record regarding his case.

be unduly burdensome. The EEOC also requests that the Court grant any other relief to which

the Court determines the EEOC is entitled.

Respectfully submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia  Bar No. 076083

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300

 /s/ Jennifer Randall
JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

## CERTIFICATE OF CONFERENCE

I hereby certify that EEOC Trial Attorney Jennifer Randall and EEOC Supervisory Trial Attorney Judith Taylor conferred with Plaintiff by phone on September 22, 2006. Plaintiff indicated that he is opposed to the EEOC's motion to quash, and Plaintiff EEOC's motion for continuance, and that he is opposed to everything that the EEOC will do in this case. Counsel for Defendant, R. Barry Robinson, is not opposed to the EEOC's motion.

                                     /s/ Jennifer Randall
                                     JENNIFER RANDALL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as designated below, on this the 20th day of October 2006.

Michael L. Buesgens                          ☐ Hand Delivery
3112 Windsor Rd. #1322                        ☑ Federal Express
Austin, Texas 78703                          ☐ Certified Mail, Return Receipt Requested

R. Barry Robinson                            ☐ Hand Delivery
Assistant U.S. Attorney                      ☐ U.S. First Class Mail, Postage Prepaid
816 Congress Avenue Suite 1000               ☐ Certified Mail, Return Receipt Requested
Austin, Texas  78701                         ☑ Electronic Filing


                              /s/ Jennifer Randall
                              JENNIFER RANDALL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

MICHAEL L. BUESGENS,          §
                              §
    *Plaintiff,*          §
                              §
v.                            §    **Civil Action No. 05-CV-00243-SS**
                              §
JOHN W. SNOW,                 §
                              §
    *Defendant.*          §

## ORDER

ON THIS DAY, came to be heard the EEOC's Motion to Quash Plaintiff's Subpoena of EEOC Administrative Law Judge Robert Powell. The Court, having considered said Motion is of the opinion and finds that said Motion should be in all things **GRANTED**.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the EEOC's Motion to Quash Plaintiff's Subpoena of EEOC Administrative Law Judge Robert Powell is hereby **GRANTED**.

SIGNED and ENTERED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

MICHAEL L. BUESGENS        §
                                 §      CIVIL NO:
vs.                                §      AU:05-CV-00243-SS
                                 §
JOHN W. SNOW                §

## ORDER RESETTING ALL PENDING MATTERS

       IT IS HEREBY ORDERED that the above entitled and numbered case is reset for
**ALL PENDING MATTERS** in Courtroom 3, on the 4th Floor, United States Courthouse, 200
W. 8th Street, Austin, TX, on **Monday, October 23, 2006 at 09:00 AM**.

       IT IS SO ORDERED this 16th day of October, 2006.

                                              _____

                                       SAM SPARKS
                                       UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

FILED

2006 OCT 25  AM II: 21

CLERK             COURT
WESTERN             OF TEXAS

BY_____
DEPUTY

**MICHAEL L. BUESGENS,**
**Plaintiff,**

-vs-                                                         **Case No.  A-05-CA-243-SS**

**JOHN W. SNOW, Secretary of the Treasury,**
**Defendant.**

---

## O R D E R

BE IT REMEMBERED on the 23rd day of October 2006, the Court held a hearing in the above-styled cause, and all parties appeared either in person or through counsel. Before the Court were the following pending motions, Plaintiff's Motion for Leave to Supplement Amended Complaint [#20], Plaintiff's Motion to Supplement the Record with Cause of Action and Jurisdiction Clarifications [#30], Plaintiff's Motion to Supplement the Record with Additional Complaint [#31], Plaintiff's Motion for Discovery and to Compel [#32], Plaintiff's Motion that the Court not Limit Plaintiff to 10 Pages [#69], Plaintiff's Motion for Relief on U.S. Attorney R. Barry Robinson and Objections to Witness/Exhibit List [#73], the EEOC's Motion to Quash Subpoena of Judge Powell [#90], the EEOC's Motion to Quash and Motion for Protection Regarding Plaintiff's Motion for Discovery and Disclosure [#91], and Plaintiff's Motion to Stay [#93].  Having considered the motions and the responses where present, the arguments at the hearing, the relevant law, and the case file as a whole, the Court now enters the following orders.

IT IS ORDERED that Plaintiff's Motion for Leave to Supplement Amended Complaint [#20] and Plaintiff's Motion to Supplement the Record with Additional

Complaint [#31] are DENIED. Under Federal Rule of Civil Procedure 15(a) "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Before filing these two motions, Plaintiff had amended his complaint as a matter of course on May 31, 2005 [#17]. The Court denies both of these motions to amend because the Court finds that justice does not require amendment here; the claims Plaintiff seeks to add through these amendments are either duplicative of claims already asserted in this lawsuit or are patently frivolous.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement the Record with Cause of Action and Jurisdiction Clarifications [#30] is GRANTED. The causes of action presently pending before the Court and set for trial in December 2006 consist of Plaintiff's Title VII retaliation claim, Rehabilitation Act Claim, and claims regarding reasonable accommodation, hostile work environment, and retaliation stemming from his EEOC complaints filed on October 18, 2002, April 28, 2003, and July 1, 2003.

IT IS FURTHER ORDERED that Plaintiff's Motion for Discovery and to Compel [#32] is DENIED. This Court cannot compel production of records from outside of this district and Plaintiff seeks records from Federal Occupational Health Services in Bethesda, Maryland as well as two doctors located in Bethesda, Maryland. Plaintiff's motion is also defective under Local Rule CV-7(h) in that it

states "Buesgens made no attempt to contact opposing counsel" before filing the motion.

IT IS FURTHER ORDERED that Plaintiff's Motion that the Court not Limit Plaintiff to 10 Pages [#69] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Relief on U.S. Attorney R. Barry Robinson and Objections to Witness/Exhibit List [#73] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay [#93] is DENIED. Whether or not Donald R. Tawney, Plaintiff's supervisor and manager at the I.R.S. and a potential witness in this case, has filed for bankruptcy has no effect whatsoever on the progress of this case.

IT IS FURTHER ORDERED that Movant EEOC's Motion to Quash Subpoena of Judge Powell [#90] is GRANTED. Judge Powell may not be asked to testify about his rulings. *See Robinson v. Comm'r. of Internal Revenue*, 70 F.3d 34 (5th Cir. 1995) (affirming trial court's quashing of a subpoena seeking testimony from a state court judge regarding "his understanding and knowledge of the final judgment and what went into its determination" where "the whole purpose of the subpoena was to delve into the judge's mental processes." *Id.* at 38. The motion to quash is granted on a number of independent bases: (1) because Plaintiff may not question a judge about his mental processes in reaching a decision; (2) because the information Plaintiff seeks is covered by the deliberative thought process privilege; and (3) because compliance with the subpoena would be unduly burdensome.

IT IS FURTHER ORDERED that Movant EEOC's Motion to Quash and Motion for Protection Regarding Plaintiff's Motion for Discovery and Disclosure [#91] is GRANTED. Plaintiff is not entitled to receive information from other individuals' case files. The EEOC's motion for a protective order from further requests for information and/or documents is also granted.

IT IS FURTHER ORDERED that the EEOC shall file by **November 3, 2006,** an affidavit from an EEOC Administrator in San Antonio, Texas, certifying that a complete copy of the case record, including all exhibits and transcripts has been provided to Plaintiff, as well as any correspondence between Plaintiff and the EEOC subject to a subpoena.

SIGNED this the __24__ day of October 2006.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:            [202] 502-2888

http://www.jpml.uscourts.gov

October 17, 2006

## NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:            November 30, 2006

LOCATION OF HEARING SESSION:      Thomas F. Eagleton United States Courthouse
                                                          Ceremonial Courtroom, 28th Floor
                                                          111 South Tenth Street
                                                          St. Louis, Missouri  63102

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **November 13, 2006.** Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation." These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

c:  Clerk, U.S. District Court for the Eastern District of Missouri

```
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCTOBER 17, 2006

JEFFERY N. LÜTHI
CLERK OF THE PANEL
```

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## HEARING SESSION ORDER

IT IS ORDERED that on November 30, 2006, a hearing session will be held in St. Louis, Missouri, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE OF MATTERS FOR HEARING SESSION
### November 30, 2006 — St. Louis, Missouri

## SECTION A
### MATTERS DESIGNATED FOR ORAL ARGUMENT

### MDL-1798 — In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation

Motion of plaintiff Neiland Cohen for centralization of the following actions in the United States District Court for the Eastern District of Wisconsin:

### Central District of California

*Oscar Gurrola, et al. v. United States of America, et al.*, C.A. No. 2:06-3425

### District of District of Columbia

*Virginia Sloan, et al. v. United States of America*, C.A. No. 1:06-483

### Court of Federal Claims

*Radioshack Corp. v. United States of America*, C.A. No. 1:06-28

### Eastern District of Wisconsin

*Neiland Cohen v. United States of America*, C.A. No. 2:05-1237

Schedule of Matters for Hearing Session, Section A          p. 2
St. Louis, Missouri

## MDL-1799 – In re Vonage Initial Public Offering (IPO) Securities Litigation

Motion of defendants Citigroup Global Markets, Inc.; Deutsche Bank Securities, Inc.; UBS Securities LLC; Bear Stearns & Co., Inc.; Piper Jaffray & Co.; and Thomas Weisel Partners LLC for centralization of the following actions in a single United States district court:

### District of New Jersey

*Roy Bradley Lang, III v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2500
*Kevin Gibbons v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2531
*Sherwin Newborn v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2631
*Douglas M. Werman v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2634
*Marvin Wong, et al. v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2666
*Susana Shafir v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2735
*Michael Haber v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2765
*Marc Weinberg v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2773
*Jitendra Bansal v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-2961
*Moses Greenfield v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-3023
*Mark Goldman v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-3032
*Navaid Alam v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-3039
*Eric Bernath v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-3066
*Steven R. Norsworthy v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-3192
*Albert So v. Vonage Holdings Corp., et al.*, C.A. No. 3:06-3237

### Eastern District of New York

*Marc Rovner v. Vonage Holdings Corp., et al.*, C.A. No. 1:06-3403

## MDL-1800 – In re Michael L. Buesgens Litigation

Motion of plaintiff Michael L. Buesgens for centralization of the following actions in the United States District Court for the District of District of Columbia:

### District of District of Columbia

*Michael L. Buesgens v. United States of America, et al.*, C.A. No. 1:06-1558

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                      )
RUDOLFO LIZCANO                          )
                                         )
            Plaintiffs,                  )
                                         )
      v.                                 )      Civil Action No: 06-1558 (RCL)
                                         )
UNITED STATES OF AMERICA, et al.,        )
                                         )
            Defendants.                  )
_____ )

## FEDERAL DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER OF VENUE[1]

Defendants respectfully move to dismiss this case for lack of subject matter jurisdiction,

improper venue, failure to state a claim upon which relief can be granted, res judicata or, in the

alternative, Defendants move to transfer this case to the Western District of Texas, pursuant to

Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a).  In support of

this Motion, Defendants respectfully refer the Court to the accompanying Memorandum of

Points and Authorities and the attached declaration of Michael L. Salyards, Acting Area Counsel

for General Legal Services for the Department of Treasury, Internal Revenue Service, in Dallas,

Texas, and a proposed order.

Plaintiff should take notice that to the extent that this Motion is treated as one for

summary judgment, any factual assertions contained in the attached Memorandum in Support of

---

[1] Although the Federal Defendants have not been served with Plaintiff's Complaint, we
are filing the instant motion in light of Plaintiff Buesgens's motion to consolidate, which is
pending before the Judicial Panel for Multidistrict Litigation ("Judicial Panel").  An oral
argument on Plaintiff's motion to consolidate is scheduled for November 30, 2006.  See Exhibit
1 (Notice of Hearing Session).  Plaintiff previously filed a motion to consolidate with the Judicial
Panel, however, it was deemed moot in light of this Court's Order in Civil Action No. 05cv2334,
issued May 9, 2006, wherein the Court granted the Federal Defendants' motion to transfer the
case to the Western District of Texas.  See Exhibit 2 (Order Deeming Motion Moot).

this Motion and supporting exhibits will be accepted by the Court as true unless plaintiff submits

his own affidavit or other documentary evidence contradicting the assertions therein. See Neal v.

Kelly, 963 F.2d 453 (D.C. Cir. 1992).[2]

Respectfully submitted,

_s/_ _____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_s/_ _____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_s/_ _____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

---

[2] Defendant has attached several exhibit for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over Plaintiff's claims and whether venue is proper in this District. It is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995).