UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL L. BUESGENS | ) | |
| RUDOLFO LIZCANO | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: 06-1558 (RCL) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER OF VENUE

In Plaintiffs' forty-three page, handwritten complaint, wherein they list fifty-six

Defendants, it appears that Plaintiffs are alleging a multitude of misdeeds that can generally be

described as "negligence, misfeasance, and non-feasance." See Complaint at 14 ¶ 4. Essentially,

Plaintiffs submit a laundry list of one-sentence grievances against the Internal Revenue Service

("IRS"), relating primarily to the denial of their EEO and Federal Tort Claims Act ("FTCA")

complaints. See Complaint ¶¶ 15-22, 27-28. These are the same allegations that Plaintiff

Buesgens made in his last complaint, Civil Action No. 05cv2334. However, as the Federal

Defendants pointed out in their previous motion to dismiss in that case, Plaintiff Buesgens

currently lives in the State of Texas. See Complaint at 1. Plaintiff Lizcano's prior lawsuits

indicate that he also lives in the State of Texas.[3] In addition, Plaintiff Buesgens has three active

---

[3] According to PACER, in Civil Action Nos. 03mc0044 and 03cv0661, wherein Plaintiff sued, among many others, the IRS, Plaintiff Lizcano listed his address as 1614 Walnut Ave., McAllen, Texas 78501.

civil cases pending in the Western District of Texas.[4] These cases involve the same parties and make the same or similar allegations as the ones contained in the instant Complaint.

This case should be dismissed because the Court lacks subject matter jurisdiction over Plaintiffs' claims. Plaintiff Buesgens's claims arise from the same set of facts as his lawsuit pending in the Western District of Texas. In addition, an alleged failure to process an EEO claim properly is not actionable under Title VII. Title VII does not create an independent cause of action for the mishandling of an employee's discrimination complaints.

Moreover, this case should be dismissed, or in the alternative transferred to the Western District of Texas, because the claims arose in that district and because the relevant employment records and witnesses are located in that district.[5] Plaintiffs did not work in the District of Columbia, the action they complain of did not happen in the District of Columbia, and as shown in the attached declaration, Plaintiff Buesgens's employment records are not kept in this district. Accordingly, the Title VII venue statute, 42 U.S.C. § 2000e-5(f)(3), bars Plaintiffs from proceeding with their lawsuit in this District.

Lastly, to the extent that Plaintiff Lizcano makes any claims, they should be barred based on the principles of res judicata, because United States District Court Judge Sparks has already dismissed them. In sum, this Court should dismiss this action pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), or in the alternative transfer it to the Western District of Texas pursuant to 28 U.S.C. § 1404(a) or 1406(a).

---

[4] Plaintiff Buesgens's active civil cases in the Western District of Texas include Civil Action Nos. 05cv243, 06cv226, and 06cv738.

[5] Plaintiffs admit that Mr. Lizcano's allegations involve "the same cast of characters," the "same time frame," and the "same location." See Complaint at 21

## BACKGROUND[6]

Plaintiff Buesgens was employed by the Internal Revenue Service ("IRS"), Wage & Investment Division, as a seasonal GS-0962-08 Contact Representative in Austin, Texas. See Declaration of Michael Salyards ("Salyards Decl.") (attached hereto as Exhibit 3) at ¶ 2. Plaintiff Buesgens began his employment with the IRS on October 22, 1990, and worked in Austin, Texas his entire IRS career. See id. Plaintiff Buesgens retired from the IRS on disability on March 7, 2005. See id. On April 5, 2005, Plaintiff Buesgens filed a Complaint in the United States District Court for the Western District of Texas alleging reprisal for EEO activity and failure to provide reasonable accommodation for a mental disability (depression). See Exhibit 4. Plaintiff Buesgens filed three administrative EEO complaints concerning these issues that were consolidated before the Equal Employment Opportunity Commission ("EEOC") into a single hearing. See Salyards Decl. at ¶ 5. EEOC Administrative Judge Robert Powell issued a bench decision on January 21, 2004, finding no discrimination. See id. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. See id. Plaintiff Buesgens filed an appeal with the EEOC, which was denied on December 29, 2004. See id. A request for reconsideration was also denied on February 18, 2005. See id.

---

[6] The instant Complaint contains no specific facts relating to Plaintiff Lizcano's employment. However, in Civil Action No. 03cv661, the government filed a motion to dismiss on behalf of the Federal Defendants wherein it lists several undisputed facts, citing Plaintiff Lizcano's Complaint. These facts include the following: (1) Lizcano was employed at the IRS Service Center in Austin, Texas for approximately twenty years; (2) on July 15, 2002, Lizcano resigned from IRS employment; and (3) on May 23, 2003, Lizcano was removed from Federal service. See Exhibit 5 (Motion to Dismiss). On December 14, 2004, the Honorable Sam Sparks, United States District Judge in the Western District of Texas, entered judgment for the Federal Defendants. See Exhibit 6 (Order) and Exhibit 7 (Judgment).

On May 31, 2005, Plaintiff Buesgens filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding administrative hearings before the EEOC judges is not neutral and is biased toward the agency. <u>See</u> Salyards Decl. at ¶ 7. On December 6, 2005, Plaintiff Buesgens filed a "Motion to Supplement the Record with Additional Complaint" to assert a claim under the Freedom of Information Act against the Department of Treasury seeking damages for the agency's handling of an alleged FOIA request. <u>See id.</u>

Plaintiff Buesgens filed Civil Action No. 05cv2334 in this District on December 5, 2005. <u>See</u> PACER. In that case as in this one, Plaintiff seemed to be dissatisfied with the EEO process in Texas. Specifically, Plaintiff complained that "[t]he EEO complaint process 'in house' investigations, administrative hearings, OPM oversight and TIGTA investigations are a <u>farce and a mockery</u> of Congress intent in creating the Civil Rights Act and the Rehabilitation Act." <u>See</u> Complaint in Civil Action No. 05cv2334 at 26 (emphasis in original). On May 9, 2006, this Court granted the Federal Defendants' motion to transfer Plaintiff Buesgens's case to the Western District of Texas. <u>See</u> PACER.

For the reasons that follow, Plaintiffs' lawsuit should be dismissed because (1) the Court lacks subject matter jurisdiction over Plaintiffs' claims, and (2) Plaintiffs fail to state a claim upon which relief can be granted. Finally, this case should be dismissed for improper venue or, in the alternative, transferred to the Western District of Texas.

## ARGUMENT

**I.    This Court Lacks Subject Matter Jurisdiction Over This Case.**

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v.

Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is

not required, however, to accept inferences unsupported by the facts alleged or legal conclusions

that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64

(D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125

S.Ct. 35 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff

bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the

evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint.

Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to

determine the existence of jurisdiction, a court may look beyond the allegations of the complaint,

consider affidavits and other extrinsic information, and ultimately weigh the conflicting

evidence. See id. In connection with this rule, defendants have submitted herewith materials

from plaintiff's cases before the Western District of Texas and a declaration concerning venue.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted

only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them

to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing*

Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The Court must resolve all factual

doubts in favor of the Plaintiff and allow the Plaintiff the benefit of all inferences.  *See* EEOC v.

St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

  In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed

true and all reasonable inferences drawn in Plaintiff's favor.  Kowal v. MCI Communications

Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  While plaintiff is entitled to all favorable inferences

that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court

need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set

out in the complaint.  Kowal, 16 F.3d at 1276.  Further, while the court must accept plaintiff's

allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff

would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C.

Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir.

1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations."

Kowal, 16 F.3d at 1276; *see also* Papasan v. Allain, 478 U.S. 265, 286 (1986).

  As an initial matter, Plaintiff Buesgens's claims in this District arise from the same set of

facts as the lawsuits he has filed in the Western District of Texas, and contain the same

allegations as the lawsuit that this Court has previously transferred to the Western District.  As

noted above, Plaintiff Buesgens's Texas Amended Complaint alleges that the Department of

Treasury's administrative system for processing EEO complaints and holding hearings before the

EEOC judges is not neutral and is biased toward the agency.  The United States Court of Appeals

for the District of Columbia Circuit noted that: "separate parallel proceedings have been long

recognized as a judicial inconvenience."  Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d

- 6 -

346, 349 (D.C. Cir. 2003) (quoting <u>Columbia Plaza Corp. v. Sec. Nat'l Bank</u>, 525 F.2d 620, 626

(D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the

wasteful expenditure of energy and money incidental to separate litigation of identical issues

should be avoided")). Where two actions involving the same parties and identical issues are

pending in <u>different</u> federal district courts, the United States Supreme Court has stated that the

"general principle is to avoid duplicative litigation." <u>Colorado River Water Conservation Dist. v.</u>

<u>United States</u>, 424 U.S. 800, 817 (1976) (citations omitted).

   That is exactly the situation here. The Court should dismiss this case in order to avoid

the unnecessary time and expense of litigating the same claim between the same parties in two

different districts. In addition, dismissal would prevent the potential that juries may reach

inconsistent results if the claims proceed in two separate cases. The Court may, in its discretion,

dismiss a case that is also raised in another proceeding. <u>Handy</u>, 325 F.3d at 350-51.[7]

   As noted above, and in the Federal Defendants' prior motion to dimiss, the essence of

Plaintiff Buesgens's allegations is his dissatisfaction with the EEO process in Texas and/or a

reiteration of his substantive discrimination and retaliation claims which are pending in Texas.

For example, he cites "violations of EEOC regulations, and O.P.M. regulations by agencies and

government employees." <u>See</u> Complaint at 16 ¶ 10. He also cites "agency and employees

refusing Buesgens reasonable accomodation and reassignment." <u>See id.</u> at 17 ¶ 13.

---

   [7] <u>Handy</u> involved review of the District Court's dismissal of a lawsuit also brought in
D.C. Superior Court and noted that federal courts should decline jurisdiction over such cases
only in "exceptional circumstances." Here, however, Plaintiff brought similar claims in parallel
federal lawsuits in two different districts. Consistent with the D.C. Circuit's direction, here the
Court should dismiss the claims in this case that currently are pending in earlier-filed actions in
the Western District of Texas.

An alleged failure to process an EEO claim properly is not actionable under Title VII. Stewart v. Evans, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling of EEO complaint is not an adverse action); Kilpatrick v. Riley, 98 F. Supp. 2d 9, 24 (D.D.C. 2000) ("untimely decision on Mr. Kilpatrick's 1997 EEO complaint does not constitute an actionable adverse personnel action within the meaning of Title VII"); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for discrimination. It does not create an independent cause of action for the mishandling of an employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992). See also Anthony v. Bowen, 848 F.2d 1278 (D.C. Cir. 1988) (denying claim for attorney's fees under Title VII where fees were incurred to challenge processing of EEO complaint), cert. denied, 489 U.S. 1011 (1989).

Plaintiffs' only available relief relating to their underlying discrimination and retaliation claims is to file a complaint in the Western District of Texas (which they did) seeking a trial de novo, as Title VII does not permit Plaintiffs to challenge the processing of their EEO claims. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint and it fails to state a claim for which relief may be granted. Accordingly, this action should be dismissed.

## II.    This Action Should Be Dismissed Or Transferred For Improper Venue.

Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3). That provision sets forth the exclusive requirements for venue in Title VII actions. See Stebbins v. State Farm Mut. Ins. Co.,

413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title

VII] was limited by the statute which created the right."). Section 2000e-5(f)(3) provides that

Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to

have been committed"; (2) where "the employment records relevant to such [unlawful

employment] practice are maintained and administered"; (3) where plaintiff "would have worked

but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal

office" (but only if defendant "is not found" in any of the three preceding districts). The District

of Columbia does not meet any of the four conditions for venue.

    First, the alleged unlawful employment practice was not committed in this district. Both

Plaintiffs were employed by the Internal Revenue Services in Austin, Texas. See Salyards Decl.

at ¶ 2; Exhibit 5 at 2. Second, none of Plaintiff Buesgens's employment records (and presumably

none of Plaintiff Lizcano's employment records) are maintained and administered in the District

of Columbia. See id. at ¶ 4. Plaintiff Buesgens' relevant employment records are located in the

Western District of Texas. See id. at ¶ 3. In addition, the relevant management witnesses in this

case are located in the Western District of Texas. Id. Third, as noted above, neither Plaintiff

would have worked in this District at the time period identified in the Complaint. See Salyards

Decl. at ¶ 2; Exhibit 5 at 2. Fourth, Plaintiffs cannot rely on the fourth prong of the venue statute

in § 2000e-5(f)(3) to establish venue here merely because Defendants' principal offices are

located in this District. The statute itself provides that this fourth prong is available only "if the

respondent is not found within any such district" covered by one of the three preceding prongs.

See Stebbins, 413 F.2d at 1103 ("Only where the putative employer cannot be brought before the

court in one of those districts may the action be filed in the judicial district in which he has 'his

principal office.'"").  In the present case, Defendants can be "found" and subject to suit in the

Western District of Texas, where both Plaintiffs worked before they retired.  Accordingly,

pursuant to 28 U.S.C. § 1406(a), this case should either be dismissed or, should this Court

determine it to serve the interest of justice, transferred to the Western District of Texas.

### III.   To The Extent Plaintiff Lizcano Is Attempting To Relitigate Claims Previously Decided, He Is Barred By Principles of Res Judicata.

Based upon the undersigned Assistant's knowledge of Plaintiff Buesgens's prior lawsuit,

it appears that the instant Complaint is his work alone.  To the extent that Plaintiff Lizcano is

attempting to relitigate the claims he raised in Civil Action No. 03cv661 (Western District of

Texas - Austin), he is barred by the principles of res judicata.  In that case, he asserted various

constitutional and statutory actions based upon his former employment with the IRS in Austin,

Texas.  See Exhibits 5 and 6.  As noted above, United States District Judge Sparks entered

judgment on behalf of the Federal Defendants.

Under the related doctrines of res judicata and collateral estoppel, a final judgment on the

merits of an action precludes the parties from relitigating issues that were or could have been

finally decided; and once a court has decided an issue of fact or law necessary to its judgment,

that decision may preclude relitigation of the issue in a suit on a different cause of action

involving a party to the first action.  Allen v. McCurry, 449 U.S. 90, 94 (1980); United States v.

Mendoza, 464 U.S. 154 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); American

Employers Insurance Company v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir.

1984); I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company, 723 F.2d 944,

947 (D.C. Cir. 1983).

Res judicata bars a claim where there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979). Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2003); I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-47 (D.C. Cir. 1983). "The doctrines of res judicata and collateral estoppel are designed to 'preclude parties from contesting matters that they have had a full and fair opportunity to litigate.'" Carter v. Rubin, 14 F Supp.2d 22, 33 (D.D.C. 1998) (citing Montana v. United States, 440 U.S. 147, 153-54 (1979)). Res judicata acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981). As explained by the Supreme Court:

> [T]he doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

Nevada v. United States, 463 U.S. 110, 129-30 (1983) (quoting Cromwell v. Sac County, 94 U.S. 351, 352 (1876)). "The final 'judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.'" Id. at 130 (quoting CIR v. Sunnen, 333 U.S. 591, 597 (1948)).

To determine whether the doctrine of res judicata applies, the Court must decide (1) whether the parties are identical or in privity with each other in both suits; (2) whether the

present claim is the same as a claim that was raised or might have been raised in the first proceeding; (3) whether a judgment was issued in the first action by a court of competent jurisdiction; and (4) whether the earlier decision was a final judgment on the merits. See Paley v. Estate of Ogus, 20 F.Supp. 2d 83, 87 (D.D.C.1998) (citing U.S. Indus., Inc. v. Blake Constr. Co., 765 F.2d 195, 205 n. 21 (D.C. Cir.1985)).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. United States v. Mendoza, 104 S. Ct. at 571; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

It is unclear what Plaintiff Lizcano is litigating here, however, it is clear that the same Federal Defendants are involved in this case as in Civil Action No. 03cv661. Plaintiff Lizcano does not allege that he has filed any claims against the Federal Defendants at the adminstrative level since his last one was decided against him. The ruling against him bars Plaintiff from relitigating his claims in this Court.

## IV.     Even If Venue Were Proper In This District, This Case Should Be Transferred For Convenience And In The Interest Of Justice.

The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C.

- 12 -

§ 1406(a). In the alternative, if the Court were to determine that venue is proper here under the standards set forth in Title VII, this case should nevertheless be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice. See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996). Each of these conditions is satisfied in the present case.

Plaintiffs may properly have brought this action in the Western District of Texas, where Plaintiffs worked at all relevant times, pursuant to the third prong of the Title VII venue statute in § 2000e-5(f)(3). Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Western District of Texas. "Although Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." See Claasen at *6 (holding that where plaintiff lived "in close proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and ordering that case be transferred).

In addition, Plaintiffs' choice of forum is entitled to less weight when, as here, that forum is outside of Plaintiffs' home jurisdiction. Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989). Plaintiffs live in Texas. Many of the witnesses and agency officials with knowledge about Plaintiffs' allegations are located in the Western District of Texas, and the relevant employment records are also located in the Western District of Texas.

- 13 -

<u>See</u> Salyards Decl. at ¶¶ 2-3, Exhibit 5 at 2. Thus, the convenience of the parties and witnesses would be better served in the Western District of Texas and transfer is in the interest of justice.

## CONCLUSION

The Court should either dismiss this action or transfer it to the Western District of Texas.

Respectfully submitted,

_s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_s/_____
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

- 14 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November ___, 2006, I served a copy of the

foregoing Federal Defendants' Motion to Dismiss or for Transfer of Venue, a supporting

memorandum, and a proposed Order by first class mail, postage pre-paid, to the following:

Michael L. Buesgens
3112 Windsor Road
Austin, Texas 78703

_____
KAREN L. MELNIK, D.C. Bar #436451
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0338

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS,                )
                                    )
                    Plaintiff,      )    Civil Action No: 05-2334 (RCL)
                                    )
            v.                      )
                                    )
MARCIA H. COATES, Director          )
Office of Equal Employment Program  )
U.S. Department of the Treasury,    )
                                    )
CART M. DOMINGUES, Chairman,
Equal Employment Opportunity Comm.,

KAY COLES, Director
Office of Personnel Management,     )
                                    )
JOHN W. SNOW, Secretary             )
U.S. Department of Treasury,        )
                                    )
J. RUSSELL GEORGE, Inspector General )
Treasury Inspector General for Tax Admin., )
                                    )
                    Defendants.     )
                                    )
_____)

## DECLARATION OF MICHAEL L. SALYARDS

I, Michael L. Salyards, make the following Declaration in lieu of an affidavit, in accordance with 28 U.S.C. § 1746. I am aware that this Declaration will be filed in the United States District Court for the District of Columbia and that it is the legal equivalent of a statement under oath.

1. I am currently employed by the Department of Treasury, Internal Revenue Service, Office of Chief Counsel, as the Acting Area Counsel for General Legal Services in Dallas, Texas. I have held this position since November 15, 2005.

2.  Agency records indicate that Plaintiff Michael L. Buesgens was formerly employed by the Internal Revenue Service, Wage & Investment Division, as a seasonal GS-0962-08 Contact Representative in Austin, Texas. Per Plaintiffs Official Personnel File (OPF) he began his employment with the Internal Revenue Service on October 22, 1990, and worked in Austin, Texas his entire IRS career. Plaintiff retired from the IRS on disability on March 7, 2005.

3.  Files related to Plaintiffs employment which would be relevant to the above-captioned complaint are located in IRS offices in Austin, Texas. Plaintiffs Equal Employment Opportunity (EEO) complaints, including reports of investigation, are maintained at the Treasury Complaints Center in Dallas, Texas. Plaintiffs personnel, time and attendance, and medical records are located at various IRS offices in Austin, Texas. All disciplinary and other employment actions affecting Plaintiff were made by IRS employees in Austin, Texas. The IRS Wage & Investment Division, Accounts Management site at which Plaintiff was employed, as well as the IRS Labor Relations function servicing that site, are both located in Austin, Texas.

4.  I am aware of no documents relevant to Plaintiffs employment at the Internal Revenue Service that are located in the District of Columbia.

5.  On April 5, 2005, Plaintiff filed a complaint in the United States District Court for the Western District of Texas (Austin) (Civil No. 05-CA-243-SS) alleging discrimination on the bases of race, sex, reprisal for EEO activity, and failure to provide accommodation for a mental disability (depression). This complaint followed Plaintiffs litigation of three administrative EEO complaints before the Equal Employment Opportunity Commission that were consolidated for a single hearing on December 16,

2

2003. EEOC Administrative Judge Robert Powell issued a bench decision on January 21, 2004, finding no discrimination. A Final Agency Decision affirming that determination was rendered by the Department of Treasury on March 1, 2004. Plaintiff filed an appeal with the EEOC, which was denied on December 29, 2004 (EEOC Appeal No. 01A44842). A request for reconsideration was also denied on February 18, 2005. Plaintiff thereafter filed in the Western District of Texas. That suit is currently pending.

6. On May 17, 2005, Plaintiff filed an interlocutory appeal to the Fifth Circuit Court of Appeals (Case No. 05-50730) challenging the district court's denial of his request for appointment of counsel and motions to compel discovery. Additionally, on September 7, 2005, Plaintiff filed a separate petition before the Fifth Circuit (Case No. 05-60879) naming the EEOC as a defendant seeking review of the EEOC's administrative decision noted above. The EEOC responded with a Motion to Dismiss For Lack of Subject Matter Jurisdiction on November 4, 2005.

7. On May 31, 2005, Plaintiff filed an Amended Complaint in the Western District of Texas alleging that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before EEOC judges is not neutral and is biased toward the agency. On December 6, 2005, Plaintiff filed a Motion to Supplement the Record with Additional Complaint to assert a claim under the Freedom of Information Act (FOIA) against the Department of Treasury seeking damages for the agency's handling of an alleged FOIA request.

I declare under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

MICHAEL L. SA___ARDS
Acting Area Cou sel, General Legal Services
Dallas, Texas

Executed on this 7th day of February 2006.

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                    )
3112 Windsor Road                      )
#A 322                                 )
Austin, TX 78703                       )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )    Case No. 1:06-CV-1558
                                       )    Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, <u>et al</u>.    )
                                       )
     and                               )
                                       )
COLLEEN M. KELLEY,                     )
NATIONAL PRESIDENT,                    )
NATIONAL TREASURY EMPLOYEES UNION      )
1750 H Street, NW                      )
Washington, DC 20006                   )
                                       )
          Defendants.                  )
_____)

## <u>DEFENDANT KELLEY'S MOTION TO DISMISS</u>
## <u>ON THE BASIS OF COLLATERAL ESTOPPEL</u>

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure, defendant Colleen Kelley (Kelley) hereby moves this

Court to dismiss the claims filed against her in this civil

action.

As shown in the accompanying memorandum, plaintiff Buesgens

raises the same claims in his September 1, 2006 complaint that

he raised in his December 5, 2005 complaint. This Court

dismissed the prior claims for lack of subject matter

jurisdiction. Buesgens is thus precluded from now pursuing

those same claims in his current complaint.  Accordingly, the
Court should dismiss Buesgens's current complaint on the basis
of collateral estoppel.

WHEREFORE, defendant Kelley respectfully requests that this
Court dismiss all of Buesgens's claims against her.


Respectfully submitted,


/s/ Gregory O'Duden

GREGORY O'DUDEN
General Counsel
Bar No. 254862


/s/ L. Pat Wynns

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840


/s/ Julie M. Wilson

JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley


2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )      Case No. 1:06-CV-1558
                                   )      Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, et al.   )
                                   )
    and                            )
                                   )
COLLEEN M. KELLEY,                 )
NATIONAL PRESIDENT,                )
NATIONAL TREASURY EMPLOYEES UNION  )
                                   )
        Defendants.                )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANT KELLEY'S MOTION TO DISMISS ON THE BASIS OF COLLATERAL ESTOPPEL

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant Colleen M. Kelley (Kelley) hereby submits this memorandum in support of her motion to dismiss the complaint in this action, filed pro se by plaintiff Michael L. Buesgens (Buesgens) on September 1, 2006. Because plaintiff Buesgens raises the same claims in the current complaint that he raised in his December 5, 2005 complaint, and this Court dismissed the prior claims for lack of subject matter jurisdiction, Buesgens is precluded from pursuing the claims in his September 1, 2006 complaint. Accordingly, the Court should dismiss Buesgens's current complaint on the basis of collateral estoppel.

## Background

On December 5, 2005, plaintiff Buesgens filed a complaint in this Court against multiple agency defendants and Colleen M. Kelley, President of the National Treasury Employees Union (NTEU or Union), alleging, among other things, that defendant Kelley and NTEU "failed to represent [him] fairly under Title VII retaliation provisions." Pl. Compl. (dated 12/5/05) at 36.[1] Buesgens further asserted that NTEU engaged in "discriminatory representation" by purportedly 1) negotiating collective bargaining agreements that have the effect of denying him equal opportunities for employment; 2) failing to act affirmatively to prevent IRS from discriminating against EEO complainants generally; 3) failing to process EEO grievances like other grievances; and 4) failing to effectively represent EEO complainants by permitting the EEO director to discriminate against them. Pl. Compl. (dated 12/5/05) at 36-37.

On January 13, 2006, defendant Kelley filed a timely motion to dismiss the complaint. Kelley argued that the Court lacked jurisdiction over Buesgens's claims against her because the allegations were nothing more than a charge that defendant Kelley and NTEU breached a duty of fair representation, over

---

[1]    Courts routinely take judicial notice of prior proceedings in a pending matter. Clay v. Equifax, Inc., 762 F.2d 952, 956 (11th Cir. 1985) (citing 6 Moore Federal Practice § 56.15[7]).

which the Federal Labor Relations Authority had exclusive
jurisdiction.

In a May 9, 2006 decision, the Court agreed that Buesgens's
claims amounted only to a claim that NTEU breached its duty of
fair representation, and, thus, were claims over which the Court
lacked subject matter jurisdiction.  Therefore, the Court
dismissed the complaint against defendant Kelley in its
entirety.  Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C.
2006).

Plaintiff Buesgens has now filed a second complaint in this
Court against defendant Kelley and NTEU.  In the second
complaint, dated September 1, 2006, Buesgens again asserts that
NTEU failed to represent him and discriminated against him.  Pl.
Compl. (dated 9/1/06) at 17.  Buesgens, however, did not provide
in his September 1, 2006 complaint a background section or other
factual context outlining how these alleged failures occurred.
Rather, on page 48 of that complaint, Buesgens states: "the
factual allegations did occur and are documented in court
filings and other records."  The only other court filing against
defendant Kelley and NTEU is the December 5, 2005 complaint.
The allegations of which are described above.

### Issue

Whether Buesgens is precluded from relitigating the asserted claims against defendant Kelley because the Court previously determined that it lacked subject matter jurisdiction over those same claims.

### Argument

### I.    Standard of Review

In reviewing a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." Herron v. Veneman, 305 F. Supp. 2d 64, 70 (D.D.C. 2004); see also Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Doe v. Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Because the plaintiff in this action is proceeding pro se, the Court must liberally construe all arguments set forth in his complaint. See Boag v. MacDougall, 454 U.S. 364, 365 (1982).

Nevertheless, it is the plaintiff's burden of persuasion to establish the existence of subject matter jurisdiction.

6

Reynolds v. U.S. Capitol Police Board, 357 F. Supp. 2d 2, 8
(D.D.C. 2004). While it is recognized that pro se pleadings
shall be construed liberally by the court, the pleader must
allege a claim that falls within the court's jurisdiction.
Logan v. Dep't of Veterans Affairs, 357 F. Supp. 2d 149,
153 (D.D.C. 2004).

## II. Buesgens's Claims Against Defendant Kelley Are Barred by the Doctrine of Collateral Estoppel.

### A. The standards for establishing the application of collateral estoppel

The objective of the doctrine of collateral estoppel (or
issue preclusion) is judicial finality. Yamaha Corp. v. United
States, 961 F.2d 245, 254 (D.C. Cir. 1992). The Supreme Court
has thus emphasized the importance of collateral estoppel: it
fulfills "the purpose for which civil courts had been
established, the conclusive resolution of disputes within their
jurisdiction." Kremer v. Chemical Construction Corp., 456 U.S.
461, 467 n.6 (1982).

Under collateral estoppel, once a court decides an issue of
fact or law necessary to its judgment, that decision precludes
relitigation of the same issue on a different cause of action
between the same parties. Montana v. United States, 440 U.S.
147, 153 (1979). The D.C. Circuit's three standards for
establishing the preclusive effect of a prior holding are:
"First, the same issue now being raised must have been contested

7

by the parties and submitted for judicial determination in the prior case. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination." Yamaha Corp., 961 F.2d at 254 (internal citations omitted). With regard to the third prong, the D.C. Circuit has found that such unfairness would occur "when the losing party clearly lacked incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude." Id.

More specifically to this case, the D.C. Circuit has held that a "party alleging jurisdiction in a second action will be precluded from relitigating any issue of fact or law determined against it in the first action which it had the full opportunity to litigate." GAF Corp. v. United States, 818 F.2d 901, 913 (D.C. Cir. 1987). Although Rule 41 of the Federal Rules of Civil Procedure provides that a dismissal for lack of jurisdiction will not operate as "an adjudication on the merits," it will preclude relitigation of the precise issues of jurisdiction leading to the dismissal in the first case. Reynolds, 357 F. Supp. 2d at 10 (citing GAF Corp., 818 F.2d at 913). Thus, where the jurisdictional issues were "'actually litigated,' i.e., contested by the parties and submitted for

8

determination by the court, and then 'actually and necessarily

determined by a court of competent jurisdiction,'" the

plaintiff's claims may be barred by collateral estoppel.    Id.;

McLaughlin v. Bradlee, 803 F.2d 1197, 1201-02 (D.C. Cir. 1986).

**B.    The doctrine of collateral estoppel precludes
relitigation of the same jurisdictional issues that
formed the basis for a previous dismissal**

In his prior complaint, Buesgens made two principal

assertions against defendant Kelley and NTEU.  First, he claimed

that NTEU failed to represent him.  Pl. Comp. (dated 12/5/05) at

36.  Second, he claimed that NTEU engaged in "discriminatory

representation" by purportedly negotiating improper collective

bargaining agreements; failing to prevent IRS from

discriminating against EEO complainants; failing to process EEO

grievances; and failing to effectively represent EEO

complainants.  Id. 36-37.  This Court dismissed all of those

claims.  It concluded that the Court lacked subject matter

jurisdiction over the claims against defendant Kelley and NTEU

because such claims constituted a charge that NTEU breached its

duty of fair representation, for which the Federal Labor

Relations Authority has exclusive jurisdiction.  Buesgens v.

Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006).

Buesgens now attempts to relitigate the claims at issue in

his December 5, 2005 complaint.  In almost identical language to

that in his first complaint, Buesgens lists NTEU's alleged

failure to represent him and NTEU's alleged discrimination (presumably against him) as causes of action in his September 1, 2006 complaint. Buesgens undoubtedly had the opportunity to litigate the asserted claims during the adjudication of his first complaint. On January 13, 2006, defendant Kelley filed a motion to dismiss Buesgens's December 5, 2005 complaint; Buesgens filed an opposition to that motion—totaling 34 pages—on January 23. See No. 05-cv-2334, doc. no. 22.[2] In addition, in the context of his December 2005 complaint against defendant Kelley, plaintiff Buesgens also filed a motion to file a supplemental complaint (dated Feb. 17, 2006); a motion for summary judgment (dated Mar. 23, 2006); and a motion for reconsideration of the Court's May 9, 2006 decision and order (dated May 17, 2006). Id. at doc. nos. 24, 38 & 56. Buesgens clearly took advantage of every possible opportunity to litigate the jurisdictional issue. Thus, because the Court's jurisdiction over Buesgens's claims was actually and necessarily decided in the prior case and Buesgens has provided no evidence that he lacked either the incentive or opportunity to litigate the issue of jurisdiction in that case, this Court lacks jurisdiction on the basis of collateral estoppel over plaintiff Buesgens's current claims.

---

[2]    Defendant Kelley requests that the Court take judicial notice of the docket sheet in Buesgens's prior case, No. 05-cv-2334. See fn 1.

Moreover, Buesgens cannot remedy the jurisdictional defect

identified in the original complaint, i.e., the Court's lack of

subject matter jurisdiction over Buesgens's claims against

defendant Kelley and NTEU.  By asserting that the relevant

factual allegations are documented in previous court filings

(e.g., his first complaint), Buesgens necessarily concedes that

his September 1, 2006 claims against defendant Kelley and NTEU

are the same as those in his December 5, 2005 complaint.  Pl.

Compl. (dated 9/1/05) at 48.  Because it is well established

that the Federal Labor Relations Authority has exclusive

jurisdiction over those claims, Buesgens is precluded from

bringing the claims before any court.  Karahalios v. Nat'l Fed'n

of Fed. Employees, Local 1263, 489 U.S. 527, 529-36 (1989).

11

## Conclusion

In conclusion, Buesgens's current claims against defendant Kelley must be dismissed because plaintiff Buesgens is barred on the basis of collateral estoppel from asserting claims that were dismissed by this Court in a prior action.

Respectfully submitted,

/s/ Gregory O'Duden

GREGORY O'DUDEN
General Counsel
Bar No. 254862

/s/ L. Pat Wynns

L. PAT WYNNS
Associate General Counsel for
  Appellate Litigation
Bar No. 257840

/s/ Julie M. Wilson

JULIE M. WILSON
Assistant Counsel
D.C. Bar No. 482946

National Treasury Employees Union
1750 H Street, NW
Washington, DC 2006
(202) 572-5500

Counsel for defendant Kelley

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL L. BUESGENS                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )      Case No. 1:06-CV-1558
                                   )      Judge: Royce C. Lamberth
UNITED STATES OF AMERICA, <u>et al.</u>  )
                                   )
        and                        )
                                   )
COLLEEN M. KELLEY,                 )
NATIONAL PRESIDENT,                )
NATIONAL TREASURY EMPLOYEES UNION  )
                                   )
        Defendants.                )
_____)

### CERTIFICATE OF SERVICE

        I hereby certify that I have caused to be served, by first

class mail, a copy of DEFENDANT KELLEY'S MOTION TO DISMISS ON

THE BASIS OF COLLATERAL ESTOPPEL; the MEMORANDUM IN SUPPORT OF

DEFENDANT KELLEY'S MOTION TO DISMISS; and the PROPOSED ORDER on

the following person:

Michael L. Buesgeus
3112 Windsor Road
#A 322
Austin, TX 78703


10/04/06                              /s/ Geri Khan
_____                            _____
Date                                  Geri Khan
                                      Legal Assistant




                                13