

**Your Fellow Union Members**

Thank You for Your Participation

National Treasury Employees Union

**Your membership adds strength to our un and enables NTEU to**

"................protect the rights of employees, to advance and imp general welfare of employees and to dedicate ourselves to the p of justice, equality, and fraternity, we, an organization composed employees, do hereby adopt the following constitution."

Preamble to NTEU's Cor

If Address Correction is Required - Complete Reverse Side.

 **NTEU** The National Treasury Employees L... Washington, D.C.

This card certifies membership in NTEU to

MICHAEL L BUESGENS
MEMBER # 0000229953  CHAPTER  21
IRS AUSTIN COMPLIANCE CENTER
VALID THRU 10/31/2007

and extends all rights and privileges provided membership dues are current and paid up to date.

By (signature)
National President

MICHAEL L BUESGENS
3112 WINDSOR #A322
AUSTIN TX 78703

**IMPORTANT
SAVE THIS CARD**

UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**
DALLAS REGION
A. Macee Smith Federal Building
525 S. Griffin Street, Suite 926, LB 107
Dallas, Texas
75202-5093
(214)767-6266 (Voice Mail)
(214)767-0156 (Fax)
www.flra.gov

December 6, 2005

Michael L. Buesgens
500 E. Stassney, Apt. 1023
Austin, Texas 78745

Re:   National Treasury Employees Union
      Case No. DA-CO-05-0505

Dear Mr. Buesgens:

This office has investigated the unfair labor practice charge which you filed. I have carefully considered all of the evidence and conclude that issuance of a complaint is not warranted.

The charge alleges that the National Treasury Employees Union (Union) violated Section 7116(b)(1) of the Statute by breaching its duty of fair representation through its refusal to provide you with an attorney to represent you in connection with the processing of Equal Employment Opportunity (EEO) complaints which you filed against the Internal Revenue Service (Activity) in 2002 and 2003; by refusing to provide you with an attorney in connection with a hearing before an Administrative Law Judge (ALJ) on December 16, 2003, regarding those complaints; by refusing to provide you with an attorney in 2004 in regard to your appeal to the Equal Employment Opportunity Commission (EEOC) of the ALJ's dismissal of the complaints and your Request for Reconsideration to the EEOC of the rejection by that agency of your appeal; and by refusing to provide you with an attorney in connection with a civil lawsuit which you filed in Federal District Court in April 2005, regarding the dismissal of your complaints by the ALJ and what you contend is a class action suit. The charge also alleges that the Union violated Section 7116(b)(1) of the Statute by the Union breaching its duty of fair representation through the failure of Union Steward Russell Bokelman to competently represent you in the hearing before the ALJ which took place on December 16, 2003.

Initially, as was noted in the initial opening letter in this case on August 12, 2005, the party who files a charge must fully cooperate in the investigation by providing evidence and information in support of the charge. While you submitted a large number of written documents and positions to this office, you failed or refused to provide requested information and testimonial evidence to the investigating Agent in this case on November 8, 2005, the scheduled date for that interview. At your request, you were provided with a second date for presentation of this information, which

was to be November 21, 2005. Moreover, on November 17, 2005, at my request, Regional Attorney Dye of this office contacted you and discussed the importance of your fully cooperating in the investigation on the scheduled date. On November 21, when contacted by the Agent, you again failed or refused to provide the needed information and testimonial evidence. Based upon this fact, I have concluded that you failed to fully cooperate in the investigative process and the facts relied upon in this decision are those which could be understood from your written submissions only.

As limited by the above, the investigation disclosed that you were employed by the Activity as a GS-8 Seasonal Customer Service Representative from October 1900, to March 7, 2005. The investigation further disclosed that you applied for disability retirement in September 2004, and that you subsequently retired based upon medical disability on March 7, 2005. During the period of time that you were employed with the Activity, you were also a member of the Union. In addition, the evidence obtained in the investigation established that you filed three EEO complaints against the Activity in 2002 and 2003, and that the Union designated Union Steward Michael Bokelman to represent you in the processing of these complaints. The three EEO complaints which you filed were ultimately consolidated at a hearing before Administrative Law Judge Robert Powell on December 16, 2003. Bokelman represented you at the hearing, and Attorney Michael Salyards represented the Activity. You contend that Bokelman did not competently represent you at the hearing in that he did not bring up the fact that you had been continually denied official time, there were no written interrogatories, no production of documents, no depositions, no request for admissions, no stipulations, uncooperative informal discovery, no motions to compel, the Activity's reliance on the Privacy Act was not disputed and there was no response to the Activity's Motion for Summary Judgment. At the conclusion of the hearing the ALJ issued a bench decision in which he dismissed the allegations in the EEO complaints which you had filed. Subsequently, the ALJ issued a written decision in the case on January 21, 2004, in which he reaffirmed his decision to dismiss the allegations in the complaints. You appealed the ALJ's decision to the EEOC, but the appeal was denied on December 29, 2004. Thereafter, you filed a Request for Reconsideration with the EEOC, but this was also denied. The investigation also revealed that you filed additional EEO complaints against the Activity in January 2005, March 2005, and in April 2005, and that you have represented yourself in the processing of these complaints. You assert that you requested that the Union provide you with an attorney to represent you in the processing of your EEO complaints from 2002 through 2005, but the requests were refused. In addition, the evidence establishes that you received a right to sue letter from the EEOC on February 18, 2005, regarding the dismissal of the three EEO complaints which you filed in 2002 and 2003, and on April 29, 2005, you filed a civil lawsuit in Federal District Court regarding those complaints. You also contend that this lawsuit constitutes a class action suit on behalf of other employees who have allegedly been discriminated against by the Activity. You requested that the court appoint an attorney to represent you in your lawsuit against the Activity. However, the request was denied, and you are now appealing that decision in the 5th Circuit Court of Appeals. The investigation further revealed that you sent letters to the Union's Deputy General Counsel, Barbara A. Atkin, on July 11 and 22, 2005, in which you requested that the Union provide you with representation by the

2

Union's attorneys in connection with the proceedings which you had initiated in Federal District Court and the 5th Circuit Court of Appeals. Atkin responded to your letters by informing you in a letter dated July 28, 2005, that the Union's staff attorneys only very rarely provide representation to employees in judicial proceedings because of the limited nature of the Union's resources. Atkin further stated in the letter that the Union must devote its staff time and financial resources to the small number of cases that can have the greatest impact on the membership as a whole. Therefore, Atkin concluded in the letter that from the review of the material which you had provided it did not appear that the issues you faced were appropriate for the Union's involvement.

Based upon the above information, I have determined to dismiss the allegations of this charge. Any charge alleging an unfair labor practice which is based on conduct or events which occurred more than six months before the filing of the charge is untimely under Section 7118(a)(4)(A) of the Statute, unless it is established that the respondent agency or labor organization prevented the person filing the charge from discovering the allegedly unlawful conduct within the six month limitations period by concealment or by failing to perform a duty owed to the Charging Party. Any concealment or failure to perform a duty must have prevented the discovery of the unfair labor practice within six months of its occurrence. *United States Department of Labor*, 20 FLRA 296 (1985). It is concluded in this case that the allegations in the charge which concern events that took place prior to February 11, 2005, are untimely filed since the charge was not filed until August 11, 2005. Furthermore, there is no evidence that the Union prevented you from discovering the alleged unlawful conduct within the six month period by concealing its conduct from you or by failing to perform a duty owed to you. Rather the evidence establishes that you were aware that the Union refused to provide an attorney to represent you in the processing of your EEO complaints as well as any deficiencies on the part of Bokelman in his representation of you in the processing of those complaints at the time that such conduct took place.

As concerns your allegations which were not untimely filed (alleged conduct on or after February 11, 2005) the Authority has determined that, where Union membership is not a factor, as in this case, the standard for determining whether an exclusive representative has breached its duty of fair representation is whether the Union deliberately and unjustifiably treated one or more bargaining unit employees differently from other employees in the unit. The Union's actions must amount to more than mere negligence or ineptitude. The Union must have acted arbitrarily or in bad faith. *National Federation of Federal Employees, Local 1453*, 23 FLRA 686 (1986). In addition, the Authority has determined that the duty of fair representation only applies to matters grounded in the Union's authority to act as exclusive representative. *Fort Bragg Association of Educators, National Education Association, Fort Bragg, North Carolina*, 28 FLRA 908 (1987); *Antilles Consolidated Education Association, (OEA/NEA), San Juan, Puerto Rico*, 36 FLRA 776, 778 (1990); *American Federation of Government Employees, Local 1857, AFL-CIO*, 46 FLRA 904 (1992). In this case, the only timely allegations concern the Union's decision not to provide you with an attorney to pursue EEO complaints and related legal actions. There has been no showing that the Union routinely provides attorneys to employees in such situations or that it was required to do son in its status of exclusive representative for purposes of collective bargaining.

3

Absent a showing that you have been deliberately or unjustifiably treated differently than other unit employees, there is insufficient evidence to establish a breach of the duty of fair representation. Accordingly, further proceedings are not warranted, and I am therefore refusing to issue complaint in this matter.

If you do not agree with my decision, you may file an appeal with the Office of the General Counsel. Your appeal should include the applicable Case Number (DA-CO-05-0505) and be addressed to the:

> Federal Labor Relations Authority
> Office of the General Counsel
> 1400 K Street, NW, Second Floor
> Attn: Appeals
> Washington, D.C. 20424-0001

You may file your appeal by mail or by hand delivery. Whichever method you choose, please note that **the last day for filing an appeal in this case is January 9, 2006.** This means that an appeal that is mailed must be postmarked, or an appeal must be hand delivered, no later than **January 9, 2006. Please send me a copy of your appeal.**

If you need more time to prepare your appeal, you may request an extension of time. Mail or hand deliver your request for an extension of time to the Office of the General Counsel at the address listed above. Because a request for an extension of time must be received at least five days before the date your appeal is due, any request for an extension of time in this case must be received at the above address no later than **January 4, 2006.**

The procedures and time limits for filing an appeal are set forth in the Authority's Regulations at section 2423.10(c) through (e) (Volume 5 of the Code of Regulations). 5 C.F.R. §2423.10(c)-(e). These regulations may be found in any Authority Regional office, public law library, some large general purpose libraries, Federal Personnel Offices, and the Authority's Home Page internet site - www.FLRA.gov. I have also enclosed a document which summarizes commonly-asked questions and answers regarding the Office of the General Counsel's unfair labor practice appeals process.

Very truly yours,

James E. Petrucci
Regional Director

Enclosure

cc: Dennis Schneider, National Counsel, National Treasury Employees Union, 3755 South Capital of Texas Highway, Suite 179, Austin, Texas 78704-6600

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 NOV -1 PM 4:21
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| MICHAEL L. BUESGENS<br>Plaintiff<br><br>V.<br><br>FALCON RIDGE APARTMENTS,<br>FALCON APARTMENTS OF AUSTIN,<br>LTD., FALCON APARTMENTS OF<br>AUSTIN I, INC., GREYSTAR PROPERTY<br>MANAGEMENT, DEBI WEHMEIER,<br>MANDY ROGERS AND<br>AMANDA WILSON<br>Defendants | § § § § § § § § § § § § § CAUSE NO. A-06-CA-226-LY |

## DEFENDANTS' ORIGINAL ANSWER

Greystar Management Services, L.P. ("Greystar") and GREP General Partner, LLC ("GREP") file their Original Answer in response to Plaintiff's "Second Amendment" and would respectfully show as follows:

### Background

Plaintiff filed this case in the 200th Judicial District of Travis County, Case No. D-1-GN-06-00262, styled *Michael L. Buesgens v. Falcon Ridge Apartments, et. al.* on January 23, 2006 naming Falcon Ridge Apartments, Falcon Apartments of Austin, Ltd., Falcon Apartments of Austin I, Inc., Greystar Property Management, Debi Wehmeier, Mandy Rogers and Amanda Wilson as Defendants. On January 25, 2006, Plaintiff filed a "Supplement to Plaintiff's Original Complaint" which added state statutory claims. On February 13, 2006, Plaintiff filed "Plaintiff's First Amendment to Original Complaint". On or about February 28, 2006, Plaintiff filed his "Second Amendment" which added one party, Austin Apartment Association. Defendant Falcon Ridge of Austin I, Inc. removed

- 1 -

259963-1

the case to this Court on March 29, 2006. The Court has denied Plaintiff's Motion to Remand.

Greystar was served with citation on September 29, 2006. GREP has not been served with citation in this case.

### Answer

1. Defendants deny that Plaintiff is currently a tenant at Falcon Ridge Apartments. Defendants admit that the address of Falcon Ridge Apartments is 500 E. Stassney, Austin, Texas 78745 and that the legal description contained in the first paragraph of Plaintiffs [sic] Second Amendment is accurate. Defendants admit that Plaintiff was a tenant at Falcon Ridge Apartments until July 5, 2006.

2. Defendants admit that Falcon Apartments of Austin, Ltd. is the owner of the apartment community known as Falcon Ridge Apartments. Defendants admit that Falcon Apartments of Austin I, Inc. is the general partner of Falcon Apartments of Austin, Ltd.

3. Defendants admit that Greystar Management Services, LP is the management company responsible for day-to-day management of the apartment community known as Falcon Ridge Apartments. Greystar Management Services, LP operates the community pursuant to contract with the owner of the community, Falcon Apartments of Austin, Ltd. Defendants admit that the general partner of Greystar Management Services is GREP General Partner, LLC.

4. Defendants are without sufficient knowledge to admit or deny any facts regarding the Austin Apartment Association.

5. Defendants admit that Plaintiff was served with an eviction notice by Mandy Rogers and Amanda Wilson on December 30, 2005.

6. Defendants deny that the forcible detainer suit in Justice of the Peace Precinct 3 and 5 was handled solely by Mandy Rogers and Amanda Wilson. Defendants admit that a trial of the forcible detainer suit was held on January 26, 2006 before Judge Harriet Murphy.

7. Defendants admit that Plaintiff appealed the forcible detainer action to the Travis County Court. Defendants would further aver that the appeal has now been concluded with judgment in favor of Defendants.

8. Defendants admit that Plaintiff filed this suit in Travis County District Court on January 23, 2006.

9. Defendants admit that Plaintiff filed a housing discrimination complaint based on disability with the City of Austin Fair Housing office of December 28, 2005.

10. Defendants deny that the two named representatives of the City of Austin Fair Housing office failed to perform their duties or failed to comply with Fair Housing Act statutes and regulations.

11. Defendants deny that the two named representatives of the City of Austin Fair Housing office colluded with Defendants Rogers or Wilson or counsel for Defendants in any manner, or that any actions by any of them constitute a "biased pattern and practice of retaliatory discrimination depriving Buesgens of fair housing."

12. Defendants deny that Plaintiff has a valid claim for the tort of personal injury.

13. Defendants deny that Plaintiff has a valid claim for housing discrimination based on disability.

14. Defendants deny that general partners of any of the Defendants are vicariously liable for the actions of any other Defendant.

15. Defendants deny that Defendants Rogers and Wilson are "primary tortfeasors" in their performance of duties as employees or "servants" of the general partners.

16. Defendants deny that they violated the lease agreement between Plaintiff and Falcon Ridge Apartments. Defendants would further aver that the issues regarding breach of the lease agreement have been fully and finally litigated in the forcible detainer action tried first in the Justice of the Peace Court on January 26, 2006 and again in a trial *de novo* before the Travis County Court at Law No. 1 on June 16, 2006. At the conclusion of the trial *de novo*, judgment was entered in favor of the Landlord on all issues regarding the lease and a monetary award entered in favor of the Landlord and against Plaintiff herein.

17. Defendants deny any violation of the Texas Property Code or Municipal Ordinances.

18. Defendants deny that Plaintiff is entitled to or should recover any compensatory damages, punitive damages, injunctive relief or declaratory relief.

### Affirmative Defenses

19. <u>Failure to Mitigate</u>  Without waiving the foregoing defenses and denials of liability, Defendants contend that Plaintiff has failed to mitigate any damages which he claims to have suffered.

20. <u>Res Judicata</u>  The doctrine of *res judicata* bars the re-litigation of several issues raised by Plaintiff's current pleadings, most particularly any issues regarding breach of the lease by either Plaintiff or Defendants. The issues surrounding the lease and compliance therewith have been fully and finally litigated in two courts, one being a court of record—the Travis County Court at Law No. 1—and this Court is bound by the

findings and rulings of that Court with respect to issues regarding breach of the written lease agreement.

WHEREFORE PREMISES CONSIDERED, Defendants pray that judgment be entered awarding nothing to Plaintiff and that all costs be assessed against Plaintiff and enter such other and further orders to which these parties may show themselves to be justly entitled.

Respectfully submitted,

ARMBRUST & BROWN

Gregory S. Cagle
State Bar Number 24003678
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Phone: (512) 435-2300
Facsimile: (512) 435-2360


CRADY, JEWETT & MCCULLEY, LLP

Shelley Bush Marmon
State Bar Number 034907050
2727 Allen Parkway, Suite 1700
Houston, Texas 77019
Phone: (713) 739-7007
Facsimile: (713) 739-8403

**ATTORNEYS FOR DEFENDANTS GREYSTAR MANAGEMENT SERVICES, L.P. AND GREP GENERAL PARTNER, LLC.**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 1st day of November, 2006 a true and correct copy of the foregoing document was mailed via U.S. Certified Mail, Return Receipt Requested and/or Regular U.S. Mail, as follows:

Michael L. Buesgens, Pro Se
3112 Windsor Road, #A322
Austin, Texas 78703

William Warren
Warren Law Firm
1011 Westlake Drive
Austin, Texas 78746

_____
Gregory S. Cagle

- 6 -

259963-1

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

October 17, 2006

### NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:        November 30, 2006

LOCATION OF HEARING SESSION:    Thomas F. Eagleton United States Courthouse
                                Ceremonial Courtroom, 28th Floor
                                111 South Tenth Street
                                St. Louis, Missouri  63102

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **November 13, 2006.** Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation." These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

*/s/ Jeffery N. Lüthi*
Jeffery N. Lüthi
Clerk of the Panel

c: Clerk, U.S. District Court for the Eastern District of Missouri

```
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
        FILED

    OCTOBER 17, 2006

    JEFFERY N. LÜTHI
   CLERK OF THE PANEL
```

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## HEARING SESSION ORDER

IT IS ORDERED that on November 30, 2006, a hearing session will be held in St. Louis, Missouri, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS<br>RUDOLFO LIZCANO<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No: 06-1558 (RCL)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Defendants filed a motion to dismiss on November 1, 2006. Plaintiffs are proceeding pro se. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a pro se plaintiff of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509.

Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

> Under Rule 56(e) of the Federal Rules of Civil Procedure,
> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to

be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties, such as Buesgens, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance, this Court wishes to advise plaintiffs that they must respond to defendants' previously filed motion within fourteen days of the date of this Order. If plaintiffs do not respond, the Court will treat the motions as conceded and dismiss the complaint.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, November 2, 2006.

UNITED STATES OF AMERICA
BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: MICHAEL L. BUESGENS
LITIGATION

MDL DOCKET NO. 1800

PLAINTIFF - PRO SE
SUPPLEMENT TO SUPPORT
MDL JURISDICTION PURSUANT
TO 28 U.S.C.A. SECTION 1407

**SEE** EXHIBITS AND ATTACHMENTS AND COURT FILINGS FOR

1. CIVIL ACTION: 1:2006CV01558 U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

AND

2. CIVIL ACTION 1:2005CV234SS U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

## CERTIFICATE OF SERVICE

I CERTIFY THAT ONE TRUE COPY OF THIS SUPPLEMENT TO JURISDICTION AT AOL WAS SERVED BY FIRST CLASS MAIL ON THIS 4TH DAY OF NOVEMBER, 2006

2

ADDRESSED TO:

R. BARRY ROBINSON
ASSISTANT U.S. ATTORNEY
816 CONGRESS AVE, #1800
AUSTIN, TEXAS 78701

AND

SHELLEY BUSH MARMON
GREGORY S. CAGLE
CRADY JEWETT & MCCULLEY, LLP
2727 ALLEN PARKWAY #1700
HOUSTON, TEXAS 77019

AND

WILLIAM S. WARREN
AUSTIN APARTMENT ASSOCIATION
CHARLES E. BROWN
1011 WEST LAKE DRIVE
AUSTIN, TEXAS 78746

AND

NEW ADDRESS
MEGAN GOEKES
1700 MELISSA OAKS LANE
AUSTIN, TEXAS 78744-7980

3


AND
BEN FLOREY, JR.
1800 GUADALUPE ST.
AUSTIN, TEXAS 78701
AND
DEREK HOWARD
100 CONGRESS AVE #1720
AUSTIN, TEXAS 78701
AND
KAREN MELNIK
U.S. ATTORNEYS OFFICE
555 FOURTH ST, NW
ROOM E4112
WASHINGTON, DC 20530

*Michael L Buesgens*
MICHAEL L. BUESGENS
PRO SE
PRIVATE ATTORNEY GENERAL
3112 WINDSOR RD #A322
AUSTIN, TEXAS 78703
512-339-6005 EXT 7958
MIKEBUESGENS@HOTMAIL.COM

4