UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL L. BUESGENS<br>RUDOLFO LIZCANO<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No: 06-1558 (RCL)<br>)<br>)<br>)<br>)<br>) |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS OR FOR TRANSFER OF VENUE**

**I.  INTRODUCTION**

In response to Defendants' Motion to Dismiss or for Transfer of Venue ("Defendants' Motion"), pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), 12(b)(6) and 28 U.S.C. §§ 1404(a) and 1406(a), Plaintiffs make the same or similar allegations that are contained in Civil Action No. 05cv2334, which this Court transferred to the Western District of Texas on May 9, 2006.  The only additional claims consist of frivolous accusations of misconduct against the undersigned Assistant.  Since Plaintiffs' Opposition fails to establish that jurisdiction is proper in this District, their Complaint should be dismissed.  In the alternative, this case should be transferred to the Western District of Texas because the claims arose in that district and because the relevant employment records and witnesses are located in that district.[1]

---

[1] In their Opposition, Plaintiffs fail to respond to Defendants' res judicata argument with respect to Mr. Lizcano.  Further, neither Plaintiffs' Complaint nor their Opposition is signed by Plaintiff Rudolfo Lizcano, in violation of Fed. R. Civ. P. 11(a).  Perhaps Mr. Lizcano smartly heeded United States District Judge Sparks warning that if he filed another frivolous lawsuit, the Court would impose sanctions.  See Exhibit 6 to Defendants' Motion at 3.  The Defendants respectfully suggest that this Court give Mr. Buesgens the same warning.

## II.  LEGAL STANDARDS

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.  In connection with this rule, defendants have submitted herewith materials from plaintiff's cases before the Western District of Texas and a declaration concerning venue.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing* Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The Court must resolve all factual

doubts in favor of the Plaintiff and allow the Plaintiff the benefit of all inferences.  *See* EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in Plaintiff's favor.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Kowal, 16 F.3d at 1276.  Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; *see also* Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.  ARGUMENT

Plaintiffs do not challenge the Federal Defendants' argument, explained in both their motion in this case as well as in Civil Action No. 05cv2334, that Mr. Buesgens's Title VII claims arise from the same set of facts as the lawsuits he has filed in the Western District of Texas, and contain the same allegations as the lawsuit that this Court previously transferred to the Western District.  Specifically, Mr. Buesgens's Texas Amended Complaint alleges that the Department of Treasury's administrative system for processing EEO complaints and holding hearings before the EEOC judges is not neutral and is biased toward the agency.  The United States Court of Appeals for the District of Columbia Circuit noted that: "separate parallel proceedings have been long

recognized as a judicial inconvenience." Handy v. Shaw, Bransford, Veilleux & Roth, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting Columbia Plaza Corp. v. Sec. Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided")). Where two actions involving the same parties and identical issues are pending in different federal district courts, the United States Supreme Court has stated that the "general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations omitted).

   That is exactly the situation here. The Court should dismiss this case in order to avoid the unnecessary time and expense of litigating the same claim between the same parties in two different districts. In addition, dismissal would prevent the potential that juries may reach inconsistent results if the claims proceed in two separate cases. The Court may, in its discretion, dismiss a case that is also raised in another proceeding. Handy, 325 F.3d at 350-51.

   In addition, Plaintiffs have failed to challenge Defendants' argument that the essence of Plaintiff Buesgens's allegations is his dissatisfaction with the EEO and/or MSPB processes in Texas. An alleged failure to process an EEO claim properly is not actionable under Title VII. Stewart v. Evans, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (dissatisfaction with agency's handling of EEO complaint is not an adverse action); Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for discrimination. It does not create an

independent cause of action for the mishandling of an employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992).

Plaintiffs' only available relief relating to their underlying discrimination and retaliation claims is to file a complaint in the Western District of Texas (which they did) seeking a trial de novo, as Title VII does not permit Plaintiffs to challenge the processing of their EEO claims. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' Complaint and it fails to state a claim for which relief may be granted. Accordingly, this action should be dismissed.

In addition, this case should be transferred to the Western District of Texas because venue is improper. Title VII's venue provision is 42 U.S.C. § 2000e-5(f)(3). That provision sets forth the exclusive requirements for venue in Title VII actions. See Stebbins v. State Farm Mut. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("The venue of the right of action here in suit [under Title VII] was limited by the statute which created the right."). Section 2000e-5(f)(3) provides that Title VII claims may be brought only: (1) where "the unlawful employment practice is alleged to have been committed"; (2) where "the employment records relevant to such [unlawful employment] practice are maintained and administered"; (3) where plaintiff "would have worked but for the allegedly unlawful employment practice"; or (4) where defendant "has his principal office" (but only if defendant "is not found" in any of the three preceding districts). The District of Columbia does not meet any of the four conditions for venue.

First, the alleged unlawful employment practice was not committed in this district. Both Plaintiffs were employed by the Internal Revenue Services in Austin, Texas. See Salyards Decl. at ¶ 2; Exhibit 5 to Defendant's Motion at 2. Second, none of Plaintiff Buesgens's employment records (and presumably none of Plaintiff Lizcano's employment records) are maintained and

administered in the District of Columbia. See id. at ¶ 4. Plaintiff Buesgens's relevant employment records are located in the Western District of Texas. See id. at ¶ 3. In addition, the relevant management witnesses in this case are located in the Western District of Texas. Id. Third, as noted above, neither Plaintiff would have worked in this District at the time period identified in the Complaint. See Salyards Decl. at ¶ 2; Exhibit 5 to Defendants' Motion at 2. Fourth, Plaintiffs cannot rely on the fourth prong of the venue statute in § 2000e-5(f)(3) to establish venue here merely because Defendants' principal offices are located in this District. The statute itself provides that this fourth prong is available only "if the respondent is not found within any such district" covered by one of the three preceding prongs. See Stebbins, 413 F.2d at 1103 ("Only where the putative employer cannot be brought before the court in one of those districts may the action be filed in the judicial district in which he has 'his principal office.'"). In the present case, Defendants can be "found" and subject to suit in the Western District of Texas, where both Plaintiffs worked before they retired. Accordingly, pursuant to 28 U.S.C. § 1406(a), this case should either be dismissed or, should this Court determine it to serve the interest of justice, transferred to the Western District of Texas.

      The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). In the alternative, if the Court was to determine that venue is proper here under the standards set forth in Title VII, this case should nevertheless be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to transfer a case under three conditions: (1) there is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better

served in the alternative district; and (3) transfer is in the interest of justice. See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996). As explained in Defendants' Motion at 13-14, each of these conditions is satisfied in the present case.

Lastly, Plaintiffs make unsupported, frivolous allegations of misconduct against the undersigned Assistant, and request that sanctions be imposed against her.[2] Specifically, Plaintiffs allege that the undersigned's "negligent misrepresentations and misconduct in Case No. 1:2005cv2334 and Case No. 1:2006cv1550 have caused Buesgens harm." See Plaintiffs' Opposition at 2. Plaintiffs further allege that the undersigned's "gamesmanship and failures to disclose have caused multiple new causes of action." See id. This is clearly not a basis for sanctions against Defendants' counsel. The standard for applying Rule 11 sanctions is very high in the District of Columbia and certainly is not met in this case. Under Rule 11, a person signing a pleading certifies among other things that:

> . . . to the best of the person's knowledge, information, and belief . . . [the pleading] (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivilous argument for the extension, modification, or reversal of existing law . . .; (3) the allegations and other factual contentions have evidentiary support [or] are likely to have evidentiary support . . .; and (4) the denials of factual contentions are warranted on the evidence . . .

(Brackets and ellipses added).

In this Circuit, the test is whether a "reasonable inquiry would have revealed that there is no basis in law or fact for the asserted claim." Laverne Johnson Reynolds, et al. v. The U.S.

---

[2] Mr. Buesgens previously filed an equally frivolous motion for sanctions against the undersigned in Civil Action No. 05cv2334.

Capitol Police Board, 357 F.Supp.2d 19, 23 (D.D.C. 2004). Thus, it almost goes without saying that, even if the Court subsequently finds that a party failed to sustain its burden of proof with respect to a contention, this hardly demonstrates a Rule 11 violation. Naegele v. Albers, 355 F.Supp.2d 129, 147 (D.D.C. 2005). A court will not find Rule 11 sanctions based upon "procedural niceties." Rather, it must be "patently clear" that a pleading "had no chance of success under the existing precedents and [that] no reasonable argument [could] be advanced to extend, modify or reverse the law as it stands." Independence Fed. Savings Bank v. Bender, 230 F.R.D. 11, 16-17, 2005 U.S. Dist. LEXIS 16923 (D.D.C. July 19, 2005). Therefore, Rule 11 sanctions, which never are to be "take[n] lightly," are "an extreme punishment for pleadings that frustrate judicial proceedings." Dove v. WMATA, 2005 U.S. Dist. LEXIS 17955 (D.D.C. Aug. 18, 2005) at *7.

Not surprisingly, Rule 11 is to be applied sparingly. It is a "blunt instrument of sanction against individual attorneys . . . to be applied with restraint." Dove, 2005 U.S. Dist. LEXIS 17955 at *7 (emphasis added). Rule 11 "guards against abuses to the judicial process," such as "frivolous and baseless filings that are not well grounded, [are] legally untenable, or brought for the purpose of vexatiously multiplying the proceedings." Id. at *9.

When considering a Rule 11 sanctions motion, the Court may also consider whether the filing was made in "bad faith," as well as whether it was frivolous. See Paul v. FNMA, 697 F.Supp. 547, 550-551 (D.D.C. 1988); LaFrance v. Georgetown Univ. Hosp., 1988 U.S. Dist. LEXIS 17514 at *16 (D.D.C. 1988); Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984) (no Rule 11 sanction imposed where "subjective bad faith" absent); but see, e.g., Laverne Johnson Reynolds, supra, 357 F.Supp.2d at 23 (the test under Rule 11 is "an objective

one"); Eastway Constr. Corp. v. New York, 762 F.2d 243 (2d Cir. 1985)(subjective good faith no longer precludes imposing sanctions under 1983 amendment to Rule 11).  Examples of sanctionable conduct where the Court could find bad faith are "dilatory" or "vexatious" tactics to "perpetuate litigation" or cause "needless" or "unnecessary" delay.  Paul, supra, 697 F.Supp. at 550-551.

Even if the absence of bad faith is not dispositive in a Rule 11 analysis, there is absolutely *nothing* in the Government's advocacy here that may be sanctionable.  The Government's filings are characterizations of on-the-record pleadings and legal arguments that are well within the existing law.  See Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984)(Court finds no Rule 11 sanctions where, even though the plaintiffs' arguments did "not prevail," they were not "specious arguments long ago rejected by the courts" or "outrageous arguments."); Cady v. South Suburban College, 310 F.Supp.2d 997, 1001-2 (N.D. Ill. E.D. 2004)(mod. on other grounds 2005 U.S.App. LEXIS 23150 (7th Cir. Ill. Oct. 24, 2005))(Court refuses to apply Rule 11 sanctions simply because it disagrees with "characterizations" in motion to dismiss; this does "not even approach" sanctionable conduct); Tekula v. Bayport-Blue School District, 295 F.Supp.2d 224, 235 (E.D. NY 2003)(Court's denial of several contentions of defendant's motion to dismiss does not provide basis for Rule 11 sanctions).  Rather than the Government's filings, each and every one of Plaintiff Buesgens' filings much more resemble sanctionable filings in the District of Columbia.

## CONCLUSION

The Court should either dismiss this action or transfer it to the Western District of Texas.

Respectfully submitted,


_____s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney



_____s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney



_____s/_____
KAREN L. MELNIK, D.C. BAR # 436451
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

- 10 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 9th, 2006, I served a copy of the foregoing Federal Defendants' Reply in Support of Motion to Dismiss or for Transfer of Venue, a supporting memorandum, and a proposed Order by first class mail, postage pre-paid, to the following:

>Michael L. Buesgens
>3112 Windsor Road
>Austin, Texas 78703

>_____
>KAREN L. MELNIK, D.C. Bar #436452
>Assistant United States Attorney
>Civil Division
>555 4th Street, N.W.
>Washington, D.C.  20530
>(202) 307-0338