```
09:41:58   1              MR. BUESGENS:  March 7th.  Yes, sir.
09:42:00   2              THE COURT:  And you receive disability payments?
09:42:04   3              MR. BUESGENS:  Yes, I do.
09:42:04   4              THE COURT:  All right.  Now, the lawsuit that you have
09:42:08   5   in Judge Yeakel's court has to do -- as I understood it, the only
09:42:16   6   thing that I remember about it is you moved to disqualify him,
09:42:20   7   and I had a hearing on that, and, of course, he doesn't know
09:42:26   8   anything more than his papers show.  But that started with your
09:42:34   9   living -- it's a retaliation in your living circumstance where
09:42:42  10   you were evicted, and then, you sued the people who were involved
09:42:44  11   in the eviction, which turned out to be some judges, and other
09:42:48  12   things like that, who have immunity.
09:42:52  13              MR. BUESGENS:  Your Honor, I filed a reasonable
09:42:54  14   accomodation December 22nd of 2005 with this apartment community.
09:43:00  15   On December 28th, I filed a housing discrimination complaint with
09:43:04  16   City of Austin, HUD Certified Office.
09:43:06  17              THE COURT:  Okay.  But that doesn't --
09:43:08  18              MR. BUESGENS:  On December 30th, the eviction suit was
09:43:10  19   filed against me.
09:43:12  20              THE COURT:  Well, but that's in the other suit.  Do you
09:43:14  21   understand that?
09:43:14  22              MR. BUESGENS:  No.  It's in here, too.
09:43:14  23              THE COURT:  Why did you file a second lawsuit then?
09:43:18  24              MR. BUESGENS:  What could I do?  I filed it in state
09:43:20  25   court.  They moved it over here.  I didn't want to come over here
```

```
09:43:24   1   with it.  They jerked me around on that and brought me over here.
09:43:28   2          THE COURT:  Okay.
09:43:28   3          MR. BUESGENS:  Not only that, they remanded the thing
09:43:30   4   illegally, unlawfully, or whatever.  And then, they withheld the
09:43:34   5   identities of who the owners of Falcon Ridge Apartments are.
09:43:36   6   Falcon Ridge Apartment has no capacity or standing anywhere, and
09:43:40   7   that's who brought the eviction suit against me.
09:43:46   8          THE COURT:  All right.  What are you seeking with --
09:43:48   9   against the EEOC at this point?  I've got a motion to quash a
09:43:52  10   subpoena and a motion for protective order on Robert Powell.
09:44:00  11          MR. BUESGENS:  Your Honor, I have been in contact with
09:44:02  12   the EEOC since -- well, I think my first letter was the end of
09:44:08  13   December 2003 to a Supervisory Judge Duderstadt.
09:44:14  14          THE COURT:  What do you want now?
09:44:16  15          MR. BUESGENS:  What do I want now from the EEOC?
09:44:18  16          THE COURT:  Yes.
09:44:18  17          MR. BUESGENS:  The truth.  I want their testimony as to
09:44:22  18   the truth.  And Judge Powell doesn't want to come in here and say
09:44:24  19   he never saw these documents, never got the evidence that was
09:44:26  20   withheld at the trial -- at the administrative hearing December
09:44:30  21   16th, 2003.
09:44:32  22          THE COURT:  Well, but when you got the letter from the
09:44:36  23   EEOC that allowed you to sue, don't you understand that it's
09:44:44  24   whether they call it de novo, you get a complete new chance?  You
09:44:48  25   have the burden to prove the accommodation, and the reassignment,
```

```
09:44:54   1   and the damages but --
09:44:54   2           MR. BUESGENS:  Excuse me, your Honor.  Can I say?  I
09:44:56   3   didn't have these documents that they withheld until 2005, and I
09:45:00   4   had to file this appeal in January of 2004, and I had to do it by
09:45:04   5   myself and I was sick at that time, too.  The union wouldn't help
09:45:08   6   me.
09:45:10   7           THE COURT:  Well, all of that is in the past.
09:45:18   8           MR. BUESGENS:  Not for me.  It's front and center.
09:45:20   9           THE COURT:  No, no, no.  It may be front and center the
09:45:22  10   way you think of things.  But for this trial, you need to
09:45:26  11   concentrate on just these issues, the substantive issues, not
09:45:30  12   whether somebody had or didn't have an exhibit.  If you have the
09:45:36  13   exhibit, you can use it now.  If you don't have the exhibit, you
09:45:38  14   can't use it now.
09:45:40  15           MR. BUESGENS:  Your Honor, I am claiming that they
09:45:42  16   intentionally withheld those documents from the hearing.  It
09:45:46  17   affected my legal rights and remedies.  I would have won that
09:45:50  18   case with those documents.  Not only that, they've got a
09:45:54  19   dispute --
09:45:54  20           THE COURT:  There wasn't anything to win.
09:45:56  21           MR. BUESGENS:  Yes, there was.  I --
09:45:58  22           THE COURT:  They could have made a decision, and the
09:46:00  23   government could have appealed to have a new trial.
09:46:02  24           MR. BUESGENS:  They could have.  Yes.
09:46:04  25           THE COURT:  And you appealed to have a new trial.  And
```

```
09:46:08   1  this is the new trial.
09:46:10   2            MR. BUESGENS:  Your Honor, they withheld evidence.  Don
09:46:14   3  Tawney, all the managers over there, and Michael Salyards,
09:46:20   4  General Legal Services attorney.  And that's why I've got the
09:46:24   5  FTCA claim against them in the District of Columbia, along with
09:46:28   6  the FOIA, and the Privacy Act claim.  Running my medical
09:46:34   7  information all over the place.
09:46:38   8            Your Honor, do you -- are you aware that I'm a
09:46:40   9  qualified individual with a disability?
09:46:44  10            THE COURT:  Am I aware of it?  I'm aware that you
09:46:46  11  contend that.
09:46:48  12            MR. BUESGENS:  Are you aware that I have proof of that?
09:46:50  13            THE COURT:  I don't know if you have proof of it or
09:46:52  14  not, sir.  That's why we're having a trial.
09:46:54  15            MR. BUESGENS:  I've got the document right here.
09:46:56  16            THE COURT:  Well, the document is going to be a hearsay
09:46:58  17  document.  You need a doctor to come in and testify.  But I'm
09:47:02  18  assuming that whatever the doctors put down there, they're going
09:47:06  19  to say.
09:47:08  20            MR. BUESGENS:  Your Honor, it's the Federal
09:47:10  21  Occupational Health doctors in Bethesda, Maryland.  They were
09:47:14  22  working on my reasonable accommodation.  They say, right in here,
09:47:16  23  that I was a qualified individual per the ADA.  And the other --
09:47:18  24  Assistant Attorney Barry Robinson is saying I wasn't.
09:47:22  25            THE COURT:  Well, I don't know what -- if they were
```

```
09:47:24   1   attempting to give you an accommodation in 2002 and 2003 and
09:47:30   2   2004, I assume somebody thought that you were a qualified
09:47:34   3   individual with disability.
09:47:36   4            MR. BUESGENS:  Your Honor, but see, they're just saying
09:47:36   5   that we assumed he was.  There's a issue here as to the doctor
09:47:42   6   saying that.
09:47:42   7            THE COURT:  The jury is going to have to find that you
09:47:44   8   are or are not.
09:47:46   9            MR. BUESGENS:  Why would the jury have to do that?
09:47:48  10   This thing has already been settled.  It was settled in 2003 as
09:47:52  11   to whether I was or not.  And I did a FOIA request with the FOH a
09:47:58  12   month ago or -- no, 45 days ago, and they still haven't given me
 :48:02  13   the information that I believe the U.S. Attorney here is in on
09:48:06  14   that, and TIGTA, to withhold that information from me, also.
09:48:12  15   Another FOIA complaint.  The complaints just keep going on and on
09:48:18  16   because they keep withholding evidence.
09:48:20  17            THE COURT:  Where is your Freedom of Information
09:48:22  18   complaint?
09:48:24  19            MR. BUESGENS:  Well, one's in D.C.  But this one, I
09:48:26  20   haven't worked on yet because it's been about 45 days, they
09:48:28  21   haven't responded to my request for the information at the
09:48:32  22   Department of Health and Human Services.  So that could be an
09:48:36  23   additional cross-claim here.
09:48:38  24            THE COURT:  All right.  I just received your
 9:48:46  25   cross-motion for summary judgment, Mr. Buesgens.  In here, do you
```

| | | |
|---|---|---|
| 09:48:52 | 1 | have that instrument? |
| 09:48:54 | 2 | MR. BUESGENS: I believe it is in there. Yes. |
| 09:48:56 | 3 | THE COURT: And do you have, then, a sworn affidavit |
| 09:48:58 | 4 | from either a doctor, or yourself, or somebody that makes it |
| 09:49:04 | 5 | admissible, that you had -- you are a person with a disability |
| 09:49:12 | 6 | and that you were not accommodated reasonably? |
| 09:49:16 | 7 | MR. BUESGENS: Do I have a sworn affidavit in there? |
| 09:49:18 | 8 | THE COURT: Yes. |
| 09:49:20 | 9 | MR. BUESGENS: No, I do not. |
| 09:49:20 | 10 | THE COURT: Well, it has to be admissible evidence or I |
| 09:49:22 | 11 | have to grant the motion of the government. If there is not any |
| 09:49:28 | 12 | sworn testimony in here in your response, then the law is you did |
| 09:49:34 | 13 | not fulfill your responsibility to show that there is a factual |
| 09:49:38 | 14 | dispute by admissible evidence. |
| 09:49:42 | 15 | MR. BUESGENS: What affidavit did Barry Robinson submit |
| 09:49:44 | 16 | in his summary judgment? |
| 09:49:46 | 17 | THE COURT: I don't know. |
| 09:49:48 | 18 | MR. BUESGENS: I haven't seen it. |
| 09:49:48 | 19 | THE COURT: I'm going to read it. But all he has to |
| 09:49:52 | 20 | do, because he's a defendant, is make allegations and put some |
| 09:49:56 | 21 | records in. You need sworn testimony to make sure. So look at |
| 09:50:02 | 22 | this. And you know what I'm talking about. An affidavit of |
| 09:50:06 | 23 | personal knowledge, just like that doctor whose report there, you |
| 09:50:10 | 24 | could get an affidavit from him, or you could probably make |
| 09:50:14 | 25 | sufficient affidavit of your own. |

|          |    |                                                                           |
|----------|----|---------------------------------------------------------------------------|
| 09:50:16 | 1  | MR. BUESGENS: I'll have to make one of my own because |
| 09:50:20 | 2  | I can't get anywhere with these doctors because -- |
| 09:50:20 | 3  | THE COURT: Well, make it of your own and attach that |
| 09:50:22 | 4  | and say that you've received it, or whatever you want to do. I |
| 09:50:26 | 5  | can't help you write the affidavit, but I can tell you, you need |
| 09:50:30 | 6  | an affidavit in here that shows a factual dispute or you're going |
| 09:50:34 | 7  | to lose this lawsuit. You'll have the right to appeal it, but it |
| 09:50:40 | 8  | will be on a technicality because you didn't present admissible |
| 09:50:42 | 9  | evidence. And I'm telling you that because you're representing |
| 09:50:46 | 10 | yourself in this lawsuit. |
| 09:50:46 | 11 | MR. BUESGENS: But, your Honor, you know there's a |
| 09:50:48 | 12 | dispute in the case, why would you rule that way even without an |
| 09:50:52 | 13 | affidavit? |
| 09:50:52 | 14 | THE COURT: Because I have to follow what the law is. |
| 09:50:54 | 15 | Whether I think it's right, wrong or indifferent, I'm obligated |
| 09:50:58 | 16 | to follow the law, and that's what the law is on summary |
| 09:51:02 | 17 | judgment. If there is no plaintiff's admissible evidence showing |
| 09:51:06 | 18 | a factual dispute, I'm required to grant that summary judgment. |
| 09:51:10 | 19 | MR. BUESGENS: The only way it's admissible is with an |
| 09:51:12 | 20 | affidavit? |
| 09:51:12 | 21 | THE COURT: Yeah. |
| 09:51:14 | 22 | MR. BUESGENS: I've got all kinds of issues in there |
| 09:51:16 | 23 | other than -- |
| 09:51:16 | 24 | THE COURT: Well, I don't know what you have in there, |
| 09:51:18 | 25 | but most everything is hearsay unless it's -- if it's a |

```
09:51:20   1    government's record, it's got to be authenticated and certified
09:51:24   2    or it's not admissible evidence.  If it's a statement or a
09:51:28   3    letter, it's hearsay; it's not admissible evidence.
09:51:32   4              MR. BUESGENS:  Well, there's exceptions to hearsay,
09:51:34   5    isn't there?
09:51:34   6              THE COURT:  Yes.  And there may be one.  I'm just --
09:51:36   7    and I'm not saying that what you have in here is right, wrong or
09:51:40   8    indifferent.  I'm telling you that you might want to think about
09:51:44   9    that and supplementing this.
09:51:46  10              MR. BUESGENS:  I'll do that.
09:51:48  11              THE COURT:  Okay.
09:51:48  12              MR. BUESGENS:  I'll submit an affidavit.
 :51:50  13              THE COURT:  Now --
09:51:52  14              MR. BUESGENS:  You know, your Honor, I have all kinds
09:51:54  15   of problems with these government agencies of people -- I can't
09:51:56  16   get them to sign affidavits.  I can't even get my FOIA request.
09:51:58  17              THE COURT:  Part of the problem, Mr. Buesgens, is
09:52:00  18   you're suing them all.
09:52:04  19              MR. BUESGENS:  I had to.  What else could I do with
09:52:06  20   them?
09:52:06  21              THE COURT:  Well --
09:52:06  22              MR. BUESGENS:  I go to one person to get some help, and
09:52:10  23   then, they do something to me and I have take them on, too.  And
09:52:14  24   that's how the EEOC business got in on this.
 :52:18  25              THE COURT:  All right.  Have a seat.
```

LILY I. REZNIK, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)

```
09:52:20   1              The EEOC has a record in this case; is that correct?
09:52:26   2              MS. RANDALL: Yes, your Honor. We have a case record
09:52:30   3    for plaintiff, and we have provided him with a copy of that
09:52:34   4    record. It includes the exhibits from his hearing.
09:52:36   5              THE COURT: All the exhibits.
09:52:38   6              MS. RANDALL: Yes.
09:52:38   7              THE COURT: All exhibits that EEOC had?
09:52:40   8              MS. RANDALL: Yes. And it also includes the hearing
09:52:42   9    transcript. He has also asked us to provide him with copies of
09:52:46  10    documents that he sent to our San Antonio office after his case
09:52:50  11    was closed. Those documents are not a part of the record,
09:52:54  12    however, we retrieved the documents that we still had, and we've
09:52:58  13    also provided him with copies of those, as well.
09:53:00  14              THE COURT: So it's the EEOC's position that everything
09:53:06  15    officially from the consent to sue backwards has been presented.
09:53:12  16              MS. RANDALL: Yes, your Honor.
09:53:14  17              THE COURT: And any documents after the investigation
09:53:18  18    that he sent that you have been able to find has been returned?
09:53:24  19              MS. RANDALL: Yes. There's no official record-keeping
09:53:26  20    system for those, but we did return the ones that we have.
09:53:28  21              THE COURT: All right. I want you -- is that in your
09:53:32  22    pleading?
09:53:32  23              MS. RANDALL: Yes, it is, your Honor.
09:53:36  24              MR. BUESGENS: Your Honor, I have a dispute with that.
09:53:36  25              THE COURT: Okay.
```

| | | |
|---|---|---|
| 09:53:38 | 1 | MR. BUESGENS: I did a -- they have a system of records |
| 09:53:40 | 2 | at the EEOC, what they call a system of records, and I submitted |
| 09:53:44 | 3 | a document or request for those records in early 2005 and to |
| 09:53:50 | 4 | their attorney, Robert Harwin, in San Antonio, also, to Judge |
| 09:53:56 | 5 | Powell. And then, I submitted it, also, to the Office of Federal |
| 09:54:00 | 6 | Operations, EEOC in Washington, D.C. And none of those would |
| 09:54:04 | 7 | give me any records at all. And I submitted it in 2005, and the |
| 09:54:10 | 8 | EEOC here has not provided any record of letters and submissions |
| 09:54:14 | 9 | that I made requesting records under their system of records |
| 09:54:18 | 10 | requests. |
| 09:54:20 | 11 | THE COURT: Well, counsel just tells me you've got a |
| 09:54:22 | 12 | transcript and all of the exhibits in the investigation at the |
| 09:54:24 | 13 | EEOC. |
| 09:54:26 | 14 | MR. BUESGENS: I don't think I've got them all. No. |
| 09:54:28 | 15 | There's a lot of things in D.C. Not only that, they should |
| 09:54:32 | 16 | include in the record my request for these records and how they |
| 09:54:36 | 17 | withheld them from me and didn't give them to me until now. I |
| 09:54:38 | 18 | mean, you know -- and you want to know why the trial goes on for |
| 09:54:42 | 19 | two years, or whatever, but this is why because they keep |
| 09:54:44 | 20 | withholding documents. And I've got the same problem in that |
| 09:54:48 | 21 | other case with those attorneys. |
| 09:54:50 | 22 | MS. RANDALL: Your Honor, the San Antonio office only |
| 09:54:52 | 23 | keeps certain records for a limited period of time. After a |
| 09:54:56 | 24 | hearing case has been closed, the only records that we keep are |
| 09:55:00 | 25 | the records -- the documents that were issued by them in the |

```
09:55:04   1   administrative judge.
09:55:04   2              THE COURT:  All right.  I want an affidavit from the
09:55:08   3   EEOC --
09:55:10   4              MS. RANDALL:  Yes, your Honor.
09:55:10   5              THE COURT:  -- administrator in San Antonio that all
09:55:14   6   exhibits, the transcript of any hearing.
09:55:18   7              MS. RANDALL:  Yes.
09:55:20   8              THE COURT:  The correspondence of the EEOC to the
09:55:22   9   parties which would be subpoena-able have been supplied or not
09:55:30  10   supplied to Mr. Buesgens, and that the attachments or information
09:55:38  11   forwarded by Mr. Buesgens to the EEOC after the letter of consent
09:55:46  12   to sue has issued have been returned to him and there's no --
09:55:50  13   nothing else in the possession.  Get an affidavit and file that
09:55:54  14   here, please.
09:55:56  15              MS. RANDALL:  Okay.
09:55:56  16              MR. BUESGENS:  Your Honor, can I say?
09:55:58  17              THE COURT:  Yes, sir.
09:55:58  18              MR. BUESGENS:  I also requested they get the records
09:56:00  19   from the Office of Federal Operations in D.C., because they keep
09:56:04  20   concentrating on San Antonio here, and I was dealing with both of
09:56:06  21   them because their attorney in San Antonio told me to contact the
09:56:10  22   Office of Federal Operations.
09:56:12  23              THE COURT:  The Office of Federal Operations is part of
09:56:16  24   the Internal Revenue Service?
09:56:16  25              MR. BUESGENS:  No.  That's EEOC.  That's where you do
```

```
09:56:20   1   your appeal reconsideration.  They've got documents that I sent
09:56:24   2   them in requests in 2005.  I mean, they've got a lot of them.
09:56:28   3   Not only that, the National Treasury Employees Union has got a
09:56:32   4   lot, and the Federal Labor Relations, and the Office of Special
09:56:36   5   Counsel.
09:56:36   6               THE COURT:  Well, the people within my jurisdiction are
09:56:40   7   in San Antonio.  Get that affidavit in San Antonio.
09:56:42   8               MS. RANDALL:  Yes, your Honor.
09:56:42   9               THE COURT:  And there's no way I can help you on it.
09:56:52  10               All right.  Now, I will be knocking the subpoena off of
09:56:58  11   Mr. Powell.  He is a judge; he is exempt from that.  That's just
09:57:02  12   the law.  Whether it's right, wrong or indifferent, Mr. Buesgens,
09:57:06  13   that is the law.  And anything else that -- well, we started with
09:57:18  14   the EEOC.  Anything else the EEOC wants?
09:57:22  15               MS. RANDALL:  Your Honor, we have a second motion to
09:57:24  16   quash and motion for protection, and that dealt with a request
09:57:26  17   for information that we got from plaintiff last week.  He is now
09:57:30  18   seeking information from the case record of a third party.  This
09:57:36  19   individual was not an employee of the Internal Revenue Service.
09:57:38  20   He appears to be a former employee of the Social Security
09:57:44  21   Administration.  I don't believe that plaintiff properly
09:57:48  22   requested the information from us.  And the request came outside
09:57:50  23   of the discovery deadline.  But even if the request is
09:57:54  24   interpreted to be a subpoena that we have to respond to, the
09:57:58  25   Privacy Act bars us from providing plaintiff with information
```

```
09:58:02   1   from a third party's file.
09:58:04   2              And so, we would respectfully request that the Court
09:58:08   3   quash plaintiff's motion for discovery and disclosure.  And we
09:58:10   4   are, also, respectfully requesting that the Court issue a
09:58:14   5   protective order stating that having provided plaintiff with a
09:58:18   6   complete copy of his case record, we don't have to respond to
09:58:22   7   additional discovery requests in this case.
09:58:24   8              THE COURT:  Well --
09:58:24   9              MR. BUESGENS:  Your Honor, I submitted this request
09:58:28  10   that she's talking about in 2005.
09:58:30  11              THE COURT:  Well, who are we talking about?
09:58:32  12              MR. BUESGENS:  I'm talking about an employee of the
09:58:34  13   Social Security Administration and --
09:58:36  14              THE COURT:  What does he possibly -- he or she have to
09:58:40  15   do with this?
09:58:42  16              MR. BUESGENS:  He's a case on target for mine.  I'm
09:58:44  17   looking for his attorney.  His attorney could come in here and
09:58:46  18   argue my case without even looking at mine because it's almost
09:58:50  19   identical.
09:58:52  20              THE COURT:  Well, did he file a lawsuit?
09:58:54  21              MR. BUESGENS:  They went through the EEOC, but they
09:58:58  22   won't give me the name of this attorney.  I want to know who it
09:59:00  23   is.
09:59:00  24              THE COURT:  Most people don't have an attorney that
09:59:02  25   go --
```

```
09:59:02   1            MR. BUESGENS:  This guy had an attorney, and his
09:59:06   2   attorney was trying to get attorney's fees, also.  That document
09:59:08   3   is in this court, also, in my files.
09:59:10   4            THE COURT:  Well, I don't got it.  I don't think
09:59:12   5   there's much that's not in here.
09:59:14   6            MR. BUESGENS:  I don't see why they can't give me the
09:59:16   7   name of this attorney.
09:59:18   8            THE COURT:  Well, they have a statute that --
09:59:18   9            MR. BUESGENS:  There's exceptions to the Privacy Act.
09:59:20  10   And I'm in a litigation here, and I've requested appointment of
09:59:24  11   counsel, many times, with you and others.
09:59:28  12            THE COURT:  Mr. Buesgens, do you know the name of the
09:59:32  13   person?
09:59:32  14            MR. BUESGENS:  Oh, yes.
09:59:32  15            THE COURT:  Do you know who he is or she is?
09:59:36  16            MR. BUESGENS:  I know the name.  I don't know where
09:59:38  17   they're located or where they're at.
09:59:40  18            THE COURT:  Where did he work, or she work?
09:59:44  19            MR. BUESGENS:  He worked for the Social Security
09:59:48  20   Administration.  I'm not sure.  I believe it was in Georgia,
09:59:48  21   maybe.
09:59:50  22            THE COURT:  Well, until you get that person's
09:59:52  23   permission.
09:59:56  24            MR. BUESGENS:  Why doesn't the EEOC ask for their
09:59:58  25   permission?  Whose side are they on?  What are they trying to do
```

```
10:00:02   1   here? What's the problem? I don't understand this. Do they
10:00:06   2   want the truth or not?
10:00:08   3               THE COURT: I don't know. We're going to find out what
10:00:10   4   the situation is. I'll be entering a protective order on that --
10:00:14   5               MS. RANDALL: Thank you, your Honor.
10:00:16   6               THE COURT: -- until there's consent.
10:00:16   7               MR. BUESGENS: Excuse me, your Honor. Can you tell me
10:00:18   8   what about the cross-claim that I made against Judge Powell? You
10:00:24   9   denied that.
10:00:24  10               THE COURT: I will dismiss it.
10:00:28  11               MR. BUESGENS: Do I file another lawsuit, then, through
10:00:30  12   that?
10:00:30  13               THE COURT: Well, it's -- you just -- generally as a
10:00:34  14   general rule, just like the judges in the eviction lawsuit and
10:00:38  15   the county court, and they have judicial immunity. You cannot
10:00:42  16   sue them. I can't say you can't bring a paper down and pay your
10:00:48  17   good money and file a complaint, but I can tell you, as an
10:00:54  18   overall general proposition, you cannot sue judicial officers.
10:00:58  19               MR. BUESGENS: I don't understand why he doesn't just
10:01:00  20   voluntarily come in here, on his own, and testify.
10:01:02  21               THE COURT: Well, I don't know him and I don't know why
10:01:04  22   he doesn't either, but that's his decision, I suspect, or maybe
10:01:08  23   it's the EEOC's decision. I mean, I don't know. I can't answer
10:01:14  24   that. I don't know Mr. Powell. I don't know who he is.
10:01:16  25               MR. BUESGENS: I have another motion I want to file
```

| | | |
|---|---|---|
| 10:01:18 | 1 | now, your Honor. |
| 10:01:20 | 2 | THE COURT: What? |
| 10:01:20 | 3 | MR. BUESGENS: I have a motion to stay. |
| 10:01:22 | 4 | THE COURT: You can file the motion, but I'm overruling |
| 10:01:24 | 5 | it. We're going to go to trial on these issues in December. |
| 10:01:28 | 6 | MR. BUESGENS: This involves a bankruptcy issue. |
| 10:01:30 | 7 | THE COURT: What? |
| 10:01:30 | 8 | MR. BUESGENS: This motion to stay. |
| 10:01:32 | 9 | THE COURT: Whose bankruptcy? |
| 10:01:34 | 10 | MR. BUESGENS: Donald R. Tawney, my immediate |
| 10:01:36 | 11 | supervisor at the IRS. |
| 10:01:38 | 12 | THE COURT: What does his bankruptcy have to do with |
| 1:01:40 | 13 | anything? |
| 10:01:42 | 14 | MR. BUESGENS: I've got a creditor claim on him. |
| 10:01:44 | 15 | THE COURT: Well, that's no reason to stay this |
| 10:01:48 | 16 | lawsuit. You can handle that claim in the bankruptcy court under |
| 10:01:56 | 17 | -- with the bankruptcy if you have a claim. |
| 10:02:00 | 18 | MR. BUESGENS: If I lose in this case that would affect |
| 10:02:02 | 19 | that. Not only that, Don Tawney's the main witness in this case. |
| 10:02:04 | 20 | He's the main one. |
| 10:02:06 | 21 | THE COURT: Then I would suggest that you subpoena him |
| 10:02:08 | 22 | to make sure he's going to be here at the time of trial. |
| 10:02:14 | 23 | MR. BUESGENS: Subpoena him to do what? |
| 10:02:18 | 24 | THE COURT: Well, if you don't subpoena him and you |
| 10:02:20 | 25 | have a trial and he's the main witness and he doesn't testify, it |

```
10:02:22   1  doesn't sound to me like that's going to help you.
10:02:26   2          MR. BUESGENS:  I don't really want his testimony.
10:02:28   3          THE COURT:  Oh, for God sakes.  Okay.
10:02:30   4          MR. BUESGENS:  I mean, I got his testimony at the
10:02:32   5  December 16th, 2003 hearing, and he lied in there.  So why should
10:02:36   6  I want it here?
10:02:36   7          THE COURT:  Okay.  Well, maybe you like the sound of
10:02:40   8  his voice.  I do not know.
10:02:44   9          All right, counsel.  Thank y'all for coming in.  Thank
10:02:46  10  you, Mr. Buesgens.
10:03:06  11          (End of proceedings.)
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

```
 1                      * * * * * *

 2

 3

 4   UNITED STATES DISTRICT COURT)

 5   WESTERN DISTRICT OF TEXAS   )

 6

 7       I, LILY I. REZNIK, Official Court Reporter, United States

 8   District Court, Western District of Texas, do certify that the

 9   foregoing is a correct transcript from the record of proceedings

10   in the above-entitled matter.

11       I certify that the transcript fees and format comply with

12   those prescribed by the Court and Judicial Conference of the

13   United States.

14       WITNESS MY OFFICIAL HAND this the 16th day of November, 2006.

15

16
                              _____
17                            LILY I. REZNIK, RPR, CRR
                              Official Court Reporter
18                            United States District Court
                              Austin Division
19                            200 W. 8th Street, 2nd Floor
                              Austin, Texas 78701
20                            (512)916-5564
                              Certification No. 4481
21                            Expires: 12-31-08

22

23

24

25
```